UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ACADEMY OF MOTION PICTURES ARTS AND SCIENCES, a California Non-Profit Corporation;<br><br>                    Plaintiff,<br><br>     v.<br><br>GODADDY.COM, INC, a Delaware Corporation; THE GODADDY GROUP, INC., a Delaware Corporation, DOMAINS BY PROXY, INC., a Delaware Corporation, GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; XPDREAMTEAM, LLC, a California Limited Liability Corporation;<br><br>                    Defendants. | CV 10-3738 ABC (CWx)<br><br>ORDER RE: DEFENDANTS' GODADDY.COM, INC. AND DOMAINS BY PROXY, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO STRIKE |

   Pending before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint, or In the Alternative, Motion to Strike ("Motion"), filed by Defendants GoDaddy.com, Inc., and Domains By Proxy, Inc. ("Defendants"), on November 6, 2010.  On November 19, 2010, Plaintiff Academy of Motion Pictures Arts and Sciences ("Plaintiff") filed its

Opposition, and on December 6, 2010, Defendants filed their Reply. The Court finds this Motion appropriate for resolution without oral argument and **VACATES** the hearing set for December 20, 2010. Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons below, the Motion is **DENIED**.

### I. PROCEDURAL BACKGROUND

The factual background of this case is set forth at length in the Court's September 20, 2010 Order ("Order," docket no. 51) on Defendants' first Motion to Dismiss. Therein, the Court dismissed certain of Plaintiff's claims with leave to amend. On October 12, 2010, Plaintiff filed its First Amended Complaint ("FAC") amending its claims under California Business & Professions Code § 17200 et seq. ("UCL") for unfair conduct and unlawful conduct, claims 2 and 3 respectively. In the instant Motion, Defendants argue that these re-pled claims must be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff lacks standing to bring them and, in the alternative, that the unfair conduct claim is otherwise inadequately pled. Defendants also move in the alternative, under Fed. R. Civ. P. 12(f), to strike Plaintiff's prayer for restitution.

### II. DISCUSSION

**A. Legal Standard for a Rule 12(b)(6) Motion to Dismiss**

The Supreme Court has recently clarified the level of pleading necessary to survive a motion to dismiss under Rule 12(b)(6). See Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1950-52 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-58 (2007). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of

the claim showing that the pleader is entitled to relief," which does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, __ U.S. at __, 129 S. Ct. at 1949. A claim must be "plausible on its face," which means that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see Twombly, 550 U.S. at 556, 570. In other words, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and alterations omitted). Allegations of fact are taken as true and construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).

In analyzing the sufficiency of the complaint, the Court must first look at the requirements of the causes of action alleged. See Iqbal, __ U.S. at __, 129 S. Ct. at 1947. The Court may then identify and disregard any legal conclusions; they are not subject to the requirement that the Court must accept as true all of the allegations contained in the complaint. Id. at __, 129 S. Ct. at 1949. The Court must then decide whether well-pleaded factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." Id. at __, 129 S. Ct. at 1950. In doing so, the Court may not consider material beyond the pleadings, but may consider judicially noticeable documents, documents attached to the complaint, or documents to which the complaint refers extensively or which form the basis of the plaintiff's claims in the complaint. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

**B.     The FAC's Allegations Are Sufficient to Confer Standing on Plaintiff to Bring Its UCL Claims.**

Defendants argue that Plaintiff has pled insufficient facts to demonstrate that it has standing to pursue its second and third claims, for unfair conduct and unlawful conduct respectively, under the UCL.  To have standing to bring a UCL claim, a plaintiff must allege that it (1) "has suffered injury in fact," and (2) "has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204; Californians For Disability Rights v. Mervyn's, LLC, 39 Cal. 4th 223, 228 (2006).  The Court incorporates by reference its discussion of the UCL's standing requirement from its September 20, 2010, Order.  See Order, pp. 16-21.

Here, Plaintiff asserts two distinct injuries: (2) dilution of its trademarks, and (2) costs incurred to police Defendants' alleged misuse of the trademarks.  FAC ¶¶ 25, 37.  Defendants contend that, even assuming these are "injuries in fact," Plaintiff has not alleged how these injuries were caused "as a result of" the alleged misconduct.

Having reviewed the FAC, the Court finds that Plaintiff has pled facts sufficient to show standing.  Specifically, Plaintiff alleges that "Defendants' illegal activities *result in advertising related to the Academy's marks* being placed on numerous parked pages that have no actual relationship to the Academy, *thereby causing dilution* of Plaintiff's interest in legally protected trademarks."  FAC ¶ 45 (emphasis added).  Similarly, "Plaintiff has expended significant time and expense, including in connection with the retention of counsel, in identifying these infringing pages and sending the cease-and-desist

4

letters." FAC ¶ 45.  As to the latter injury, Plaintiff clearly alleges that it has incurred the expense of monitoring Defendants' use of its marks because that use was unauthorized.  See also FAC ¶¶ 37, 44.

Defendants assert that Plaintiff's FAC contains insufficient detail because, for example, it fails to identify specific domain name registrations that were the targets of Plaintiff's cease-and-desist letters and fails to assert that all such expenses were the result of policing Defendants' "parking" activity as opposed to it protected registration activity. (Mot. 6:1-11.)  However, such detail is not required at the pleading stage; at this point, a plaintiff need only make sufficient – as opposed to comprehensive – factual allegations, and need not proffer evidence.  Accordingly, Plaintiff has pled that it has lost money or property as a result of the unfair and unlawful conduct alleged in its FAC.  Plaintiff therefore has standing to pursue its UCL claims.

**C.   Plaintiff's UCL Claim for Unfair Conduct Is Sufficiently Pled.**

In its previous Order, the Court rejected Defendants' argument that Plaintiff's UCL claim for unfair conduct was insufficiently pled. In that motion, Defendants argued that although the definition of "unfair" is unsettled, Plaintiff failed to allege facts satisfying any definition of "unfair."  In rejecting this argument, the Court noted that Defendants raised it a cursory manner, and concluded that the Complaint satisfied either standard for "unfair."  (Order 22:3-22.)

Defendants now assert a variation on their previous argument: emphasizing the distinction between unfair conduct claims brought by *competitors* as opposed to those brought by *consumers*, Defendants contend that Plaintiff brings its claim as a competitor, but has

failed to allege that Defendants' conduct is tantamount to a violation of antitrust law, as required pursuant to the seminal case <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163 (1999).  In <u>Cel-Tech</u>, the Court stated that "[w]hen a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." <u>Cel-Tech</u>, 20 Cal 4th at 187.

However, the <u>Cel-Tech</u> court qualified this reference to antitrust law, stating "[t]his case involves an action by a competitor alleging anticompetitive practices.  Our discussion and this test are limited to that context.  Nothing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as 'fraudulent' or 'unlawful' business practices or 'unfair, deceptive, untrue or misleading advertising.'" <u>Id.</u> at 187 fn. 12.

Furthermore, as Plaintiff points out, the distinction between competitor claims and consumer claims has no bearing in trademark cases.  In <u>Academy of Motion Picture Arts and Sciences v. Creative House Promotions, Inc.</u>, 944 F.2d 1446, 1457 (9th Cir. 1991) a case involving an Oscar trademark, the Ninth Circuit reversed the district court's dismissal of claim for unfair competition.  Citing <u>Ball v. American Trial Lawyers Ass'n</u>, 14 Cal. App. 3d 289 (1971), the Court stated that "[a]n action for unfair competition under [the UCL] is 'substantially congruent' to a trademark infringement claim under the

Lanham Act. [] Under both, the ultimate test is whether the public is likely to be deceived or confused by the similarity of the marks. **[E]ven if the parties are not competitors, injury is established [under the UCL] if the public is likely to confuse or associate the source of the goods**." Creative House, 944 F.2d at 1457 (emphasis added).

Here, the gravamen of Plaintiff's FAC – including the UCL claim for unfair conduct – is that, without Plaintiff's authorization, Defendants are registering, trafficking in, licensing, and using Plaintiff's trademarks in internet domain names to generate revenue for themselves. (FAC ¶¶ 1-2.)  Plaintiff further alleges that "[b]y diverting consumers from Plaintiff's website to websites accessible from the infringing [domains, Defendants] create[] a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the infringing [] websites." (FAC ¶ 61.)  In so alleging that the public is likely to be confused by Defendants' conduct, the FAC states a claim for "unfair" conduct under the UCL.

**D.   The Court Denies Defendants' Rule 12(f) Motion to Strike.**

Finally, Defendants urge the Court to strike Plaintiff's prayer for restitution as a remedy for the alleged UCL violations. See FAC ¶¶ 75 & 81, Prayer for Relief (e)(2).[1]  Defendants urge that the prayer for restitution be stricken because it is inadequately pled.

The removal of inadequately pled material is not a proper purpose for a motion to strike.  Rather, Rule 12(f) provides that "the court

---

[1] The Court notes that Plaintiff has abandoned its separate claim for unjust enrichment and instead merely seeks restitution as a remedy.

may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc 12(f). Plaintiff's prayer for restitution cannot be considered "redundant, immaterial, impertinent, or scandalous matter." Indeed, restitution is, in general, an available remedy for UCL violations. See, e.g., MGA Entertainment, Inc. v. Mattel, Inc., 2005 WL 5894689, *9 (C.D. Cal. 2005) (denying motion to strike prayer for restitution for a UCL violation, and stating that, more important than the fact that the remedy would otherwise remain in the complaint under other causes of action, is the fact the restitution and disgorgement can be appropriate remedies under the UCL); and Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1148-1149 (Cal. 2003) (discussing restitution as a remedy for a UCL violation). Plaintiff's prayer for restitution for its UCL claims therefore survives Defendants' motion.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, or In the Alternative, Motion to Strike, is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** December 15, 2010  _____
**AUDREY B. COLLINS**
**CHIEF UNITED STATES DISTRICT JUDGE**

8