# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>Defendants. | Case No. CV10-3738-ABC (CW)<br><br>Hon. Audrey B. Collins<br>Courtroom 680<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT** |

The parties agree that disclosure and discovery activity in the above-captioned litigation may require the disclosure of documents, things, and information (collectively, "Information") in the possession, custody, or control of the named parties in this case, Plaintiff Academy of Motion Picture Arts and Sciences ("Academy") and Defendants GoDaddy.com, Inc. ("GoDaddy.com") and Domains By Proxy, Inc. ("Domains By Proxy"), as well as other parties who may be added to this case at a later date, and non-parties, which may be protected under constitutional, statutory, or common law rights to privacy, be subject to contractual restrictions, or constitute or contain trade secrets or other confidential research, development, commercial, or proprietary information.

Without waiver of objections to the discoverability of any documents, the parties intend to provide a mechanism for the discovery of relevant Information, otherwise not objectionable, in a manner which protects all parties, including non-parties to this litigation, from the risk of disclosure of such confidential Information.

NOW, WHEREFORE, good cause having been shown, the parties in the above-captioned litigation hereby STIPULATE AND AGREE, and the Court HEREBY ORDERS AS FOLLOWS:

1. <u>Introduction and Scope</u>.

This action involves, among other things, GoDaddy.com and Domains By Proxy's business operations related to the registration of domain names, and as such may require the production of information not currently in the public domain and containing trade secrets, know-how, proprietary data, commercially sensitive, or other confidential information, including without limitation, technical, sales, marketing, underwriting, employee, business, financial, privacy, and other proprietary information. This action also involves the registration of domain names by third party individuals, and as such may require the disclosure of consumers' personal financial data and related information.

This Protective Order shall protect against the disclosure of such confidential and private information that should not be publicly available and shall govern any designated record or information produced in this action, including all designated motions and other papers submitted to the Court, all designated deposition testimony, all designated testimony, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery.

2. <u>Designation - CONFIDENTIAL</u>.

Each party shall have the right to designate as confidential and subject to this Protective Order any thing, information, document, or portion of any document produced or prepared by it in this litigation which the producing party deems to contain trade secrets, know-how, proprietary data, commercially sensitive, or other confidential information, including without limitation, technical, sales, marketing, underwriting, employee, business, financial, privacy, and other proprietary information ("Confidential Information").

This designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL, at or before production to the receiving party. In the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Confidential Information. Such post-production designation of Confidential Information shall not, under any circumstance, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

Any Confidential Information not reduced to documentary, electronic, tangible, or physical form, or which cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media. Materials provided for inspection by a party's counsel need not be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel. Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality, or privilege, and all materials provided for inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

3. <u>Designation – CONFIDENTIAL – ATTORNEYS EYES ONLY</u>.

Each party shall also have the right to designate as both confidential and attorneys eyes only ("CONFIDENTIAL – ATTORNEYS EYES ONLY") any thing, information, document, or portion of any document produced or prepared by it in this litigation which the producing party in good faith believes contains or discloses material of an extremely high degree of current commercial sensitivity that would provide a competitive advantage disclosed to any other party or third party ("the Good Faith Belief Requirement"), including but not limited to material which contains or identifies trade secrets, know-how, proprietary data, commercially sensitive, or other confidential information, including without limitation, technical, sales, marketing, underwriting, employee, business, financial, privacy, and other proprietary information.

This designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL – ATTORNEYS EYES ONLY, at or before production to the receiving party. In the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL – ATTORNEYS EYES

ONLY under this Protective Order along with appropriately labeled copies of the Confidential Information. Such post-production designation of Confidential Information shall not, under any circumstance, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

Any Confidential Information not reduced to documentary, electronic, tangible, or physical form, or which cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media. Materials provided for inspection by a party's counsel need not be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel. Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality, or privilege, and all materials provided for inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL – ATTORNEYS EYES ONLY at the time of the inspection.

4. <u>Limit on Use of Confidential Information</u>.

Each party and all persons bound by the terms of this Protective Order shall use any Confidential Information governed by this Protective Order only for the purpose of prosecution, defense, or settlement of the captioned action; no party or other person shall use any Confidential Information governed by this Protective Order for any purpose other than the prosecution, defense, or settlement of the captioned action.

5. <u>Material Designated CONFIDENTIAL</u>.

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL shall only be disclosed by the receiving party on a need-to-know basis (i.e., for the purposes set forth in Paragraph 3, <u>supra</u>) and only to:

a. Attorneys who represent the receiving party, including outside litigation and in-house counsel, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding;

b. Experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial at this matter, and subject to Paragraph 5, infra;

c. Non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this litigation;

d. The Court and Court personnel as provided in Paragraphs 10 and 12, infra;

e. The parties to this action, but only for purposes of this proceeding; and;

f. Author(s), addressee(s), subject(s), and recipient(s) of the Confidential Information.

6. Material Designated CONFIDENTIAL – ATTORNEYS EYES ONLY.

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL – ATTORNEYS EYES ONLY may be disclosed only to the following persons:

a. outside attorneys of record at (1) Bryan Cave LLP, (2) Lee Tran & Liang APLC, (3) Boies Schiller & Flexner, LLP, and (4) Foote, Meyers, Mielke & Flowers LLC, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding;

b. experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice,

and expert opinion and/or testifying at the trial at this matter, provided that such experts or consultants are not employees of a party, and subject to Paragraph 5, below;

  c. author(s), addressee(s), subject(s), and recipient(s) of the Confidential Information; and

  d. the Court, provided such material is submitted under seal, as provided in Paragraph 12.

  7. <u>Identification of Experts</u>.

A party desiring to disclose Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY to outside experts (whether acting as testifying experts or non-testifying consultants) under Paragraph 5 or 6, <u>supra</u>, ("Disclosing Party") shall first obtain from each expert a signed undertaking in the form of Exhibit A hereto.

  8. <u>Related Documents</u>.

Confidential Information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall include (a) all copies, extracts, and complete or partial summaries prepared from such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (c) portions of affidavits, briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (d) deposition testimony designated in accordance with Paragraph 9, <u>infra</u>; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 10, <u>infra</u>.

  9. <u>Designation of Deposition Transcripts</u>.

Deposition transcripts, or portions thereof, as well as exhibits that have not otherwise been designated pursuant to this Protective Order may be designated as subject to this Protective Order either: (i) At the time of such deposition, in which

1  case the transcript of the designated testimony shall be bound in a separate volume
2  and marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY
3  by the reporter, as the designating party may direct; or (ii) Within thirty (30)
4  calendar days following receipt of the deposition transcript by providing written
5  notice to the reporter and all counsel of record, in which case all counsel receiving
6  such notice shall mark the copies or portions of the designated transcript in their
7  possession or under their control as directed by the designating party.

        All deposition transcripts not previously designated shall be treated as
CONFIDENTIAL – ATTORNEYS EYES ONLY for a period of thirty (30) calendar
days after receipt of the transcript, and the transcript shall not be disclosed by a non-
designating party to persons other than those persons named or approved according
to Paragraph 6, supra, to review documents or materials designated
CONFIDENTIAL – ATTORNEYS EYES ONLY on behalf of that non-designating
party.

        Aside from professional translators and stenographic reporters, the
designating party shall have the right to exclude the following persons from a
deposition before the taking of testimony which the designating party designates as
subject to this Protective Order, as to testimony and exhibits designated as
CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, all persons
except the deponent and counsel for the deponent who agrees to be bound by this
Protective Order; and any person authorized to receive disclosure under Paragraph 5
or 6, supra.

        10.   <u>Designation of Hearing Testimony or Argument</u>.

        With respect to testimony elicited and exhibits marked during hearings and
other proceedings, whenever counsel for any party deems that any question or line
of questioning calls for the disclosure of Confidential Information that should be
kept CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, counsel
may designate on the record prior to such disclosure that it is CONFIDENTIAL or

CONFIDENTIAL – ATTORNEYS EYES ONLY. Whenever matter designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may, with permission of the Court only, exclude from the room any person who is not entitled under this Protective Order to receive information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY.

11. <u>Disclosure to Author or Recipient</u>.

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing any document, whether designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, to any person whom the document clearly identifies as the author or a recipient of such document and regardless of designation pursuant to this Protective Order, but only for the purposes set forth in Paragraph 4, <u>supra</u>. The person viewing such documents shall not be permitted to retain copies of any of the documents, unless that person is authorized to do so under other provisions of this Protective Order.

12. <u>Designation of Documents Under Seal</u>.

**To be governed by C.D. Cal. Local Rule 79-5**

~~Any Confidential Information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by this Protective Order. The party filing any paper that reflects, contains, or includes any Confidential Information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, and the legend CONFIDENTIAL – FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER OF THIS COURT.~~

13. <u>Confidentiality of Party's Own Documents</u>.

No person may disclose any Confidential Information, except as provided in

this Protective Order; but nothing herein shall affect the right of a party to disclose Confidential Information which it designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY to its officers, directors, employees, consultant, or experts, or to any non-party.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of this Protective Order.

14. <u>Preparation of Witness and Exhibit Designation</u>.

Any party may mark any Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY as an exhibit to a deposition, hearing, or other proceeding and examine any witness who is not otherwise prohibited from viewing such material thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

15. <u>Other Protections; Challenge to Confidentiality Designation</u>.

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Confidential Information (whether designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY), or other discovery material as such party may consider appropriate.  No party shall be precluded from: (a) claiming that any Confidential Information is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting a disclosure or use of Confidential Information otherwise prohibited by this Protective Order; or (c) applying for an order modifying this Protective Order in any respect.  No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

If any party receiving Confidential Information objects to the classification of such Information as "Confidential" and the parties cannot resolve the objection informally, then the objecting party may move for an order to determine whether the

Information has been properly designated. In such an event, the burden shall remain on the Producing Person to demonstrate that protection of the information is proper. Pending resolution of any such motion, all persons bound by this Protective Order shall continue to treat the Information which is the subject of the motion according to its designation, i.e., as VCONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY. However, until such time as the Court rules a designation improper, all materials designated "Confidential" shall be treated as designated and in the manner described herein.

16.  <u>Prior or Public Knowledge</u>.

The restrictions and obligations set forth herein relating to documents and things marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall not apply to any information which the parties agree in writing, or if they are unable to agree, the Court determines: (a) was or becomes public knowledge other than as a result of disclosure by the receiving party; or (b) has come or shall come into the receiving party's lawful possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person about any documents or things marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY if that person already had or obtained lawful possession thereof other than pursuant to this Protective Order. Nothing in this Protective Order shall affect or restrict use or disclosure of documents or things obtained other than through discovery pursuant to this Protective Order.

17.  <u>Limitation of Protective Order</u>.

This Protective Order does not preclude any party from seeking further relief or protective orders from the Court as may be appropriate.

18.  <u>Non-Party Confidential Information</u>.

The terms of this Protective Order shall be applicable to CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY information obtained from a non-

party, and such information produced in connection with this action shall be protected by the provisions of this Protective Order. Such a non-party shall have: (a) the same right as a party to designate any such information under this Protective Order; and (b) standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

In addition, if any such non-party is under an obligation of confidentiality to a party ("Obliging Party"), the Obliging Party may designate any such information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY. Any other party ("Requesting Party") obtaining any materials from such a non-party shall provide immediate and simultaneous access to the information to the Obliging Party. The Obliging Party shall have ten (10) calendar days to notify the Requesting Party of the status of the materials. In the interim, any materials obtained from such a non-party by the Receiving Party shall be treated by the Receiving Party as if designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY. The Obliging Party may request that the Receiving Party label and number such materials according to the designation and provide a copy of the labeled and numbered materials to the Obliging Party, the Receiving Party may produce its set of non-party materials to the Obliging Party and the Obliging Party will, within five (5) business days, label and number the materials according to the designation and provide a copy of the labeled and numbered materials to the Receiving Party. Any party who receives from a non-party Confidential Information that has not been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY may itself designate the Confidential Information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY pursuant to the provisions of this Protective Order.

19. <u>Compulsory Service from a Non-Party</u>.

If a party in possession of Confidential Information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY is served

with a valid subpoena, document request, interrogatories or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of such designated information, such party ("Subpoenaed Party") shall, within five (5) business days, give prompt written notice to counsel for the party who designated the Confidential Information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY ("Designating Party") in no more than two (2) business days after receipt of the request identifying the designated information sought and enclosing a copy of the subpoena, request, or interrogatory. The Subpoenaed Party shall make timely objections to the production of the designated information, including by referencing the existence of this Protective Order, and the Designating Party may intervene without opposition from the Subpoenaed Party to object to the production of the designated information. Unless and until such objections are overruled by the Court, or the Court otherwise orders production of the designated information, the Subpoenaed Party shall not produce or divulge the contents of the designated information. Nothing herein shall be construed as requiring the Subpoenaed Party, or any party, to challenge or oppose any court order requiring production of the designated information, or subject itself to the risk of sanctions or penalty arising from non-compliance with any such legal process or court order.

20. <u>Return of Designated Information</u>.

Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, including all copies (whether in the possession of the party, counsel, experts, or non-parties), extracts and summaries thereof, to the party from whom the such designated Confidential Information was obtained, except that any documents or copies which contain or constitute attorney's work product may be retained by counsel, or destroyed.

21. <u>Privileged Information</u>.

The inadvertent production of any privileged information shall not be deemed a waiver or impairment of any claim or privilege or protection afforded to the privileged information. Upon receiving written notice from the producing party that privileged information has been inadvertently produced, the receiving party shall immediately return all such privileged information, and all copies thereof, to the producing party. Such return shall be without prejudice to, and does not waive, any claim by the returning party that the returned document(s) are not protected by a privilege, provided, however, that nothing contained in the returned document(s) shall be used by the returning party to establish the alleged lack of privilege.

22. <u>Waiver or Termination of Protective Order</u>.

This Protective Order shall not be deemed a waiver of any party's right to seek an order compelling discovery with respect to any discovery request; any party's right to object to any discovery or the production of any information or documents; any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or any party's right to use its own documents produced in this litigation with complete discretion.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further order of this Court.

23. <u>Modification of Protective Order</u>.

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties subject to approval of the Court.

24. <u>Destruction of Documents</u>.

Upon final resolution of this litigation, including all appeals, all Information

designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall be destroyed by the party possessing the Information unless the Producing Person requests its return, in which case all the Information shall be returned within 30 days.

25. <u>Paragraph Captions</u>.

The Title Captions for each paragraph of this Protective Order are for convenience only, and are not intended to affect or alter the text of the paragraphs or the substance of the Protective Order.

**IT IS SO STIPULATED.**

Dated: March 7, 2011            **BRYAN CAVE LLP**

By:  /s/ Paula L. Zecchini
     Paula L. Zecchini
     Attorney for Defendant
     GODADDY.COM, INC.

Dated: March 7, 2011            **BOIES, SCHILLER, & FLEXNER, LLP**

By:  /s/ David Nelson
     David Nelson
     Attorney for Plaintiff
     ACADEMY OF MOTION PICTURE
     ARTS AND SCIENCES

**IT IS SO ORDERED.**

Dated: March 18, 2011           By:
     /s/ Carla M. Woehrle
     United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/County of _____ and State of _____;

I have read the annexed Stipulation and Protective Order (Order) with respect to parties Academy of Motion Picture Arts and Sciences, Go Daddy.com, Inc., and Domains By Proxy, Inc., dated _____, 2011, in the matter entitled *Academy of Motion Picture Arts and Sciences v. GoDaddy.Com, Inc., et al.,* Case No. CV 10-3738-ABC (CW), which is pending in United States Federal District Court for the Central District of California;

I am familiar with and agree to comply with and be bound by the provisions of that Order and consent to the jurisdiction of the District Court for the Central District of California; and

I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use, except solely for the purpose of this action (as described in the Order), any information designated as "Confidential" or "Confidential –Attorney Eyes Only."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:_____