**BRYAN CAVE LLP**
Aaron M. McKown, California Bar No. 208781
aaron.mckown@bryancave.com
Paula L. Zecchini, California Bar No. 238731
paula.zecchini@bryancave.com
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Tel.: (949) 223-7000
Fax: (949) 223-7100

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>        Defendants. | Case No. CV10-3738-ABC (CWX)<br><br>Assigned to Hon. Audrey B. Collins Courtroom 680<br><br>**EX PARTE APPLICATION TO ENFORCE COMPLIANCE WITH COURT'S JANUARY 17, 2012 ORDER ON GODADDY.COM'S MOTION TO COMPEL**<br><br>Hearing:<br>Date:           February __, 2012<br>Time:           10:00 a.m.<br>Courtroom: 640<br><br>Date Action Filed:     May 18, 2010<br>Discovery Cut-Off:   May 10, 2012<br>Trial Date:                November 5, 2012<br><br>[DISCOVERY MATTER] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant GoDaddy.com, Inc. ("GoDaddy.com.") hereby applies *ex parte* for an order enforcing the Court's January 17, 2012 order compelling Plaintiff Academy Motion Pictures Arts and Sciences ("AMPAS") to produce all documents ordered produced by no later than March 2, 2012, which is 45 days after the Court order.

This Application is brought on the grounds that despite the Court's January 17, 2012 order, AMPAS has stated its refusal to search for, let alone produce, responsive documents until an unidentified date after February 26, 2012 – more than six weeks after the Court's order.  This Application is accompanied by the Memorandum of Points and Authorities, the Declaration of Aaron McKown, and a Proposed Order granting GoDaddy.com's *Ex Parte* Application.

In accordance with L.R. 7-19.1, the undersigned counsel notified counsel for Plaintiff by telephone on February 14, 2012 that such an *ex parte* request will be made to this Court.  Opposing counsel was notified that opposition briefs, if any, are due within 24 hours of the date of service of the Application.  (*See* McKown Decl. ¶ 6.)  Opposing counsels' contact information is as follows:

> BOIES, SCHILLER & FLEXNER, LLP
> Stuart Singer (*pro hac vice*)
> David Nelson (*pro hac vice*)
> 401 East Las Olas Blvd., Suite 1200
> Fort Lauderdale, FL 33301
> Telephone: (954) 356-0011
> Facsimile: (954) 356-0022
> *Attorneys for Plaintiff*
>
> LEE TRAN & LIANG APLC
> James M. Lee, California Bar No. 192301
> Enoch H. Liang California Bar No. 212324
> 601 South Figueroa Street, Suite 4025
> Los Angeles, CA 90017
> Telephone: (213) 612-3737

Facsimile: (213) 612-3773
*Additional Attorneys for Plaintiff*

FOOTE, MEYERS, MIELKE FLOWERS  LLC
Kathleen Chavez (*pro hac vice*)
Matthew Herman (*pro hac vice*)
30 North LaSalle Street, Suite 2340
Chicago, IL 60602
Telephone: (630) 232-6333
Facsimile: (630) 845-8982
*Additional Attorneys for Plaintiff*

DATED:  February 16, 2012        By  /s/Aaron M .McKown

BRYAN CAVE LLP
Aaron M. McKown
aaron.mckown@bryancave.com
Paula L. Zecchini
paula.zecchini@bryancave.com
3161 Michelson Drive Ste 1500
Irvine, CA 92612-4414
Telephone: 949-223-7000
Facsimile: 949-223-7100

*Attorneys for Defendants*

*GoDaddy.com, Inc. and Domains By Proxy, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant GoDaddy.com, Inc. ("GoDaddy.com.") respectfully submits this memorandum of points and authorities in support of its *ex parte* application for an order compelling AMPAS to comply with the Court's January 17, 2012 order compelling AMPAS to produce responsive documents. In yet another attempt to shirk its discovery obligations, AMPAS refused to commence a search for documents it was ordered to produce until at least February 26, 2012. GoDaddy.com attempted to resolve this issue without involving the Court; however, AMPAS continues to refuse to produce the required documents or even to set a date for such production.

## I. INTRODUCTION

On January 17, 2012, the Court granted GoDaddy.com's motion to compel AMPAS' production of certain categories of documents, including: (1) all licensing agreements and related correspondence within a two year period designated by GoDaddy.com; (2) all Yahoo! contracts; (3) all media buy plans from 2007-2012; and (4) backup documents related to a spreadsheet produced by AMPAS Bates-labeled AMPAS 4554 (collectively the "Court Ordered Documents"). On January 24, 2012, GoDaddy.com notified AMPAS of the two-year period for the licensing agreements and related correspondence, and requested a status update regarding the production of the Court Ordered Documents.

Despite the Court's order, AMPAS informed GoDaddy.com on February 3, 2012 that "[a]s for the media buy plans, Yahoo contracts, back-up documents to 4554, and licenses from 2009 and 2010, those will just have to wait until after the annual broadcast [on February 26, 2012]." In response, GoDaddy.com challenged AMPAS refusal to initiate a search for more than six weeks, particularly in light of AMPAS' failure to provide a date certain for production. AMPAS responded by

stating that it would search for documents, but refused to provide details of the search, including a proposed date for production. GoDaddy.com's subsequent efforts to obtain an update regarding the status of the search and the anticipated date for production have been ignored. As such, GoDaddy.com now seeks an order from the Court requiring the production of all Court Ordered Documents by a date certain. Specifically, GoDaddy.com proposes March 2, 2012, which provides AMPAS 45 days to search for, review, and produce documents – a timeframe AMPAS represented to this Court was easily achievable for a substantially larger production of documents.

## II.   BRIEF PROCEDURAL HISTORY

On March 10, 2011, GoDaddy.com served its First Request for Production of Documents. *See* Declaration of Aaron McKown ("McKown Decl.") ¶ 2. After months of AMPAS' false promises, delays, and bad faith meet and confer efforts, GoDaddy.com filed a motion to compel the production of certain categories of documents. *See id.* On January 17, 2012, the Court granted GoDaddy.com's motion, ordering, in part, that AMPAS produce the Court Ordered Documents. *See* McKown Decl. ¶ 3; Exh. A at 55: 8-9, 13-17; 57:11-17.

On January 24, 2012, GoDaddy.com notified AMPAS of the two year period for the licensing and related correspondence, and requested AMPAS to provide an update regarding the production of the Court Ordered Documents. *See* McKown Decl. ¶ 4, Exh. B. AMPAS ignored this request. *See id.* As a result, on February 3, 2012, GoDaddy.com again inquired into the status of the Court Ordered Documents. *See* McKown Decl. ¶ 5, Exh. C.

In response, AMPAS stated that "[a]s for the media buy plans, Yahoo contracts, back-up documents to 4554, and licenses from 2009 and 2010, those will just have to wait until after the annual broadcast [on February 26, 2012]." McKown Decl. ¶ 6, Exh. D. When GoDaddy.com reminded AMPAS of the

substantial resources admittedly at its disposal to assist with complying with the Court's order, AMPAS' counsel claimed that the documents could not be located without AMPAS' assistance and that AMPAS could not dedicate a single one of its more than 250 paid employees to search for the documents.  *See* McKown Decl. ¶ 7, Exh. E.  Nonetheless, AMPAS claimed that "outside counsel is also doing what it can to assist in locating and producing these documents." *Id.*

Based on AMPAS' vague claim that its counsel was "doing what it can" to assist AMPAS in producing the Court Ordered Documents, GoDaddy.com again requested an update regarding the anticipated date of production on February 6, 2012.  *See id.*  AMPAS ignored this request.  Accordingly, on February 13, 2012, GoDaddy.com again requested a status update regarding the search for, and production of, the Court Ordered Documents.  *See* McKown Decl. ¶ 9, Exh. F.  Again, GoDaddy.com's request was ignored.

In light of:  (1) the parties' agreement that there would be no further extensions of the discovery cutoff absent an emergency; (2) the rapidly approaching discovery cutoff of May 10, 2012; (3) the need for the Court Ordered documents to complete AMPAS and possibly third party depositions; (4) AMPAS' initial refusal to conduct a search until an unidentified date after February 26, 2012 – six weeks after the Court ordered the production of the documents; (5) AMPAS' subsequent refusal to provide a status of the search, including whether a search has even started; and (6) AMPAS' refusal to provide a date certain for the production of the documents, GoDaddy.com seeks an ex parte order from this Court requiring the production of all Court Ordered Documents on or before March 2, 2012.

**III.   ARGUMENT**

**A.   <u>Good Cause Exists To Grant The Requested Relief</u>**

This ex parte application is the result of AMPAS' continued disregard for its discovery obligations to the prejudice of GoDaddy.com.  The Court Ordered

1  Documents were originally requested in **March 2011**. GoDaddy.com originally
2  met and conferred with AMPAS regarding the production of these documents in
3  **June 2011**. After months of AMPAS' repeated false promises, lies about the
4  completion of searches, and bad faith meet and confer efforts, GoDaddy.com
5  finally realized that there was no other option than to file a motion to compel
6  certain essential categories of document directly related to the claims, defenses,
7  and issues in this case. The Court granted GoDaddy.com's motion, ordering the
8  production of limited categories of documents on January 17, 2012. Recognizing
9  that the Court did not provide a date certain for production, AMPAS immediately
10 returned to its pattern of discovery abuse, this time feigning an inability to search
11 for four narrowly tailored categories of documents for more than six weeks. Such
12 misconduct should not be tolerated.

13      "In determining whether a defendant has been prejudiced, [the Ninth
14 Circuit] examine[s] whether the plaintiff's actions impair the defendant's ability to
15 go to trial or threaten to interfere with the rightful decision of the case." *Malone v.*
16 *U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Here, AMPAS' refusal to
17 search for, let alone produce, the Court Ordered Documents until some
18 unidentified date after February 26, 2012 will unfairly limit GoDaddy.com's
19 ability to complete discovery, prepare for 30(b)(6) and other AMPAS depositions,
20 consider third party discovery, and generally defend itself in this action prior to the
21 close of discovery on May 10, 2012. *See G–K Props. v. Redevelopment Agency*,
22 577 F.2d 645, 647 (9th Cir. 1978) ("Litigants who are willful in halting the
23 discovery process act in opposition to the authority of the court and cause
24 impermissible prejudice to their opponents."); *Anderson v. Air West, Inc.*, 542 F.2d
25 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.").
26 Here, GoDaddy.com has been, and will continue to be, prejudiced by AMPAS'
27 refusal to comply timely with the Court's January 17, 2012 order. Given AMPAS'
28

continued unwillingness to resolve this issues between the parties, good cause exists to grant the relief requested.

In response, AMPAS will likely claim that it has not refused to search for the documents, but that the burden on the order under the circumstances is more than it, as a small non-profit, can bear. Such a contention is utterly without merit. AMPAS is currently represented three separate law firms *in this action*. Those law firms have employed nearly a dozen of lawyers and countless staff throughout the lawsuit. AMPAS has ample outside resources available to it in order to comply timely with the Court's order. Moreover, AMPAS has admitted that it has more than 250 paid employees (not including the hundreds of volunteers who assist with the award ceremony preparations). AMPAS could easily dedicate one or two employees for a few days to search for and locate the Court Ordered Documents. AMPAS' feigned inability to meet the burdens of the Court's order during the six week period before the awards ceremony is neither believable nor reasonable, especially when at least a portion of those documents, such as licensing agreements and related correspondence, are already within the possession of AMPAS' outside lawyers.

### B.     Ex Parte Relief Is Necessary To Prevent Prejudice Of Delay

GoDaddy.com moves ex parte for the requested relief because should this motion be heard on a regular noticed motion timeline, AMPAS will have successfully obtained the delay in the discovery process it seeks to implement, and will have thus prejudiced GoDaddy.com as outlined above.

GoDaddy.com is not at fault in creating the need for ex parte relief. GoDaddy.com has actively pursued its right to the Court Ordered Documents. It is AMPAS' alleged inability to even consider searching for the documents due to the upcoming awards telecast that has created the need for the requested relief.

### C. The Time Requested Is Reasonable As Admitted To By AMPAS

An order requiring AMPAS to produce the Court Ordered Documents within 45 days of the Court's January 17, 2012 order is reasonable. In fact, AMPAS has admitted as much to this Court.

In opposing GoDaddy.com's motion that led to the January 17, 2012 order, AMPAS represented that it would need only four weeks to locate, review, and produce substantially broader categories of documents, including all Yahoo! contracts, manufacturing agreements, licensing agreements, advertising agreements, accounting records for goods sold, and all documents:

    (1)    relating to the sale of all goods it sold or offered since 2007;

    (2)    relating to the advertising of its marks since 2007;

    (3)    evidencing the exact dates of each advertisement;

    (4)    evidencing the fees paid for all advertisements;

    (5)    evidencing all revenues generated from all advertisements;

    (6)    evidencing the medium used for each advertisement;

    (7)    evidencing the method/manner of all sale of goods related to AMPAS' marks;

    (8)    evidencing the costs of goods;

    (9)    documents evidencing a description of all goods, the number of items sold, and all net profits. *See* Joint Stipulation 47:26-48:7 (citing Miller Decl. ¶¶ 8-9); 52:15-53:4 (citing Miller Decl. ¶ 17). Yet, the Court ordered a substantially narrower group of documents: (1) Yahoo! contracts; (2) media buy guides from 2007-2012; (3) licensing agreements and related correspondence for a two year period; and (4) back up documents for AMPAS 4554. If AMPAS could admittedly search for, review, and produce all of the advertisement, sales, and licensing agreements in four weeks, then AMPAS can reasonably be expected to search for, review, and produce the four limited categories ordered by the Court

with the benefit of two extra weeks.

## IV. CONCLUSION

In light of the above, GoDaddy.com respectfully requests that the Court grant this ex parte application and require AMPAS to produce all Court Ordered Documents on or before March 2, 2012.

DATED: February 16, 2012     By /s/Aaron M. McKown

BRYAN CAVE LLP
Aaron M. McKown
aaron.mckown@bryancave.com
Paula L. Zecchini
paula.zecchini@bryancave.com
3161 Michelson Drive Ste 1500
Irvine, CA 92612-4414
Telephone: 949-223-7000
Facsimile: 949-223-7100

*Attorneys for Defendants*

*GoDaddy.com, Inc. and Domains By Proxy, Inc.*