**WRENN BENDER LLLP**
Aaron M. McKown, California Bar No. 208781
Paula L. Zecchini, California Bar No. 238731
2 Park Plaza, Suite 550
Irvine, California 92614
Telephone.: (949) 202-5810
Facsimile:  (949) 679-7939
E-Mail:     amckown@wrennbender.com
            pzecchini@wrennbender.com

Attorneys for Defendants
GODADDY.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>Defendants. | Case No. CV10-3738-ABC (CW)<br><br>Assigned to Hon. Audrey B. Collins Courtroom 680<br><br>**DEFENDANT GODADDY.COM, INC.'S NOTICE OF MOTION AND MOTION FOR AN ORDER CLARIFYING THE COURT'S ORDERS DATED JUNE 21, 2013 [DKT. 492] AND JUNE 24, 2013 [DKT. 499] RELATED TO THE WITNESS STATUS OF JOE PRESBREY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Noting Date: August 5, 2013**<br><br>[No Oral Argument Requested]<br><br>Complaint Filed:  May 18, 2010<br>Trial Date:       Not Set |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant GoDaddy.com, Inc. ("Go Daddy") will, and hereby does, move this Court for an order clarifying its Orders dated June 21, 2013 [Dkt. 492] and June 24, 2013 [Dkt. 499] to make clear whether the April 1, 2013 identification of Mr. Presbrey by AMPAS is being treated by the Court as the belated disclosure of a fact witness or the late designation of an expert witness so that the parties may proceed with discovery accordingly.  No oral argument is requested but for calendaring purposes a noting date of August 5, 2013 is reserved.

In light of the nature of Go Daddy's Motion, which seeks clarification of the Court's treatment of Mr. Presbrey with regard to his status as a fact or expert witness based on language contained in the Court's prior orders, Go Daddy did not engage in a meet and confer effort pursuant to Local Rule 7-3.

This Motion for Clarification is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Orders of this Court, the pleadings and papers on file in this action, and any other evidence and argument that may be offered to the Court.

Dated:  July 8, 2013
**WRENN BENDER LLLP**
Aaron M. McKown
Paula L. Zecchini

By:  */s/ Paula L. Zecchini*
       Paula L. Zecchini
Attorneys for Defendant
GODADDY.COM, INC.

1

## I. INTRODUCTION

Defendant GoDaddy.com, Inc. ("Go Daddy") hereby moves for clarification of the Court's Orders dated June 21, 2013 [Dkt. 492] and June 24, 2013 [Dkt. 499] with regard to the witness status of Joe Presbrey, identified for the first time by Plaintiff Academy of Motion Picture Arts and Sciences ("AMPAS") in the midst of summary judgment proceedings. As a result of a statement contained in the Order dated June 24, 2013, which notes Go Daddy's ability to "counter-designate an expert" in response to the identification of Mr. Presbrey, confusion has arisen with respect to whether the submission by AMPAS of Mr. Presbrey's declaration in opposition to Go Daddy's Motion for Summary Judgment is being treated as AMPAS' belated disclosure of a fact witness or the late designation of an expert witness.

Go Daddy requests clarification as to the witness status of Mr. Presbrey to allow the parties to properly effectuate the Court's intent in re-opening discovery related to Mr. Presbrey and to minimize, as much as possible, any unnecessary burden to the Court's resources resulting from confusion as to the proper treatment of Mr. Presbrey.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 2013, AMPAS submitted the Declaration of Joe Presbrey, a litigation consultant, in support of its opposition to Go Daddy's motion for summary judgment. [Dkt. 377] On April 8, 2013, Go Daddy filed a Motion to Exclude Testimony of Joe Presbrey based on AMPAS' prior failure to identify Mr. Presbrey as either a fact or expert witness pursuant to Rule 26. [Dkt. 414]

On June 21, 2013, the Court issued its Order denying Go Daddy's Motion to Exclude Testimony of Joe Presbrey (the "Order"). [Dkt. 492] The Order noted the Court would be "re-opening discovery for the limited purpose of allowing the Academy to disclose Presbrey and GoDaddy to depose him." *Id.* at 12. The Order was silent as to whether AMPAS' submission of a declaration by Mr. Presbrey in

support of its opposition to Go Daddy's Motion for Summary Judgment was being treated as the late disclosure of a fact witness or the late designation of an expert witness. *Id.*

On June 24, 2013, the Court issued a Minute Order following a Scheduling Conference held on the same date (the "Minute Order"). [Dkt. 499] The Minute Order confirmed the Court's decision to re-open discovery for the purpose of allowing Go Daddy to take discovery related to or deriving from Mr. Presbrey. *Id.* The deadline set by the Court for completion of such discovery was December 31, 2013. *Id.* The Court also noted that Go Daddy would be permitted to the "counter-designation of an expert" in response to Mr. Presbrey's disclosure. *Id.* Again, the Minute Order was silent as to Mr. Presbrey was to be treated as a belatedly disclosed fact witness or late designated an expert witness. *Id.*

The Minute Order was not circulated to the parties until July 3, 2013. [Dkt. 499]

## III. CLARIFICATION IS NECESSARY TO ENSURE THE PARTIES PROPERLY EFFECTUATE THE INTENT OF THE COURT'S ORDERS

Go Daddy does not seek reconsideration of Court's Order or Minute Order but merely the answer to a simple question: Is Mr. Presbrey to be treated as a fact witness or an expert witness?

As understood by Go Daddy, the Order denying its Motion to Exclude Testimony of Joe Presbrey appeared to indicate that Mr. Presbrey was being treated as a fact witness. [Dkt. 492] The circulation on July 3, 2013 of the Court's Minute Order, in which the Court notes Go Daddy's ability to "counter-designate" an expert in response to the late identification of Mr. Presbrey raises questions as to whether the belated disclosure is being treated as the identification of a fact witness or the

///
////

3

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

designation of an expert witness. [Dkt. 499] Go Daddy requests clarification of Mr. Presbrey's status so that it may swiftly proceed with discovery relating to Mr. Presbrey in an appropriate manner.

Clarification of Mr. Presbrey's witness status will allow the parties (1) to ensure that the proper Rule 26 disclosures are made with respect to Mr. Presbrey; (2) to undertake discovery efforts in accordance with his witness status; (3) to minimize, to the extent possible, discovery motions presented to Judge Woerhle, and (4) to better address any disputes as to the breadth of discovery obligations incumbent upon AMPAS in the upcoming months.

## IV. CONCLUSION

For the foregoing reasons, Go Daddy respectfully requests that the Court clarify its Orders dated June 21, 2013 [Dkt. 492] and June 24, 2013 [Dkt. 499] to make clear whether the April 1, 2013 identification of Mr. Presbrey by AMPAS is being treated as the belated disclosure of a fact witness or the late designation of an expert witness so that the parties may proceed with discovery accordingly.

Dated: July 8, 2013

**WRENN BENDER LLLP**
Aaron M. McKown
Paula L. Zecchini

By: */s/ Paula L. Zecchini*
Paula L. Zecchini
Attorneys for Defendant
GODADDY.COM, INC.