**WRENN BENDER LLLP**
Aaron M. McKown, California Bar No. 208781
Paula L. Zecchini, California Bar No. 238731
2 Park Plaza, Suite 550
Irvine, California 92614
Telephone.: (949) 202-5810
Facsimile:   (949) 679-7939
E-Mail:      amckown@wrennbender.com
             pzecchini@wrennbender.com

Attorneys for Defendant
GODADDY.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,

          Plaintiff,

    v.

GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,

          Defendants.

Case No. CV10-3738-ABC (CW)

Assigned to Hon. Audrey B. Collins
Courtroom 680

**NOTICE OF MOTION AND MOTION FOR MODIFICATION OF SCHEDULING ORDER PURSUANT TO RULE 16(B)(4) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**[Filed concurrently with [Proposed] Order]**

Date: January 27, 2014
Time: 10:00 a.m.
Courtroom: 680

Complaint Filed:   May 18, 2010
Trial Date:        July 28, 2014

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................... 1

II.   RELEVANT PROCEDURAL HISTORY ..................................... 3

      A.    GoDaddy's Pre-July 2013 Presbrey-Related Discovery Efforts .......... 3

      B.    GoDaddy's Post-July 2013 Presbrey-Related Discovery Efforts .......... 5

      C.    The Sudden Death of GoDaddy Expert Dr. Clifford Nass .................. 10

III.  LEGAL ARGUMENT .................................................................. 11

      A.    Good Cause Exists for Modification of the Current Schedule ............ 11

      B.    GoDaddy's Proposed Four Month Modification is Reasonable Under
            the Circumstances .................................................................. 14

**WRENN BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614

i

# TABLE OF AUTHORITIES

### CASES

*Johnson v. Mammoth Recreations, Inc.,*
   975 F.2d 604 (9th Cir. 1992) ------------------------------------------------------ 11

*U.S. ex rel. Schumer v. Hughes Aircraft Co.,*
   63 F.3d 1512 (9th Cir. 1995) ------------------------------------------------------ 11

### STATUTES

Fed. R. Civ. Proc. 16(b) ------------------------------------------------------------- 11

**WRENN BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614

1    Defendant GODADDY.COM, INC. (the "GoDaddy"),  through their

2  respective counsel of record, hereby request, pursuant to Federal Rule of Civil

3  Procedure Rule 16(b)(4) that the Court modify the current schedule in this action to

4  continue all pre-trial and trial deadlines four months (120 days) and, as grounds for

5  the request, state as follows:

6    The current pre-trial and trial deadlines were set by the Court's Order of July

7  12, 2013, which identified AMPAS' litigation consultant Joe Presbrey ("Presbrey")

8  as a fact witness and, in response to a joint submission by the parties, set a timeline

9  for completion of Presbrey-related discovery and further pre-trial and trial dates.

10 [Dkt. 504]  The July 12, 2013 Order reads as follows:

11    1.    All Pre-Trial deadlines are continued as follows:

12        a.    Limited Fact Discovery Cut-Off, deriving from or relating to Joe

13        Presbrey, is set for December 31, 2013.

14        b.    Expert Report(s) on behalf of GoDaddy, deriving from or

15        relating to Joe Presbrey fact discovery, are due February 4, 2014.

16        c.    Rebuttal Expert Reports on behalf of AMPAS, deriving from or

17        relating to Joe Presbrey fact discovery, are due March 4, 2014.

18        d.    Expert Discovery Cut-Off is set for March 25, 2014.

19        e.    Dispositive Motion Cut-Off is set for April 15, 2014.

20        f.    Dispositive Motion Hearing Date, previously set for November

21        28, 2011, now is set for May 20, 2014.

22    2.    The Final Pre-Trial Conference is set for July 14, 2014, at 10:00 a.m.

23    3.    Trial is set for July 28, 2014.

24    Despite the diligent efforts of GoDaddy to complete the Presbrey-related fact

25 discovery within the five-month time frame set forth by this Court, factors beyond

26 its control, including (1) AMPAS' continuous and adamant denial of the existence

27 of certain Presbrey-related evidence in its possession for four months, only to

28 provide GoDaddy with a corrupted file of a small subset of the allegedly non-

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

1

existant evidence on December 2, 2013; (2) AMPAS' refusal to supplement its responses to GoDaddy's previously served Interrogatories and Requests for Production of Documents to incorporate information it previously withheld based on its assertion of the attorney-client privilege and work product doctrine in relation to Presbrey; (3) AMPAS' refusal to produce for deposition a corporate witness to provide 30(b)(6) testimony to provide testimony on four topics directly related to the discovery of the domain names and the creation of the purported screenshots, to which AMPAS previously objected based on an assertion of the attorney-client privilege and work product doctrine in relation to Presbrey; (4) the soonest GoDaddy's motion to compel the production of the information addressed in (1)-(3) may be heard before Judge Woehrle is February 3, 2014, thereby making compliance with the current schedule impossible; and (5) GoDaddy's expert, Dr. Clifford Nass, passed away unexpectedly on November 2, 2013, requiring GoDaddy to retain and engage a replacement expert or expert(s) to provide competent testimony on the topics for which Dr. Nass had previously been designated. Accordingly, good cause exists to modify the current pre-trial and trial schedule in this action.

GoDaddy requests the current schedule be modified to include a four month continuance of all pending pre-trial deadlines and the current trial date, as set forth below (the "Modified Schedule"):

1. All Pre-Trial deadlines are continued as follows:

    a. Limited Fact Discovery Cut-Off, deriving from or relating to Joe Presbrey, is set for **April 30, 2013**.

    b. Expert Report(s) on behalf of GoDaddy, deriving from or relating to Joe Presbrey fact discovery **and for any expert(s) replacing Dr. Clifford Nass**, are due **June 4, 2014**.

    c. Rebuttal Expert Reports on behalf of AMPAS, deriving from or relating to Joe Presbrey fact discovery, are due **July 7, 2014**.

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

MOTION TO MODIFY CURRENT
SCHEDULING ORDER

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

1        d.       Expert Discovery Cut-Off is set for **July 25, 2014**.

2        e.       Dispositive Motion Cut-Off is set for **August 15, 2014**.

3        f.       Dispositive Motion Hearing Date, previously set for May 20,

2014, now is set for **September 23, 2014**.

2.      The Final Pre-Trial Conference is set for **November 10, 2014**, at 10:00

a.m.

3.      Trial is set for **November 24, 2014**.

The motion will be based on this Notice of Motion and Motion, the

Memorandum of Points and Authorities, the accompanying declarations of Aaron

McKown and Michael Kunkel, the records and files herein, and on such other

submissions and arguments as may be presented at the hearing of the motion.

GoDaddy's counsel met and conferred with opposing counsel at least seven

days prior to filing this motion, in accordance with Local Rule 7.3.


Dated:  December 19, 2013              **WRENN BENDER LLLP**
                                     Aaron M. McKown
                                     Paula L. Zecchini


                                     By:  */s Paula L. Zecchini*
                                         Paula L. Zecchini
                                     Attorneys for Defendant
                                     GODADDY.COM, INC.

Wᴀᴇɴɴ Bᴇɴᴅᴇʀ LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Defendant GoDaddy.com, Inc. ("GoDaddy") hereby submits this Motion for an Order approving the requested modifications (the "Modified Schedule") to the Court's previously-issued schedule.  The requested modifications are necessary because, despite GoDaddy's diligent efforts, AMPAS continues to withhold relevant, non-privileged information.  As a result, GoDaddy cannot complete Presbrey-related discovery as ordered by the Court prior to the current December 31, 2013 deadline and requests that all current deadlines and the trial date be continued for no less than four months.  The requested modification is supported by a showing of diligence on the part of GoDaddy from the date of this Court's July 12, 2013 order continuing through today.

Despite the Court's order finding Presbrey to be a fact witness, and despite the Court's order compelling Presbrey-related fact discovery, the parties continue to dispute the scope of fact discovery related to Presbrey, as well as various privileges and relevance objections asserted by AMPAS.  Key among the disputes is whether GoDaddy is entitled to the production of relevant data on the computers and servers used by Presbrey, which has yet to be produced and is the subject of a pending motion to compel (currently set for hearing on February 3, 2014).    AMPAS originally claimed that no such data exists, a claim it has made before to this Court. Only after Presbrey's deposition and a series of additional meet and confers did AMPAS finally produce on November 28, 2013 a portion of the data at issue.  The data produced, however, was not preserved appropriately and thus, was altered so as to render the data useless.  Nonetheless, AMPAS refuses to allow access to the computers and servers in order to gain obtain the unaltered data, which is critical to determining whether AMPAS can authenticate the screenshots at issue.

/ / / /

1

**WRENN BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614

Despite steadfastly pushing AMPAS to comply with its Presbrey-related discovery obligations, GoDaddy needs additional time to (1) have its consultant conduct a forensic analysis of the data housed on the computers and servers at issue, as well as any other data disclosed, (2) conduct a further deposition of Presbrey related to the additional production of data, and (3) conduct a further deposition of AMPAS' 30(b)(6) on those topics and issues upon which GoDaddy previously sought testimony but to which AMPAS objected in light of its position that Presbrey was not a fact witness; a position taken prior to the Court's July 12, 2013 minute order designating Presbrey as a fact witness.

The requested modification are further supported by the recent death of GoDaddy's expert, Dr. Clifford Nass. GoDaddy has made every effort in the six weeks since Dr. Nass' passing to locate a replacement expert capable of providing testimony relevant to its bad faith defense with the same quality and veracity as that provided by Dr. Nass. The fact remains, however, that Dr. Nass was a renowned expert in a highly-specialized field. GoDaddy only recently identified potential replacements and is in the process of vetting each. Although GoDaddy anticipates retaining a replacement expert by January 15, 2014, the expert will need time to become familiarized with the facts and issues in this action, including more than three years of written discovery, thousands of pages of relevant documents, and dozens of depositions, and then render an opinion, prepare a report, and attend a deposition. The current schedule does not allow sufficient time for such an occurrence; indeed, it does not address the need to replace Dr. Nass at all.

For these reasons and as discussed more fully below, GoDaddy requests that the Court grant this Motion and enter an Order implementing the Modified Schedule, which has the effect of providing the parties with an additional four months to resolve the disputes presently between them, complete all remaining discovery, prepare and file dispositive motions, obtain and prepare a replacement expert, and, as necessary, proceed to trial.

MOTION TO MODIFY CURRENT
SCHEDULING ORDER

## II.    RELEVANT PROCEDURAL HISTORY

### A.    GoDaddy's Pre-July 2013 Presbrey-Related Discovery Efforts

In October 2009, AMPAS' counsel retained a "non-testifying litigation consultant" by the name of Joe Presbrey to identify domain names containing AMPAS' marks within domain name strings resolving from GoDaddy's parked page servers. *See* Declaration of Aaron McKown ("McKown Decl.") ¶ 2, Exh. A. Eight months later, AMPAS filed the instant action based entirely on the domain names discovered by this "consultant." *See Id.* at ¶ 3. Despite being the only fact witness with knowledge regarding the discovery of these domain names and the creation of purported screenshots related thereto, AMPAS refused to identify the witness in its Initial Disclosures or at any other time during the course of discovery. *See Id.* Indeed, AMPAS refused to disclose even the existence of this witness for years. *See Id.*

GoDaddy propounded its first Requests for Production of Documents ("First RFPs") on March 10, 2011 and its second Requests for Production of Documents ("Second RFPs") on November 22, 2011. *See Id.* at ¶ 4, Exhs. B, C. These requests included requests regarding how and when AMPAS first discovered each of the domain names at issue, any investigations conducted by AMPAS relating to its claims, and its trademark policing efforts, including processes and vendors used. *See Id.* (Requests Nos. 9-10, 12, 25).

For nine months, the parties met and conferred over AMPAS responses, particularly AMPAS' failure to provide basic information regarding whom, when, and how the domain names were discovered as well as the origins of the screenshots produced. *See Id.* at ¶ 5. When GoDaddy threatened to file a motion to compel to this information, AMPAS initially claimed that its counsel had used a computer software to discovery the domain names – a statement that AMPAS knew was false at the time it was made. *See Id.*, Exh. D. Only after additional inquisition by GoDaddy did AMPAS finally admit on December 5, 2011 that it had retained a

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

"non-testifying litigation consultant" who was responsible for discovering all of the domain names and for capturing all of the screenshots at issue.  *See Id.*

Nonetheless, AMPAS refused not only to disclose the identity of this fact witness (as this Court confirmed him to be in its July 12, 2013 minute order), but AMPAS also refused to produce any data generated by the processes he employed. *See Id.*, Exh. E; see also Dkt. 504 ("[T]he Court hereby clarifies that Mr. Presbrey may testify as a fact witness only, not as an expert witness.").  As a result, GoDaddy filed a motion to compel the production of such data in September 2012 and, at the hearing, requested the identity of this fact witness to allow for discovery into basic information about the identification of the domain names and the origins of the screenshots at issue.  *See* Dkt. 298.

In opposing GoDaddy's motion, AMPAS claimed that "the documents created by the Academy's . . . litigation consultant are not, as GoDaddy claims, 'factual in nature and simply tend[] to show the time and manner in which the parked pages that allegedly support AMPAS' ACPA claims were discovered.'" McKown Decl. ¶ 6, Exh. F at pp. 21-22.  This representation to the Court was patently false.  Contrary to AMPAS' initial contention, the data that resides on the computers and servers used by Presbrey contains factual information critical to resolving substantial discrepancies regarding when, who, and how often Presbrey visited a domain name at issue in this case.  *See Id.* ¶ 7, Exh. G (Deposition of Joe Presbrey) at 273:19-275:3; *see also* Declaration of Michael Kunkel ("Kunkel Decl.") ¶¶ 9-10.

Nonetheless, Judge Woerhle upheld AMPAS' assertion of the attorney-client privilege and work product doctrine to shield the discovery of this fact witness and his related data.  In so ruling, however, Judge Woerhle admonished AMPAS:

> At this point, I'm certainly not going to order disclosure of the consultant's name, but, you know, at some point . . . Somebody's going to have to testify what these pages looked like when they went there

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

and you may want to just make up your mind about that sooner rather than later.

McKown Decl. ¶ 8 at Exh. H at 28:7-13.   Instead, AMPAS continued to shield both the identity of the witness and all data he created in searching for, locating, and capturing screenshots of domain names at issue through both fact and expert discovery. *See Id*. at ¶ 9.

In light of AMPAS' failure to produce its "non-testifying litigation consultant" as either a fact or expert witness, GoDaddy filed a motion to exclude this witness Court denied GoDaddy's motion.  *See* Dkt. 492.  However, the Court specifically re-opened fact discovery in order to allow GoDaddy an opportunity to conduct the discovery it had been attempting to take for four years. *See* Dkt. 504.

**B.** **GoDaddy's Post-July 2013 Presbrey-Related Discovery Efforts**

The following timeline sets forth GoDaddy's efforts to secure Presbrey-related discovery from both Presbrey and AMPAS in the timeframe since this Court's July 12, 2013 order identifying Presbrey as a fact witness and setting forth a schedule for the completion of fact and expert discovery related to Presbrey.

**July 12, 2013: The Court Allows Presbrey-related Discovery and Resets Pre-trial and Trial Dates**

On July 12, 2013, the Court issued a Minute Order in which it clarified that Presbrey was a fact witness.  *See* Dkt. 504.  The Minute Order also issued a scheduling order setting the following Presbrey-related discovery deadlines:

a.   Limited Fact Discovery Cut-Off, deriving from or relating to Joe Presbrey, is set for December 31, 2013.

b.   Expert Report(s) on behalf of GoDaddy, deriving from or relating to Joe Presbrey fact discovery, are due February 4, 2014.

c.   Rebuttal Expert Reports on behalf of AMPAS, deriving from or relating to Joe Presbrey fact discovery, are due March 4, 2014.

d.   Expert Discovery Cut-Off is set for March 25, 2014.

Dkt. 504.  The Court set dispositive motion and trial dates accordingly.

<u>**July 26, 2013**</u>:  **GoDaddy Serves Document Subpoena**

Consistent with the Minute Order, GoDaddy immediately initated Presbrey-related fact discovery.  GoDaddy served a document subpoena on Presbrey on July 26, 2013.  *See* McKown Decl. ¶ 10, Exh. I.  The document subpoena sought, among other things and in more detail, the production of all relevant electronically stored information.  *See Id*.

<u>**August 28, 2013**</u>:  **AMPAS Produces Hard Drive and Responsive Documents:**

On August 28, 2013, AMPAS, on behalf of Presbrey, produced a hard drive containing 257 Gigabytes of data.  *See* McKown Decl. ¶ 10, Exh. I.  The following day, Presbrey electronically produced nearly 1000 pages of emails.  *See Id.* GoDaddy immediately began reviewing the emails produced.  *See Id.*

<u>**August 29, 2013**</u>: **GoDaddy's Consultant Receives the Hard Drive**

The production of the hard drive by Presbrey required GoDaddy to retain a forensic consultant to analyze the data, including the functionality of the software programs created by Presbrey to search for domain names and to capture screenshots.  *See* McKown Decl. ¶11.  GoDaddy's consultant received the hard drive on August 29, 2013 – one day after GoDaddy's receipt from Presbrey.  *See* Declaration of Mike Kunkel ("Kunkel"), ¶8.

<u>**September – October 2013**</u>: **GoDaddy's Consultant Analyzes Hard Drive**

Because of the volume of data produced, the consultant did not complete its analysis of the data until October 2013.  *See* McKown Decl. ¶11; Kunkel Decl. at ¶9.  During the course of conducting its analysis, GoDaddy's consultant discovered that no web cache data had been produced.  *See* Kunkel Decl. at ¶ 9.  Web cache is the temporary storage (caching) of Internet documents, such as HTML pages and images.  *See Id.*  A web cache essentially stores copies of documents passing

through it, including critical metadata that details information about the Internet document such as the date and time of its creation.  *See Id.*

### October 2, 2013: GoDaddy Begins Meet and Confer Process re: Scheduling of Presbrey Deposition

Despite the fact that GoDaddy's consultant was still in the process of analyzing the 257 gigabytes of data gathered by Presbrey over a four year period, GoDaddy began the meet and confer process to schedule Presbrey's deposition on October 2, 2013.  *See* McKown Decl., ¶12, Exh. K (initiating email on chain).

### October 14-15, 2013: GoDaddy Requests Web Cache and Other Missing Data; AMPAS Indicates All Existing Data Produced and No Web Cache Exists

On or about October 13, 2013, GoDaddy learned from its consultant that the hard drive produced by Presbrey did not contain any web cache.  *See* McKown Decl., ¶12, Exh. K.  As a result, GoDaddy sent an email to AMPAS' counsel on October 14, 2013 requesting the production of the web cache and associated logs (metadata).  *See Id.*  The following day, AMPAS' counsel claimed that "[a] web cache was not utilized – our application contacted GoDaddy's servers directly without a cache each time a screen shot was taken."  *Id.*  As demonstrated below, it was not until a month later that GoDaddy discovered this representation was false.

### October 28, 2013: Presbrey Deposition is Scheduled for Date Certain

On October 28, 2013, after a month-long meet and confer effort between the parties, Presbrey's deposition was scheduled for November 12, 2013.  *See* McKown Decl., ¶12.  In order to secure this date, GoDaddy agreed to take Presbrey's deposition in Boston, Massachusetts instead of Los Angeles, California as previously promised by AMPAS.  *See Id.*  Otherwise, AMPAS was suggesting that the deposition occur in December 2013 at the earliest due to Presbrey's class schedule.  *See Id.*

### November 6, 2013: GoDaddy Begins Meet and Confer Process for

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

**WRENN BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614

### Compliance with Presbrey-related Discovery Obligations

On November 2, 2013, having not received supplemental discovery responses from AMPAS relating to those interrogatories and document requests served earlier in the litigation to which AMPAS had asserted the attorney-client privilege and work product doctrine in relation to Presbrey, GoDaddy initiated the meet and confer process required under Local Rule 37-1 in advance of moving to compel. *See* McKown Decl. ¶20, Exh. U (initiating email on chain).

### November 12, 2013: GoDaddy Takes Deposition of Presbrey

Presbrey was deposed in Boston, Massachusetts on November 12, 2013.  *See* McKown Decl. at ¶ 7.  During his deposition, Presbrey testified as follows:

> Q.  Were the screenshots that were captured by the screenshot program actually captured on computers at Foote Meyers?
>
> A.  Yes.
>
> Q.  Would any of the web cache information for the screenshots still be on those computers?
>
> A.  Could be.

*Id.* at ¶ 7, Exh. G at 271:7-13.  This testimony was in direct contradiction to assurances previously provided by counsel for AMPAS. *See* McKown Decl., ¶11, Exh. K. Presbrey also testified that the software programs contained on the computers and servers could also contain other relevant information yet to be produced or testified to, including the date on which the software was created.  *See* McKown Decl. ¶ 7, Exh. G at 45:18-22.

### November 22, 2013: GoDaddy Renews Request for Web Cache and Continues Meet and Confer Efforts for Compliance with Presbrey-related Discovery Obligations

In light of Presbrey's testimony related to the existence of additional relevant, non-privileged data not produced by AMPAS or Presbrey, GoDaddy sent a follow-up request to AMPAS for the production of all data that existed on the computers

and servers used by Presbrey, including web cache, which neither Presbrey nor AMPAS had produced. *See* McKown Decl. ¶ 13, Exh. L. In response, AMPAS continued to take the position that "'web cache' wouldn't exist on the server itself. . . . Mr. Presbrey testified web cache, as temporary storage, is not something that was tracked or saved on the computers he used." *Id.* Again, this representation was false.

### **November 27, 2013: AMPAS Finally Admits Limited Web Cache Data Exists and Parties Reach an Impasse on Discovery Dispute**

Recognizing AMPAS' familiar pattern of making intentional and false representations regarding the existence of relevant information, GoDaddy continued to press AMPAS for the production of web cache, including GoDaddy's stated intent to compel the production of the Presbrey-related computers and servers for inspection. *See* McKown Decl. ¶ 14, Exh. M. Miraculously, two days later, on November 27, 2013, AMPAS discovered approximately 258MB of web cache that it agreed to produce in order to appease GoDaddy's production demand. *See Id.* Contemporaneous with the reversal of its position regarding the non-existence of web cache, however, was AMPAS' assertion that no additional data existed on any of the computers or servers used by Presbrey to search, capture, and print screenshots of the domain names at issue. *See Id.* AMPAS refused to permit any inspection of the Presbrey computers and servers. *See Id.*

### **December 2-3, 2013: GoDaddy Receives Thumb Drive Containing Limited Web Cache Data and Transfers to Consultant for Analysis**

On December 2, 2013, counsel for GoDaddy received the thumb drive purporting to contain the entire web cache from the Presbrey-related computers and servers. *See* McKown Decl. ¶13. The thumb drive was picked up for analysis by GoDaddy's litigation consultant the following day. *See Id.* GoDaddy's litigation consultant determined that not only did the web cache relate to only 60 screenshots

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

(even though Presbrey testified at his deposition that his software captured more than 12,000), but also that AMPAS' transfer of the web cache from the its computers and servers to the thumb drive had contaminated the data. *See* Kunkel Decl. ¶ 11.

> **December 13, 2013**: **GoDaddy Serves Portion of Joint Stipulation re: Motion to Compel Presbrey-related Discovery Upon Completion of Rule 37-1 Meet and Confer Efforts**

The basis of GoDaddy's motion to compel an inspection of the Presbrey-related computers and servers is addressed in greater detail in GoDaddy's portion of the Joint Stipulation, served on AMPAS on December 13, 2013 and set to be filed on or before December 24, 2013. For the purposes of this motion, the Joint Stipulation seeks to compel (1) the inspection of all Presbrey-related computers and servers based, in part, on AMPAS' continuous and adamant denial of the existence of certain Presbrey-related evidence in its possession for four months (and really since September 2012), only to provide GoDaddy with a corrupted file of a small subset of the allegedly non-existent evidence on December 2, 2013; (2) supplemental responses to GoDaddy's previously served Interrogatories and Requests for Production of Documents to incorporate information AMPAS previously withheld based on its assertion of the attorney-client privilege and work product doctrine in relation to Presbrey; and (3) supplemental 30(b)(6) testimony from AMPAS' corporate witness on four topics directly related to the discovery of the domain names and the creation of the purported screenshots, to which AMPAS previously objected based on an assertion of the attorney-client privilege and work product doctrine in relation to Presbrey. [Dkt. TBD but anticipated to be 510].

## C.   The Sudden Death of GoDaddy Expert Dr. Clifford Nass

On November 3, 2013, GoDaddy was notified that its expert, Dr. Clifford Nass, died of a heart attack the day prior. *See* McKown Decl. at ¶22. Since that

10

time, GoDaddy has diligently endeavored to locate one or more replacement experts of the same caliber as Dr. Nass who are also fit to opine on the topics for which Dr. Nass had been designated.  *See Id.*  As of the filing of this motion, GoDaddy has identified and contacted four candidates; GoDaddy is in the process of vetting each of those prospective experts.  *See Id*.  GoDaddy anticipates retaining a replacement expert(s) by January 15, 2014.  *See Id*.

## III.   LEGAL ARGUMENT

### A.   <u>Good Cause Exists for Modification of the Current Schedule</u>

Pursuant to Federal Rule of Civil Procedure 16(b) ("Rule 16(b)"), the Court may modify a previous schedule upon a showing of good cause.  Good cause under Rule 16(b) exists for continuing the fact discovery cutoff and other pre-trial dates where the scheduling deadlines cannot be met, despite a party's diligent efforts.  Fed. R. Civ. Proc. 16(b); *see also Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).

Although the decision to modify a scheduling order lies squarely within the trial court's discretion, the "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson*, *supra*, 975 F.2d at 609; *U.S. ex rel. Schumer v. Hughes Aircraft Co*., 63 F.3d 1512, 1526 (9th Cir. 1995).  A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order.  *See Zivkovic*, 302 F.3d at 1087; *see also Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").

There can be no dispute that good cause exists here for the requested extension; i.e., that GoDaddy has diligently attempted to comply with the Court's current schedule but, through no fault of its own, has been prevented from doing so. As set forth above, immediately following receipt of this Court's order, GoDaddy

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

made weekly, and often daily, efforts to complete the Presbrey-related discovery within the time frame set by the Court.  Despite this fact, a number of factors beyond GoDaddy's control delayed the completion of discovery and demonstrate good cause of the requested modification.

First and foremost is Presbrey's failure to produce the entirety of the information requested by GoDaddy's document subpoena on August 28, 2013 (and previously requested of AMPAS for which it failed to supplement as obligated by Rule 26).  Had AMPAS and Presbrey produced the entirety of the information in a timely manner, the issues underlying the pending motion to compel would have been long settled.  Nor did GoDaddy have any awareness until the Presbrey Deposition that it was missing data or information; indeed, AMPAS falsely represented that any data GoDaddy had identified as missing from the production in October 2013 did not exist.  *See* McKown Decl. ¶12, Exh. K.  It was not until November 27, 2013, after significant and repeated inquiry by counsel for GoDaddy, aided by the testimony of Presbrey, that AMPAS finally admitted that it did, in fact, have data that it had yet to produce.  *Id.* at ¶14, Exh. M.  The data that was ultimately turned over to GoDaddy on December 2, 2013 was not only incomplete, however, but as GoDaddy learned on December 4, 2013, it was corrupted.  *See* Kunkel Decl. ¶11.

GoDaddy served its portion of the Joint Stipulation on December 13, 2013, as timely manner as possible given the significant issues to be addressed therein.  *See* McKown Decl. ¶21.  In addition to the data production issues addressed above, the Joint Stipulation also addresses in detail GoDaddy's need for a court order compelling AMPAS to (1) supplement its responses to GoDaddy's previously served Interrogatories and Requests for Production of Documents to incorporate information it previously withheld based on its assertion of the attorney-client privilege and work product doctrine in relation to Presbrey; and (2) produce for deposition a corporate witness to provide 30(b)(6) testimony to provide testimony

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

12

**WRENN BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614

on four topics directly related to the discovery of the domain names and the creation of the purported screenshots, to which AMPAS previously objected based on an assertion of the attorney-client privilege and work product doctrine in relation to Presbrey. *See* Dkt. est. 510. Despite the fact that AMPAS has now waived the privilege, and the Court has ordered discovery relating to Presbrey as a fact witness, AMPAS refuses to comply with its obligation to supplement prior discovery which necessitate GoDaddy having to seek relief from Judge Woerhle.

Had AMPAS met its discovery obligations at in or before September 2013, instead of repeatedly denying the existence of additional relevant data, GoDaddy would not be in the position of having to request a modification of the current schedule to accommodate (1) a February 3, 2013 hearing date on its motion to compel; (2) an estimated 30 days post-ruling on the motion to compel for its litigation consultant to inspect and analyze the Presbrey-related computers and servers, as well as any additional data produced, on an expedited basis; (3) time to complete any other fact discovery ordered by Magistrate Judge Woerhle, including the supplemental discovery responses and Rule 30(b)(6) deposition testimony sought to be compelled from AMPAS; (4) time to complete expert discovery related to Presbrey, which as of the filing of this motion is ordered to be completed on varying dates between February 4, 2013 and March 25, 2013; (5) time to prepare dispositive motions; and (6) as necessary, time for both parties to adequately prepare for trial.

The urgent need for the requested modification is not of GoDaddy's making. AMPAS' unwavering refusal to provide GoDaddy with the information required to defend itself, alternatively insisting the information sought by GoDaddy either does not exist or is simply irrelevant or privileged, forms the solid majority of the reason for the requested modification. Each of these tactical maneuvers has been geared toward impairing GoDaddy's ability to defend against this action despite its good faith efforts to abide by the operative scheduling order.

The additional reason for the relief sought by GoDaddy, which is also supported by good cause, is the passing of its expert, Dr. Nass.  *See* McKown Decl. ¶ 22.  Although GoDaddy anticipates retaining a replacement expert(s) by January 15, 2014, the expert(s) will undoubtedly need time to become familiarized with the facts and issues in this action, including more than three years of written discovery, thousands of pages of relevant documents, and multiple depositions, and then render an opinion, prepare a report, and attend a deposition.  The current schedule does not allow sufficient time for such an occurrence; indeed, it does not address the need to replace Dr. Nass at all.

**B.    GoDaddy's Proposed Four Month Modification is Reasonable Under the Circumstances**

The evidence presented in support of the requested modification to the current schedule demonstrates GoDaddy's steadfastly diligent attempts to move this case toward a fair and complete trial on the merits; efforts that have been stymied at every turn by AMPAS.  Despite GoDaddy's diligence in seeking AMPAS' compliance with its discovery obligations, AMPAS continues to delay and admittedly withhold basic information related to its claims, just as it has done for the past four years.  These delays, in turn, hampered GoDaddy's ability to bring the motion to compel currently pending before Judge Woerhle prior to December 24, 2013, the resolution of which is necessary not only to the completion of Presbrey-related fact discovery but also to the completion of Presbrey-related expert discovery and the preparation of the pending and anticipated issues on summary judgment.

GoDaddy's request to extend pretrial deadlines and the trial date by at least four months has an objective basis in the record, given that, over four months after requesting the discovery that at the subject of the pending motion to compel, GoDaddy is still waiting for AMPAS to provide the Presbrey-related evidence that this Court previously ordered.  The Court provided the parties with five months to

**WRENN BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614

complete Presbrey-related fact discovery; AMPAS spent four of those months adamantly denying the existence of Presbrey-related evidence in its possession only to provide GoDaddy with a corrupted file of a small subset of the allegedly non-existant evidence just weeks before the close of Presbrey-related fact discovery. *See* McKown Decl. ¶¶ 12-14.   As Mr. Presbrey's testimony and AMPAS' refusal to cooperate in the meet and confer process indicate, GoDaddy was forced to belatedly seek judicial assistance to obtain discovery that should have been produced pursuant to the terms of a subpoena issued to Presbrey nearly five months ago and by way of a mandatory supplemental document production from AMPAS that has yet to occur.

Due to the volume of Presbrey-related information that remains unproduced, the constant and continual delays of AMPAS, and the sudden death of GoDaddy's expert, Dr. Nass, the discovery schedule has been set back by at least four months. GoDaddy is not asking for any more time than it believes necessary to complete the outstanding Presbrey-related fact and expert discovery, retain and present for deposition a replacement expert for Dr. Nass and to put the parties back on a realistic timeline for dispositive motions and trial.  The Modified Schedule will give the parties four months to do just that.

Dated:  December 19, 2013          **WRENN BENDER LLLP**
                                   Aaron M. McKown
                                   Paula L. Zecchini


                                   By:  */s Paula L. Zecchini*  _____
                                        Paula L. Zecchini
                                   Attorneys for Defendant
                                   GODADDY.COM, INC.

**WRENN BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614