**WRENN BENDER  LLLP**
Aaron M. McKown, California Bar No. 208781
Paula L. Zecchini, California Bar No. 238731
Gregory D. Trimarche, California Bar No. 143686
2 Park Plaza, Suite 550
Irvine, California  92614
Telephone.: (949) 202-5810
Facsimile:   (949) 679-7939
E-Mail:       amckown@wrennbender.com
                   pzecchini@wrennbender.com
                   gtrimarche@wrennbender.com

Attorneys for Defendant
GODADDY.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>Defendants. | Case No. CV10-3738-ABC (CW)<br><br>Assigned to Hon. Audrey B. Collins Courtroom 680<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO RECUSE HON. AUDREY B. COLLINS**<br><br>Complaint Filed:   May 18, 2010<br>Trial Date:          July 28, 2014<br><br>Date:    January 28, 2014<br>Time:   9:00 a.m.<br>Dept.:   TBD |

Defendant GoDaddy.com, Inc. ("GoDaddy") respectfully requests that pursuant to Rule 201 of the Federal Rules of Evidence, the Court take judicial notice of the materials set forth below in support of GoDaddy's Motion to Recuse Hon. Audrey B. Collins:

1. United States District Court, Central District of California General Order 224

2. United States District Court, Central District of California General Order 07-02

3. United States District Court, Central District of California General Order 08-01

4. United States District Court, Central District of California General Order 08-05;

5. Stipulated Judgment, *Academy of Motion Picture Arts and Sciences v. Harwood Associates,* 2:99-CV-04796;

6. Civil Docket and Complaint for Case No. 2:99-cv-04796, *Academy of Motion Picture Arts and Sciences v. Harwood Associates;*

7. Civil Docket for Case No. 2:01-cv-07420, *Academy of Motion Picture Arts and Sciences v. Butterfields Action, et al.;*

8. Civil Docket for Case No. 2:01-cv-07618, *Academy of Motion Picture Arts and Sciences v. David Schifter, et al.;*

9. Civil Docket for Case No. 2:01-cv-09003, *Academy of Motion Picture Arts and Sciences v. Michael Luft, et al.*

10. Civil Docket for Case No. 2:02-cv-00321, *Academy of Motion Picture Arts and Sciences v. Karol Western Corp., et al.;*

11. Civil Docket for Case No. 2:02-cv-01093, *Academy of Motion Picture Arts and Sciences v. Pipedream Products, et al.*

12. Civil Docket for Case No. 2:02-cv-01220, *Academy of Motion Picture Arts and Sciences v. Billy W. Allen Inc., et al.;*

13. Civil Docket for Case No. 2:02-cv-01729, *Academy of Motion Picture Arts*

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

REQUEST FOR JUDICIAL NOTICE

*and Sciences v. John Does, et al.*

14. Civil Docket for Case No. 2:02-cv-04527, *Academy of Motion Picture Arts and Sciences v. Richard Eddy, et al.;*

15. Civil Docket for Case No. 2:02-cv-05635, *Academy of Motion Picture Arts and Sciences v. Plastic Dress-Up Co., et al.;*

16. Civil Docket for Case No. 2:02-cv-06332, *Academy of Motion Picture Arts and Sciences v. Carla M. Bates, et al.;*

17. Civil Docket for Case No. 2:02-cv-09626, *Academy of Motion Picture Arts and Sciences v. DCI Productions Inc., et al.*

18. Civil Docket for Case No. 2:02-cv-09741, *Academy of Motion Picture Arts and Sciences v. Black Dog &, et al.;*

19. Civil Docket for Case No. 2:03-cv-00937, *Academy of Motion Picture Arts and Sciences v. B T B Events Inc., et al.;*

20. Civil Docket for Case No. 2:03-cv-01386, *Academy of Motion Picture Arts and Sciences v. Albertson's Inc., et al.;*

21. Civil Docket for Case No. 2:03-cv-04229, *Academy of Motion Picture Arts and Sciences v. National Broadcasting Company, et al.;*

22. Civil Docket for Case No. 2:04-cv-01445, *Academy of Motion Picture Arts and Sciences v. Joseph E. Talles, et al.*;

23. Civil Docket and Complaint for Case No. 2:05-cv-05018, *Academy of Motion Picture Arts and Sciences v. Rhonda Morkes, et al.*;

24. Civil Docket and Complaint for Case No. 2:05-cv-05018, *Academy of Motion Picture Arts and Sciences v. Escovar, et al.*;

25. Civil Docket and Complaint for Case No. 2:05-cv-07918, *Academy of Motion Picture Arts and Sciences v. Associazione Italiana Sommelier Roma, et al.*;

26. Civil Docket for Case No. 2:07-cv-01006, *Academy of Motion Picture Arts and Sciences v. Universal Spheres Inc., et al.;*

27. Civil Docket for Case No. 2:07-cv-02846, *Academy of Motion Picture Arts*

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

REQUEST FOR JUDICIAL NOTICE

1      *and Sciences v. Sasha Stone, et al.;*

2   28. Civil Docket for Case No. 5:07-cv-01176, *Academy of Motion Pictures Arts*

3       *and Sciences v. Frank Farden, et al.*

4   29. Civil Docket and Complaint for Case No. 2:07-cv-06008, *Academy of Motion*

5       *Pictures Arts and Sciences v. Avon Products Inc., et al.*

6   30. Declined Transfer Order Dated January 28, 2004, *Academy of Motion Picture*

7       *Arts and Sciences v. Time, Inc. Home Entertainment,* 2:03-cv-00306;

8   31. Declined Transfer Order Dated September 25, 2006, *Academy of Motion*

9       *Picture Arts and Sciences v. NCL Corporation Ltd.,* 2:06-CV-05813; and

10   32. Declined Transfer Order Dated November 6, 2003, *Academy of Motion*

11       *Picture Arts and Sciences v. Partypop.com,* 2:03-cv-07619.

## I.    LEGAL STANDARD

13      The Federal Rules of Evidence permit courts to take judicial notice of certain

14 facts if they are "not subject to reasonable dispute." FED. R. EVID. 201(b). A fact is

15 not subject to reasonable dispute if it "(1) is generally known within the trial court's

16 territorial jurisdiction; or (2) can be accurately and readily determined from sources

17 whose accuracy cannot reasonably be questioned." *Id.* Judicial Notice may be

18 taken *sua sponte* or at a party's request. *See* FED. R. EVID. 201(c). If judicial notice

19 is at a party's request, the court must grant the request if it is "supplied with the

20 necessary information." FED. R. EVID. 201(c)(2).

21      When a court takes judicial notice of a document, "[c]aution must . . . be

22 taken to avoid admitting evidence . . . in contravention of the relevancy, foundation,

23 and hearsay rules." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir.

24 2009). This is because "the effect of taking judicial notice under Rule 201 is to

25 preclude a party from introducing contrary evidence and in effect, directing a verdict

26 against him as to the fact noticed . . . ." *United States v. Jones*, 29 F.3d 1549, 1553

27 (11th Cir. 1994). Thus, for a fact to be subject to judicial notice, it must be one that

28 "only an unreasonable person would insist on disputing." *Id.*

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

REQUEST FOR JUDICIAL NOTICE

## II.   ANALYSIS

GoDaddy respectfully requests that the Court take judicial notice of the above-identified documents.  These documents fit within two categories:  (1) the General Orders adopted by the Court since 2001; and (2) filings and orders from other cases in the Central District that were pulled from the Public Access to Court Electronic Records ("PACER") system.   All of the documents meet the requirements for judicial notice.

### A.   The Court's Own General Orders Are Judicially Noticeable

The Court's own General Orders (General Order 224, 07-02, 08-01, and 08-05) are commonly known within the court's territorial jurisdiction.  *See* FED. R. EVID. 201(b)(1).   Moreover, they are from a source whose "accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2).  Indeed, courts routinely take judicial notice of General Orders of United States district courts.  *See, e.g.*, *Sony BMG Music Entertainment v. Does 1-10*, 2007 WL 1574910, *2 (E.D. Cal. 2007) (taking judicial notice of the General Order entered on November 17, 2004, in the United States District Court for the Western District of Texas, Austin Division). Here, GoDaddy asks that the Court take judicial notice of its own General Orders for which there can be no dispute.

### B.   Court Files Pulled From PACER Are Judicially Noticeable

PACER is an electronic public access service provided by the federal judiciary that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts via the Internet. *See* PACER, www.pacer.gov. Several federal district and appellate courts have taken judicial notice of court records available to the public through PACER. *See, e.g.*, *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of California Court of Appeal opinion and briefs found on PACER); *C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123, 1138 (E.D. Cal. 2009) (taking judicial notice of court records available through PACER).  Here, the court filings from other matters pending in

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

REQUEST FOR JUDICIAL NOTICE

the Central District were pulled from PACER, which is a source whose "accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Finding a document in the PACER system establishes beyond reasonable dispute that the particular document was filed in litigation before a particular court. Accordingly, the court may take judicial notice of the fact that the documents filed on PACER (1) are accurate copies of the court documents they purport to be, and (2) were filed in the course of litigation in a particular court.

The Court may also take judicial notice of the claims asserted in the complaints at issue. While the Court need not pass on the viability of those claims, it can take judicial notice that certain claims were asserted as that information cannot reasonably be questioned.

Dated:  December 31, 2013

**WRENN BENDER LLLP**
Aaron M. McKown
Paula L. Zecchini
Gregory D. Trimarche

By: _____
　　　 Aaron M. McKown
Attorneys for Defendant
GODADDY.COM, INC

**WRENN BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614

REQUEST FOR JUDICIAL NOTICE

1

**CERTIFICATE OF SERVICE**

2

Pursuant to L.R. 5–3, I hereby certify that on December 31, 2013, I

3

electronically filed the foregoing document, **REQUEST FOR JUDICIAL**

4

**NOTICE IN SUPPORT OF MOTION TO RECUSE HON. AUDREY B.**

5

**COLLINS**, with the Clerk of the Court by using the CM/ECF system and that the

6

foregoing document is being served on all counsel of record identified below via

7

transmission of Notice of Electronic Filing generated by CM/ECF:

8

9

10

11

Enoch H. Liang
James M. Lee
**Lee Tran & Liang APLC**
601 South Figueroa Street, Suite 4025
Los Angeles, CA 90017

Attorneys for Plaintiff Academy of
Motion Picture Arts and Sciences
Phone: 213-612-3737
Fax: 213-612-3773
E-mail: jml@ltlcounsel.com;
ehl@ltlcounsel.com

12

13

14

15

16

Stuart Singer
David Nelson
**Boies, Schiller & Flexner LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301

Attorneys for Plaintiff Academy of
Motion Picture Arts and Sciences
Phone: 954-356-0011
Fax: 954-356-0022
E-mail: ssinger@bsfllp.com;
dnelson@bsfllp.com

17

18

19

20

David Michels, Esq.
David L. Zifkin, Esq.
**Boies, Schiller & Flexner LLP**
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401

Attorneys for Plaintiff Academy of
Motion Picture Arts and Sciences
Phone: 310-752-2400
Fax: 310-752-2490
Email: dzifkin@bsfllp.com;
dmichaels@bsfllp.com

21

22

23

24

Robert M. Foote
Kathleen Chavez
Matthew Herman
**Foote, Mielke, Chavez & O'Neil LLC**
10 West State Street, Suite 200
Geneva, IL 60134

Attorneys for Plaintiff Academy of
Motion Picture Arts and Sciences
Phone: 630-232-6333
Fax: 630-845-8982
E-mail: rmf@fmcolaw.com;
kchavez@fmcolaw.com; and
mherman@fmcolaw.com

25

26

_Carlie Peisley_

CARLIE PEISLEY

27

28

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

CERTIFICATE OF SERVICE