**WRENN BENDER LLLP**
Aaron M. McKown, California Bar No. 208781
Paula L. Zecchini, California Bar No. 238731
2 Park Plaza, Suite 550
Irvine, California 92614
Telephone.: (949) 202-5810
Facsimile:  (949) 679-7939
E-Mail:     amckown@wrennbender.com
            pzecchini@wrennbender.com

Attorneys for Defendant
GODADDY.COM, INC.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>Defendants. | Case No. CV10-3738-ABC (CW)<br><br>Assigned to Hon. Audrey B. Collins Courtroom 680<br><br>**DEFENDANT GODADDY.COM, INC.'S REPLY IN SUPPORT OF MOTION FOR MODIFICATION OF SCHEDULING ORDER PURSUANT TO RULE 16(B)(4) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:    February 10, 2014<br>Time:    10:00 a.m.<br>Courtroom:  680<br><br>Complaint Filed:  May 18, 2010<br>Trial Date:     July 28, 2014 |

# I.      **<u>INTRODUCTION</u>**

Plaintiff Academy of Motion Picture Arts and Sciences ("AMPAS") opposes Defendant GoDaddy.com, Inc.'s ("GoDaddy") motion to modify the current scheduling order on principle alone, basing its objection to the requested modification on circumstances beyond GoDaddy's control: (1) AMPAS' own continual delays in avoiding the production of even the most basic of discovery related to its litigation consultant, Joe Presbrey ("Presbrey") and (2) the unexpected death of GoDaddy's uniquely qualified expert, Dr. Clifford Nass.   In doing so, AMPAS ignores not only the fact that its own actions necessitated the requested relief but, more importantly, the legal standard to be applied by this Court in determining whether to grant the requested modification.

GoDaddy presented this Court with evidence demonstrating that (1) it exercised substantial diligence in attempting to complete Presbrey-related fact discovery in the four-month period previously ordered by this Court but that (2) even in the exercise of such diligence, the deadlines set in the current scheduling order could not be met.  AMPAS failed to address, let alone rebut, the evidence presented by GoDaddy demonstrating its due diligence in this regard.  AMPAS also failed to present this Court with any evidence demonstrating that the requested modification would be prejudicial.  Indeed, AMPAS did not argue that it would suffer even the slightest prejudice if GoDaddy's motion is granted.  On the other hand, GoDaddy faces extreme prejudice if it is unable to fully discover, and challenge as necessary, the evidence upon which AMPAS seeks to rely in proving its claims.

Contrary to AMPAS' contention, the instant motion is not an attempt at delay by GoDaddy, nor is it undertaken in bad faith.  GoDaddy has every interest in aggressively litigating this action to a rapid and final completion but it should not be forced to do so at the cost of its statutorily authorized discovery rights and in the face of AMPAS' repeated and egregious discovery violations.  The requested

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

1  modification will allow GoDaddy to complete all Presbrey-related discovery

2  ordered by this Court and, as such, bring about the fair and orderly adjudication of

3  this lawsuit.  Although GoDaddy understands that AMPAS would like to limit the

4  scope of discovery related to Presbrey—and has actively endeavored to do so—the

5  Federal Rules of Civil Procedure and the Court's own order are not in accord.

6      AMPAS failed proffer any arguments or evidence to support its Opposition to

7  the requested modification of this lawsuit.  As such, and good cause being shown,

8  the Court should grant the relief requested by GoDaddy and issue an order

9  continuing all pre-trial deadlines and the current trial date by four months, as set

10  forth in GoDaddy's moving papers.

11  **II.   <u>ARGUMENT</u>**

12      In its Opposition, AMPAS raises a number of irrelevant points meant to

13  distract the Court from the essential issue to be considered on a motion to modify a

14  scheduling order: that, even with the exercise of due diligence, a party seeking the

15  modification could not meet the court's timetable.  Instead of addressing this issue,

16  AMPAS focuses its arguments on the reasons it believes GoDaddy is not deserving

17  of the relief requested.  In addition to lacking merit, AMPAS' arguments ignore the

18  applicable law allowing for such continuances, as well as their goal in promoting the

19  interests of judicial economy and ensuring that cases are determined on the merits

20  after full and complete discovery.

21      **A.   <u>AMPAS Does Not Oppose GoDaddy's Motion to Modify the</u>**

22      **<u>Scheduling Order on Its Merits</u>**

23      GoDaddy's moving papers demonstrate the requisite good cause to modify

24  the current scheduling order and illustrate its diligence in seeking the modification

25  as required by *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 605, 609 (9th Cir.

26  1992).  As the Ninth Circuit made clear in *Johnson*, a determination on Rule 16(b)'s

27  "good cause" standard primarily considers the diligence of the parties seeking the

28  amendment and favors modification of a pre-trial schedule, "if it cannot be

Wrenn Bender LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

2

1  reasonably met despite the diligence of the party seeking the extension." *Id.*  The

2  court in *Johnson* went on to state "although the existence of the degree of prejudice

3  to the party opposing the modification might supply additional reasons to deny the

4  motion, the focus of the inquiry is on the moving party's reasons for seeking

5  modification." *Id.* (citations omitted).

6        In its moving papers, GoDaddy reminded the Court of its previous order

7  granting GoDaddy the right to conduct full discovery into Presbrey, as well as

8  discovery into Presbrey-related information and activities.  GoDaddy further

9  informed the Court that it diligently propounded such discovery in issuing document

10  and deposition subpoenas to third party witness Presbrey.  GoDaddy presented the

11  Court with evidence demonstrating that even with diligence, it would not be able to

12  obtain all the information required to resolve the authentication issues presented by

13  the documents allegedly created by a software program developed and managed by

14  Presbrey within the time proscribed by the current scheduling order.  GoDaddy also

15  informed the Court that, regrettably, it was forced yet again to seek Judge Woerhle's

16  assistance in obtaining this discovery, further delaying the completion of fact

17  discovery and hampering GoDaddy's defense.  As a result, not only was GoDaddy

18  unable to complete fact discovery within the timeframe set by the Court's

19  scheduling order, but expert discovery will continue to be delayed until AMPAS and

20  Presbrey comply with their respective discovery obligations.  Until GoDaddy

21  receives this discovery, it will be unable to determine with certainty the exact expert

22  testimony it may need.

23        AMPAS presents neither evidence nor argument to contradict the

24  circumstances necessitating modification of the current scheduling order as

25  presented in GoDaddy's moving papers.  In the absence of such evidence, and in

26  light of the showing of good cause made by GoDaddy, this Court should grant the

27  relief requested and continue the pretrial deadlines and trial date by four months.

28  ///

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

3

WREN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

**B.**     **Presbrey-Related Arguments Raised by AMPAS in Opposing GoDaddy's Motion are Irrelevant to the Determination at Issue**

GoDaddy's moving papers, particularly the McKown Declaration and the documentary evidence attached thereto, present this Court with the only relevant events bearing on the issue presented to this Court: those events demonstrating that GoDaddy acted with diligence in attempting to complete Presbrey-related fact discovery.  AMPAS does not dispute or otherwise disagree with GoDaddy's recitation of its diligent efforts to secure Presbrey-related discovery within the timeframe set by the Court.  Instead, AMPAS presents a series of misguided claims and clear misrepresentations designed to deflect from its discovery delays.  These excuses and attacks are unavailing.

Rather than address the merits of GoDaddy's request, AMPAS argues that the instant motion is grounded in GoDaddy's own refusal to admit the authenticity of screenshots allegedly taken by a software program designed by Presbrey.  *See* Opposition at 1:13-18.  AMPAS further characterizes GoDaddy's assertion of its discovery rights as "bad faith" litigation tactics.  *Id.* at 2:1-2.  But AMPAS' attempt to focus this Court on its oft-repeated argument that GoDaddy does not need any Presbrey-related discovery to defend against AMPAS' claims presents this Court with an argument that is not only irrelevant to its determination on the instant motion but has already been litigated *ad nauseum* by the parties.

This Court previously determined that GoDaddy is entitled to full discovery into Presbrey and all Presbrey-related activities and information; AMPAS' efforts to re-litigate this issue fall flat.  [Dkt. 499 and 504].  Accordingly, GoDaddy will not burden the Court by responding point-by-point to the inflammatory, inaccurate and irrelevant claims presented in AMPAS' Opposition.  The following, however, addresses the most glaring inaccuracies and incomplete factual recitations contained in AMPAS' Opposition and the concurrently-filed Declaration of Enoch Liang: ///

4

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

·   With regard to the "exemplar" screenshots attached to the declaration of Enoch Liang, AMPAS continues to maintain that if GoDaddy would only admit that "screenshots *like these* are in fact GoDaddy Parked Pages," AMPAS would have no need to authenticate the exemplar screenshots and would be able to otherwise present them as evidence. Opposition at 1:13-18.   As recognized by this Court in ruling on the parties' respective motions for summary judgment, the Federal Rules of Evidence require more.  [Dkt. 491].

·   A review of the Declaration of David Michaels filed in support of AMPAS' Opposition to GoDaddy's Motion for Summary Judgment [Dkt. 408], as well as GoDaddy's Objections to the Declaration of David Michael [Dkt. 417-6], make clear that GoDaddy previously objected—and continues to object—to AMPAS' characterization of the evidence used to support its claim that "every GoDaddy witness who was asked admitted at deposition that the screenshots they were shown were in fact a GoDaddy parked page." Opposition at 1:19-25.  As AMPAS' own evidence demonstrates, this statement is simply not true.

·   AMPAS directs the Court to its allegedly unrebutted arguments contained in the Joint Discovery Stipulation [Dkt. 521], which was filed by the parties in relation to their ongoing Presbrey-related discovery dispute. *See* Opposition at 2:15-21.  Those arguments were, however, rebutted by GoDaddy in its Supplemental Brief in support of the relief requested in the Joint Discovery Stipulation [Dkt. 531], the totality of which is incorporated herein by reference.

AMPAS offers no relevant reasoning or support for its resistance to the requested modification.  Nor can it.  GoDaddy's motion is the direct result of this Court's June 24, 2013 and July 12, 2013 minute orders, which allow full discovery into Presbrey and all Presbrey-related activities and information.  [Dkt. 499 and

5

504].  It was brought as soon as reasonably possible and after making a series of attempts to meet and confer with opposing counsel.  Any suggestion that GoDaddy has done anything but push this case forward to trial is disingenuous, if not absurd. As demonstrated by the evidence presented in support of the moving papers, GoDaddy simply could not have been more vigilant in working to complete Presbrey-related discovery.

In a silent concession to the fact that further discovery relating to Presbrey is likely to be ordered by Judge Woerhle on February 4, 2014, AMPAS argues that the current trial date should not be modified even if such discovery is ordered because GoDaddy will have "plenty of time to complete that discovery without delaying the current trial date."  Opposition at 2:23-25.  AMPAS' argument, however, ignores the current scheduling order, which contemplates the completion of expert discovery and the re-filing of dispositive motions prior to trial.  Given the delays in completing fact discovery, it is impossible for GoDaddy—and indeed, AMPAS—to complete expert discovery related to Presbrey and to re-file dispositive motions within the current timelines set by the scheduling order, which are all based on the July trial date.  The trial date must be continued to provide the parties with sufficient time to complete their remaining pre-trial obligations on an uncompressed timeline.

AMPAS' repeated conduct in delaying and withholding basic discovery related to Presbrey—and, indeed, denying the existence of the requested information—despite the diligent efforts by GoDaddy to secure such discovery, warrants the modification sought by GoDaddy.

**C.** **The Current Posture of Expert Discovery Related to Both Presbrey and the Replacement Experts for Dr. Nass Militates in Favor of Granting the Requested Modification**

In recognizing the pressing time constraints presented by the pending discovery motions and in an abundance of caution, the parties have already agreed to continue the current expert deadline to February 14, 2014, a date beyond the

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

6

1   scheduled hearing date for the instant motion. *See* Opposition at 3:25-27. This brief

2   extension, however, is insufficient to provide the relief sought by GoDaddy as to

3   both Presbrey and the replacement experts for Dr. Nass.

4          With regard to Presbrey, as stated above, expert discovery cannot be

5   undertaken until fact discovery related to Presbrey is completed. As of the filing of

6   this reply memorandum, fact discovery related to Presbrey remains ongoing. In

7   reference to the replacement experts for Dr. Nass, GoDaddy will formally retain the

8   two experts needed to cover the topics previously testified to by Dr. Nass shortly.

9   The fact that GoDaddy will need to retain two experts to replace Dr. Nass is not

10  surprising, given that, as referenced in the moving papers, Dr. Nass was a singularly

11  qualified individual with regard to the topics on which he was retained and

12  designated to provide expert testimony.

13         The arguments and evidence presented in GoDaddy's moving papers provide

14  ample support for the requested modification of the current pre-trial deadlines and

15  trial dates. Those circumstances are only bolstered by (1) AMPAS' admission that

16  it intends to exclude the opinions preferred by the expert(s) replacing Dr. Nass and

17  (2) the fact that GoDaddy will likely seek to rely on such testimony in the

18  dispositive motions to be filed on or before April 15, 2013. *See* Opposition at 3:13-

19  28, including footnotes. Absent the requested modification, the parties will not have

20  a sufficient amount of time to exchange the necessary reports and rebuttal reports

21  related to the replacement experts, schedule expert depositions related to both

22  Presbrey and the replacement experts, and prepare the relevant motions prior to the

23  current dispositive motion deadline—a date that will be only two months away at

24  the time this motion is heard.

25  ///

26  ///

27  ///

28

W REN B ENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

### D.   Other Relevant Considerations Supporting the Modification Requested by GoDaddy

In addition to the circumstances necessitating the requested modification presented in the moving papers, AMPAS' Opposition also ignores the very real likelihood that the instant case is consolidated with a second case filed by AMPAS on November 15, 2013, a procedure that would necessitate a re-opening of discovery and the very same continuance of trial currently requested by GoDaddy and opposed by AMPAS.  Assuming the consolidation of these two cases, as contemplated by the Court at the status conference in this matter on June 24, 2013, it would be a needless waste of the Court's time and resources to deny the requested modification at this juncture only to have to revisit the issue in the upcoming months.  [Dkt. 502].

## III.   CONCLUSION

In light of the foregoing, as well as the arguments and evidence contained in the moving papers, GoDaddy respectfully requests the Court grant its motion to modify the scheduling order and issue an amended scheduling order that places the parties back on a realistic timeline for dispositive motions and trial.

Dated:  January 27, 2014                    **WRENN BENDER LLLP**
                                            Aaron M. McKown
                                            Paula L. Zecchini


                                            By:  */s Paula L. Zecchini*
                                                 Paula L. Zecchini
                                            Attorneys for Defendant
                                            GODADDY.COM, INC.