UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 10-3738 ABC (CWx)<br>CV 13-8458 ABC (CWx) | Date | 2/4/14 |
|---|---|---|---|
| Title | Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Defendant's Motions for Recusal

Defendant's motions for recusal in these related cases are untimely[1] and completely frivolous.

Defendant has litigated before the Honorable Audrey B. Collins for years, but raised its allegations of bias only after Judge Collins made several rulings against it. It was clear from the time Defendant first entered its appearance in CV 10-3738 that Judge Collins had been handling cases filed by the Academy since 1999 (see Related Case information at the top of page 1 of the docket), and that she had handled at least 16 other related cases, (see Docket no. 5). That same information appears at the top of the 13-8458 docket, and at Docket no. 4 (which states that the related cases "include CV 10-3738"). The alleged statement of David Quinto occurred in August 2012. The only thing that has changed since then to prompt these recusal motions is that Defendant has lost motions ruled on by Judge Collins.

---

[1] The Court should first address the "threshold" issue of whether this motion is timely. U.S. v. Rogers, 119 F.3d 1377, 1380 (9th Cir. 1997). "[R]ecusal issues must be raised at the earliest possible time after the facts are discovered." First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 989 n.8 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The motions also fail on the merits. The standard for determining disqualification is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citations omitted); see United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[2] "The reasonable person in this context means a well-informed, thoughtful observer as opposed to a hypersensitive or unduly suspicious person." Clemens v. U.S. Dist. Ct., 428 F.3d 1175 (9th Cir. 2005) (citation and internal quotations omitted). The question is whether such a person would "perceive[] a significant risk that the judge will resolve the case on a basis other than on the merits." Id. (citation and internal quotations omitted). A judge's expression of opinions formed during the course of the litigation does not justify recusal. "The alleged bias and prejudice to be disqualifying, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [his or her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (because adverse attitudes evinced by judge resulted from his study of depositions and briefs, recusal was not appropriate). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Circuit courts have consistently refused to require recusal based on statements of the judge's opinions, on motion or otherwise. For example, statements by a district judge to the prosecutor that the government's conduct was "absurd" and "asinine" and that counsel should: "[s]hare that with the head of [the] criminal [division]" did not require recusal because "[a] judge's views on legal issues may not serve as the basis for motions to disqualify." United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000) (quoting United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980)).

There is nothing in the record[3] to indicate that Judge Collins is biased in favor of Plaintiff in any way - or that there is an appearance of bias - beyond Defendant's imagination. First, there are only three issues that could be plausibly considered extrajudicial: the possible association of Judge Collins's daughter with Plaintiff, Judge Collins's acceptance of numerous related case transfers involving Plaintiff, and an

---

[2] The motions are made pursuant to 28 U.S.C. §§ 144 and 455. The standard is the same under both sections.

[3] The Court takes judicial notice of the requested documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

alleged statement by one of Plaintiff's lawyers who is not counsel of record in this case.[4]

Judge Collins's acceptance of related case transfers of numerous cases involving the same or similar marks owned by Plaintiff was not improper and is not a sign of bias. Under the system in place in this District, the transferee judge has substantial discretion whether to accept a transfer as related to a previous action. Nothing in the motion to recuse suggests that Judge Collins's acceptance of the transfers had anything to do with bias in favor of – or against – Plaintiff. A motion to recuse must be based on evidence, not speculation. See Yagman, 987 F.2d at 626.

As for Judge Collins's daughter, there is no evidence at all that she has any connection with Plaintiff. That she had what appears to be a small role in a single movie contained in Plaintiff's movie credit database has no bearing on Judge Collins's impartiality. There is no evidence – or even an allegation – that Judge Collins's daughter is in any way associated with Plaintiff beyond being listed in this database that Plaintiff maintains. It should go without saying that the fact that a judge's relative may have been briefly involved in the same *industry* as a party at some point in the past does not give rise to any impression that the judge would be biased in favor of that party.

What an attorney associated with Plaintiff – not even Plaintiff's counsel of record in these actions – may have said about Judge Collins obviously cannot be imputed to Judge Collins absent supporting evidence of bias. There is no such evidence. The accused attorney denies the accusation and the Court has no need to determine exactly what was said by the attorney or what, if anything, he meant to imply about Judge Collins. For these purposes, the Court must and does accept the allegation as true. But an insinuation by a lawyer that a judge is biased in favor of his client does not mean that the insinuation has any basis. Even affiant Kelly admits she considered the statement to be "merely a form of ill-advised posturing."[5] (Affidavit of Nima Kelly in Support of Motion to Recuse the Hon. Audrey B. Collins at ¶ 21.) Suggesting to an opposing party that the presiding judge is biased and, therefore, the opposing party should settle is improper, but it is not evidence that the judge is actually biased or that a reasonable person might question the judge's impartiality.

---

[4] Acceptance of case transfers is not really "extrajudicial." The related case transfer provisions are internal matters pertaining to the District's management of its cases.

[5] The Court has considered the entirety of the Kelly Affidavits in deciding these motions. It therefore need not rule on Defendant's objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The other issues raised have to do with Judge Collins's judicial conduct and are not a basis for recusal unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. But nothing about Judge Collins's rulings suggests any bias at all, let alone deep-seated favoritism or antagonism. Matters were placed before Judge Collins and she ruled on them; Defendant fails to demonstrate that the rulings were even incorrect. The decision that Defendant mostly criticizes – the decision not to exclude Plaintiff's late-disclosed witness – was well within her discretion under the circumstances and is not evidence of bias. Judge Collins found that the late witness disclosure, while mostly Plaintiff's fault, was at least partially the fault of Defendant and, therefore, the harsh sanction of exclusion was not appropriate. Judge Collins also reasonably wanted the parties to return to mediation in light of her rulings since the previous mediation. Defendant tries to twist an innocuous statement by Judge Collins that settlement should be more likely because Defendant "can see the outlines of the way it's going," into some sort of intimation of bias. It is obviously just an observation that circumstances had changed since the last mediation attempt and Defendant could now better see which of its arguments are going to have traction and which will not. And even if the statement was intended to convey that Judge Collins believed that Defendant was going to lose, there is no evidence that her belief was based on anything extrajudicial. Judge Collins may have simply formed the opinion, based on the proceedings in the case, that Defendant's case is not very strong and the parties should work on reaching a settlement rather than wasting time and money in a trial. Expressing a judicial opinion based on the law and the facts is not a ground for recusal. It is what judges do every day.

Finally, Defendant's assertion that Judge Collins advised Plaintiff to file a second lawsuit covering a new group of domain names is demonstrably false. It was Plaintiff's counsel who advised Judge Collins that he would consider filing a new case if the parties could not settle - and that the new case "presumably would be transferred" to Judge Collins. (Declaration of Enoch Liang, Ex. A, Transcript of June 24 hearing at 6:14-7:3.) Defense counsel agreed that the new group of claims "should be part of a separate action and shouldn't be part of this lawsuit." (Id. at 8:10-13.) Judge Collins then correctly noted that the new matter would be "low-numbered" to her. (Id. at 8:15-18.)

There is no evidence that Judge Collins is biased or that any reasonable person would question her impartiality in these matters.[6] The motions are DENIED.

---

[6] As Defendant's other passing insinuations are equally frivolous, the Court declines to address them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

IT IS SO ORDERED.