| | |
|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP |
| 2 | Stuart Singer (*pro hac vice*)<br>ssinger@bsfllp.com |
| 3 | 401 East Las Olas Blvd, Suite 1200<br>Fort Lauderdale, FL 33301 |
| 4 | Tel: 954-356-0011<br>Fax: 954-356-0022 |
| 5 | David L. Zifkin (SBN 232845) |
| 6 | dzifkin@bsfllp.com<br>401 Wilshire Blvd., Suite 850 |
| 7 | Santa Monica, CA 90401<br>Ph. 310-752-2400 |
| 8 | Fx. 310-752-2490 |
| 9 | [Additional Counsel Listed On Signature Page] |
| 10 | Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>GODADDY.COM, INC., et al.,<br><br>          Defendants. | | Case No.:  CV- 10-03738 ABC (CWx)<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASE NO. CV-10-03738-ABC WITH CASE NO. CV-13-08458-ABC**<br><br>[Memo. of Points and Authorities filed concurrently herewith]<br><br>Date:  April, 7, 2014<br>Time:  10:00 a.m.<br>Place:  Courtroom 680<br>Complaint Filed:  May 18, 2010<br>Trial Date:  December 2, 2014 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 7, 2014, at 10:00 a.m., or as soon thereafter as the matter can be heard, Plaintiff Academy of Motion Picture Arts and Sciences will and hereby does move the Court for an order consolidating *Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc., et al.*, Case No. CV-10-03738-ABC ("*AMPAS I*") with *Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc., et al.*, Case No. CV-13-08458-ABC ("*AMPAS II*"), limiting discovery to issues that relate uniquely to the new domain names at issue in *AMPAS II*, and precluding discovery and motion practice related to issues already addressed in *AMPAS I*.

Plaintiff brings this Motion pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 25, 2014.  This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities concurrently filed herewith, as well as all pleadings and papers on file in *AMPAS I* and *AMPAS II*, and any other matter that may be presented to the Court at the hearing.

Respectfully submitted,

DATED:  March 10, 2014          BOIES, SCHILLER & FLEXNER LLP

FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC

LEE, TRAN, LIANG, & WANG APLC

By: /s/David L. Zifkin

BOIES, SCHILLER & FLEXNER LLP
Stuart Singer (*pro hac vice*)
ssinger@bsfllp.com
401 East Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Ph. 310-752-2400
Fx. 310-752-2490

FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC
Robert M. Foote (*pro hac vice*)
rmf@fmcolaw.com
Matthew Herman (*pro hac vice*)
mjh@fmcolaw.com
10 West State Street, Suite 200
Geneva, Illinois 60134
Tel: 630-232-7450
Fax: 630-232-7452

LEE, TRAN, LIANG, & WANG APLC
James M. Lee (SBN 192301)
jml@ltlcounsel.com
Enoch H. Liang (SBN 212324)
ehl@ltlcounsel.com
601 South Figueroa Street, Suite 4025
Los Angeles, CA 90017
Tel: 213-612-8900
Fax: 213-612-3773

Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences

Plaintiff Academy of Motion Picture Arts and Sciences ("AMPAS" or "Plaintiff") respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Consolidate *Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc., et al.*, Case No. CV-10-03738-ABC ("*AMPAS I*") with *Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc., et al.*, Case No. CV-13-08458-ABC ("*AMPAS II*").

## Preliminary Statement

*AMPAS I* and *AMPAS II* should be consolidated under Federal Rule of Civil Procedure 42(a) because they involve common questions of law and fact. In fact, the two cases are nearly as identical as any two cases can be: they involve the same trademarks, causes of action, damages calculations, witnesses, and parties. Consolidation thus will avoid the risk of inconsistent adjudications; reduce the burden on the Court, the parties, and witnesses; and enhance judicial efficiency. Because of the substantial overlap between *AMPAS I* and *AMPAS II*, the Court should also limit discovery in *AMPAS II* to issues that relate uniquely to the infringing domain names at issue in *AMPAS II* (and not at issue in *AMPAS I*).

## Argument

If separate "actions before the court involve a common question of law or fact," the court may "consolidate the actions." Fed. R. Civ. P. 42(a). The rule serves to enhance trial court efficiency (e.g., by avoiding unnecessary consumption of the Court's time, unnecessary burden on parties and witnesses, and the duplication of evidence and procedures posed by multiple lawsuits) and to avoid "the risk of inconsistent adjudications of common factual and legal issues." *See Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982); Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.). Whether to consolidate "is within the broad discretion of the district court," *In re Adams Apple, Inc.*, 829 F.2d 1484 (9th Cir. 1987), and is not dependent on party approval. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *see also* Wright & Miller, 9A Fed.

Prac. & Proc. Civ. § 2383 (3d ed.). In determining whether to consolidate actions, "a court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.) (citing cases).

*AMPAS I* and *AMPAS II* plainly involve common questions of law and fact. The Second Amended Complaint in *AMPAS I* and the First Amended Complaint in *AMPAS II* involve the same causes of action, the same trademarks, the same parties, the same witnesses, the same evidence, the same events, the same claims for relief, and the same damages theories and calculations. *Compare* Doc. 170 in *AMPAS I* at ¶¶ 1-15, 18, 19, 22-28, 31-33, 35, 37, 40, 42-81 and Prayer for Relief *with* Doc. 20 in *AMPAS II* at ¶¶ 1-69 and Prayer for Relief. The two cases are distinguishable only by the infringing domain names at issue. *Compare* Doc. 170 in *AMPAS I* at ¶¶ 35, 40 *with* Doc. 20 in *AMPAS II* at ¶¶ 30, 31. Federal Rule of Civil Procedure 42(a) was designed to permit consolidation in cases precisely like this one – where common questions of law and fact are pervasive. *See*, *e.g.*, *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 2005 WL 147364, at *2 (S.D.N.Y. Jan. 24, 2005) (consolidation warranted where same trademarks were at issue); *Townsley v. Hydro International LLC*, 2010 WL 3070387 (C.D. Cal. Aug. 2, 2010) (same); *Ho Keung Tse v. Apple, Inc.*, 2013 WL 451639 (N.D. Cal. Feb. 5, 2013) (consolidation warranted where same patent was at issue); *Waste Distillation Techn., Inc. v. Pan Am. Resources, Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991) (consolidation warranted where same copyright was at issue).

That *AMPAS I* is substantially advanced, with almost all discovery completed and partial summary judgment rulings issued (which should of course govern the same questions in *AMPAS II*), favors of consolidation. *See*, *e.g.*, *Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002) (finding that because discovery in one action had progressed further than another should not prevent consolidation but might "even favor it."); *Fields v.*

*Provident Life & Accident Insurance Co.*, 2001 WL 818353, at *6 (E.D. Pa. July 10, 2001) (consolidation was warranted when one action was ready for trial and the other was in its infancy because discovery and trial preparation in the second litigation would "overlap significantly with the work already completed" for the first litigation).

Because of the near total overlap between *AMPAS I* and *AMPAS II*, the Court should limit discovery in *AMPAS II* to issues that relate uniquely to the new domain names at issue in *AMPAS II*, and should preclude discovery and motion practice related to issues addressed in *AMPAS I*. *See*, *e.g.*, *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 142 (S.D.N.Y. 2000) (consolidating cases and finding that discovery in the second case should be limited only to that needed to supplement discovery taken in the first case); *Tidwell v. Homeland Carriers, Inc.*, 2010 WL 1294135, at *1 (M.D. Ala. Mar. 30, 2010) (same). The limited discovery (if any) needed in *AMPAS II* can be completed well before the December 2, 2014 trial date in *AMPAS I*.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order consolidating *AMPAS I* and *AMPAS II*, limiting discovery to issues that relate uniquely to the new domain names at issue in *AMPAS II*, and precluding discovery and motion practice related to issues addressed in *AMPAS I*.

Respectfully submitted,

DATED:  March 10, 2014          BOIES, SCHILLER & FLEXNER LLP

FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC

LEE, TRAN, LIANG, & WANG APLC

By: /s/David L. Zifkin

BOIES, SCHILLER & FLEXNER LLP
Stuart Singer (*pro hac vice*)
ssinger@bsfllp.com

- 3 -                                                              MOTION TO CONSOLIDATE

401 East Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Ph. 310-752-2400
Fx. 310-752-2490

FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC
Robert M. Foote (*pro hac vice*)
rmf@fmcolaw.com
Matthew Herman (*pro hac vice*)
mjh@fmcolaw.com
10 West State Street, Suite 200
Geneva, Illinois 60134
Tel:  630-232-7450
Fax:  630-232-7452

LEE, TRAN, LIANG, & WANG APLC
James M. Lee (SBN 192301)
jml@ltlcounsel.com
Enoch H. Liang (SBN 212324)
ehl@ltlcounsel.com
601 South Figueroa Street, Suite 4025
Los Angeles, CA 90017
Tel: 213-612-8900
Fax: 213-612-3773

Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences