**WRENN BENDER LLLP**
Aaron M. McKown, California Bar No. 208781
Paula L. Zecchini, California Bar No. 238731
2 Park Plaza, Suite 550
Irvine, California 92614
Telephone.: (949) 202-5810
Facsimile:   (949) 679-7939
E-Mail:      amckown@wrennbender.com
             pzecchini@wrennbender.com

Attorneys for Defendant
GODADDY.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>Defendants. | Case No. CV10-3738-ABC (CW)<br><br>Assigned to Hon. Audrey B. Collins Courtroom 680<br><br>**DEFENDANT GODADDY.COM INC.'S OPPOSITION TO MOTION TO CONSOLIDATE CASE NO. CV10-03738-ABC AND CASE NO. CV13-08458-ABC**<br><br>Date: April 7, 2014<br>Time: 10:00 a.m.<br>Place: Courtroom 680<br><br>Complaint Filed: May 18, 2010<br>Trial Date:      December 2, 2014 |

## I. INTRODUCTION

Defendant GoDaddy.com, Inc. ("GoDaddy") agrees that *Academy of Motion Picture Arts and Sciences v. GoDaddy.com, LLC*, et al., CV10-3738-ABC ("AMPAS I") and *Academy of Motion Picture Arts and Sciences v. GoDaddy.com, LLC*, et al., CV13-08458-ABC ("AMPAS II") (collectively, "the Actions"), raise common questions of law or fact and that this Court, in its discretion, may consolidate the two actions. *See* Fed. R. Civ. P. 42(a). Consolidation at this stage of the proceedings, however, would be wholly inappropriate and potentially prejudicial to the rights of both parties to participate in and complete full discovery without being forced to do so on a compressed timeline. More generally, consolidation of the Actions at any stage would complicate the trial, confuse the jury, prejudice one or more of the parties, and effectively reverse this Court's prior order determining that the domain names now at issue in AMPAS II not proceed to trial in AMPAS I.

The goal underlying consolidation is the maximization of judicial efficiency and economy. The parties' renewed ability to engage in third-party discovery, coupled with the procedural posture of the two cases, the need for additional party and expert discovery, the differing factual issues, and the pending trial and pre-trial dates in AMPAS I, highlight the inefficiencies and the confusion that would result if the Actions were consolidated. As such, GoDaddy respectfully requests that this Court deny the pending motion to consolidate.

If the Court is inclined to order consolidation of the Actions, GoDaddy requests that the issuance of a consolidation order be delayed until such time as the parties are able to complete all fact and expert discovery related to AMPAS II. In the meantime, the two actions should retain their separate identities, and the parties in the two actions should continue to litigate their separate claims pursuant to coordinated proceedings.

## II. RELEVANT BACKGROUND FACTS

AMPAS filed the instant action on May 11, 2010. *See* Complaint [Dkt. 1]. In

**WRENN BENDER LLLP**
2 Park Plaza, Suite 550
Irvine, California 92614

1  the Court's initial Scheduling Order, AMPAS' deadline to identify any additional
2  domain names was 60 days before the discovery cut-off date. *See* Oct. 5, 2010
3  Minute Order [Dkt. 15]. Thereafter, the Court accepted the parties' stipulation
4  continuing pretrial and trial deadlines. *See* June 9, 2011 Order [Dkt. 95]. This
5  Order continued the deadline by which AMPAS was to disclose additional
6  infringing domain names to a specific date: September 14, 2011. *See id.*

7        Thereafter, the parties again stipulated to continue certain dates, and the Court
8  accepted the parties' stipulation. *See* Sept. 27, 2011 Order [Dkt. 50]. This final
9  schedule, however, did not extend AMPAS' deadline for identifying additional
10 domain names. The operative deadline for AMPAS to disclose additional names
11 was therefore September 14, 2011. During their meet and confer process
12 surrounding the second stipulation, the parties discussed whether to extend
13 AMPAS' deadline to disclose additional domains. *See* June 21, 2014 Order [Dkt.
14 491]. AMPAS recognized that the stipulation submitted to the Court did not extend
15 its deadline to disclose and informed GoDaddy that it reserved its right to ask the
16 Court to extend the deadline. *Id.*

17       In ruling on AMPAS' MSJ in AMPAS I, the Court noted: "If the stipulation
18 as submitted did not accurately reflect the parties' agreement, [AMPAS] could have
19 promptly sought relief from the Court. Similarly, if the parties could not agree
20 about this deadline, [AMPAS] could have filed a motion asking the Court to extend
21 it. But [AMPAS] did not seek relief from the order that was entered. Thus, the
22 operative deadline was September 14, 2011." *See* June 21, 2014 Order [Dkt. 491].
23 The Court found accordingly that domain names disclosed by AMPAS after
24 September 14, 2011 were not timely disclosed and therefore, not at issue. *Id.*

25 **III.   RELEVANT PROCEDURAL POSTURE**
26       AMPAS I is set for trial on December 2, 2014. In advance of that date, the
27 parties are subject to the following pre-trial scheduling order:
28       (a)   Limited Fact Discovery Cut-Off, deriving from or relating to Joe

Presbrey, is set for April 30, 2014;

(b) Expert Report(s) on behalf of GoDaddy, deriving from or relating to Joe Presbrey fact discovery and for any expert(s) replacing Dr. Clifford Nass, are due June 4, 2014;

(c) Rebuttal Expert Reports on behalf of AMPAS, deriving from or relating to Joe Presbrey fact discovery, are due July 7, 2014;

(d) Expert Discovery Cut-Off is set for July 25, 2014;

(e) Dispositive Motion Cut-Off is set for August 15, 2014;

(f) Dispositive Motion Hearing Date is set for September 22, 2014, at 10:00 a.m.;

(g) Final mediation deadline is October 17, 2014; and

(h) Final Pre-Trial Conference is set for November 17, 2014, at 10:00 a.m.

*See* February 5, 2014 Order [Dkt. 540].

AMPAS II was filed on November 15, 2014, nearly five months after the Court determined that AMPAS had failed to timely disclose the domain names upon which the claims in AMPAS II are now based. *See* Complaint [Dkt. 1, CV-10-3738-ABC]. A Scheduling Conference in accordance with Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") is set for April 7, 2014 at 10:00 a.m., concurrent with the hearing on the pending motion. *See* February 11, 2014 Order [Dkt. 39, CV-10-3738-ABC]. No other pre-trial dates have been set.

**IV. CONSOLIDATION OF THE ACTIONS IS INAPPROPRIATE**

AMPAS devotes the majority of its three-page motion to consolidate to the argument that AMPAS I and AMPAS II have common questions of law and fact. GoDaddy concedes that this is the case. However, "the mere existence of common issues ... does not mandate consolidation." *Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.,* 1994 U.S. Dist. LEXIS 17569, *13 (C.D. Cal. 1994). As AMPAS acknowledges, the Court must weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice caused

1 by consolidation. AMPAS' Motion to Consolidate ("Motion") at 1:19-25. Indeed,
2 AMPAS "bears the burden to establish that consolidation would promote trial
3 convenience and economy in administration." *Leviton Manufacturing Co. v. Nicor,*
4 *Inc.,* 2007 U.S. Dist. LEXIS 8920, * 10 (D.N.M. 2000) citing *Shump v. Balka,* 574
5 F.2d 1341, 1344 (10th Cir. 1978). AMPAS has not met and cannot meet this
6 burden.

### A. AMPAS' Motion Seeks an End-Run around This Court's Order Denying AMPAS' Request to Litigate the Domains Names Identified in AMPAS II with those in AMPAS I

10 Despite the fact that this Court previously refused to allow AMPAS to
11 proceed in litigating the domain names now at issue in AMPAS II with those in
12 AMPAS I, AMPAS now seeks to have the cases consolidated. To consolidate the
13 Actions, however, would effectively reverse this Court's June 21, 2014 Order,
14 which refused to allow any domain names not timely identified to proceed to trial in
15 AMPAS I—a result that has been judicially recognized as "absurd." *See In Re*
16 *Dual-Deck Video Cassette Recorder Anti-Trust Litigation, Go-Video, Inc. v.*
17 *Matsushita Elec. Ind. Co., Ltd.* ("Dual Deck"), 1991 U.S. Dist. LEXIS 20824, *6
18 (D. Az. 1991) (holding that "[a] decision denying leave to amend that was based on
19 prejudice to the defendants and dilatoriness in bringing the claims plaintiff sought to
20 add are the sort of grounds that should bar bringing those claims in a later action").

21 This Court provided AMPAS until September 14, 2011 to disclose additional
22 infringing domain names to be included in AMPAS I. *See* June 21, 2014 Order
23 [Dkt. 491]. AMPAS failed to identify the domain names now the subject of
24 AMPAS II by that deadline. *See id*. As noted above, courts have held that this is
25 exactly the kind of dilatory conduct that should not be excused through the improper
26 filing of a second lawsuit. Indeed, in *In re Dual-Deck Video Cassette Recorder*
27 *Antitrust Litigation*, No. 765 PHX RCB, 1991 WL 425379 at *2 (D. Ariz. Jan. 7,
28 1991) the court, in commenting on *Oxbow Energy, Inc. v. Koch Industries, Inc.*, 686

WRENN BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

F. Supp. 278, 282 (D. Kan. 1998), made the following observation:

> In Oxbow, as in this case, no final judgment had been rendered in the earlier action. Allowing the second action, the court stated, would not only defeat the purposes of the rule against claim-splitting but also effectively reverse the trial court's denial of leave to amend. The "absurd" result might then be consolidation of the new case with the original action and effective reversal of the judge's denial of leave to amend.

*Id.* at **7-8 (emphasis added).

While AMPAS may argue that the above-cited case law is inapplicable to the instant motion because AMPAS never filed a motion for leave to amend—a pregnant admission in itself—the procedural posture related to those domain names now the subject of AMPAS II is plainly analogous to such a motion having been filed and denied; the end result is the same.

Indeed, despite failing in its effort to assert the claims now pending in AMPAS II in the original case, AMPAS is now maintaining two separate actions involving the same subject matter at the same time in the same court and against the same defendant. AMPAS admits as much in seeking consolidation. *See* Motion at 2:5-12. Such conduct, however, constitutes impermissible claim splitting and is barred as a matter of law. *See Adams v. California Dep't of Health Services*, 487 F.3d 684 (9th Cir. 2007); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007) (Houston, J.). For this reason alone, AMPAS' motion to consolidate should be denied.

**B. Consolidation of the Actions Will Necessitate a Further Continuance of the Trial in AMPAS I and Cause Undue Delay and Prejudice to GoDaddy**

Contrary to AMPAS' assertion, consolidation will unduly delay the conclusion of AMPAS I. Fact and expert discovery in AMPAS I is closed, with the

limited exception of issues relating to Joe Presbrey and GoDaddy's identification of a replacement expert for the recently deceased Clifford Nass. Dispositive motions are due to be filed by August 15, 2014 and trial is set to commence on December 2, 2014. In contrast, the Rule 26 Scheduling Conference in AMPAS II is scheduled to take place on the same date as the hearing on this motion and discovery has yet to commence.

Despite the above procedural posture, AMPAS makes the conclusory statement that "the limited discovery (if any) needed in *AMPAS II* can be completed well before the December 2, 2014 trial date in *AMPAS I*." Motion at 3:13-15. The issue, however, is not whether discovery in AMPAS II can be completed before December 2014. Rather, the issue is whether party, third-party, and expert discovery in AMPAS II can be completed in time for the parties to prepare dispositive motions ahead of the August 15, 2014 deadline, all while the parties are also working to complete the remaining fact and expert discovery in AMPAS I. The answer is simply, no.

AMPAS admits that the parties will need to engage in additional discovery related to AMPAS II. As in any lawsuit, the parties will likely also seek to engage in third-party and expert discovery, some of which may require out-of-district subpoenas. Given the likelihood that any party or third-party discovery may result in motion practice, it is unlikely that fact discovery can be completed in relation to AMPAS II before July 2014. Indeed, given the procedural posture of AMPAS II, GoDaddy is unable to commence party discovery or serve third-party subpoenas prior to April 7, 2014, the current date for the Rule 26 Scheduling Conference. Even assuming GoDaddy served discovery requests and/or third-party subpoenas on that date, it would be a *minimum* of 76 days before a potential motion to compel could be heard, i.e., June 23, 2014.[1] The parties would be hard-pressed to complete

---

[1] This calculation takes into account the 30-day notice to be provided in relation to party-related discovery requests and third-party subpoenas under the Federal Rules of Civil Procedure, as well the 18-day timeline required to confer, prepare and file a

1 any written discovery and depositions ordered after that date prior to the current
2 August 15, 2014 dispositive motion deadline. The contemplated consolidation
3 would necessarily require a continuance not only of the dispositive motion deadline
4 but all related pre-trial deadlines, as well as the trial date.

If the Court grants AMPAS' motion outright, GoDaddy will be compelled to try the claims against it in AMPAS II without the benefit of a full discovery process. GoDaddy should not be forced to suffer the prejudice of a shortened discovery timeline related to AMPAS II so that AMPAS can be afforded an opportunity to which this Court previously determined it was not entitled: the ability to litigate the domain names at issue in both AMPAS I and AMPAS II in the same action.

### C. Consolidation of the Actions Will Not Promote Efficiency in the Trial of AMPAS I

AMPAS baldly asserts, without further discussion, that "[c]onsolidation thus will avoid the risk of inconsistent adjudications; reduce the burden on the Court, the parties, and witnesses; and enhance judicial efficiency." Motion at 1:12-13. This assertion, against the backdrop of the procedural postures of AMPAS I and AMPAS II, as well as the concession that additional discovery is needed in connection with AMPAS II, lacks merit. Indeed, the inefficiencies of consolidation in this matter are similar to those that would have manifested themselves had consolidation been granted in the *Applied Materials* case, i.e., "consolidation would require the same jury to hear, digest, and keep separate testimony" on a subset of the domain names at issue, despite the fact that the testimony may be theoretically relevant to all of the domain names. The likelihood of jury confusion outweighs any efficiency that might be achieved through consolidation.

Although the case before this Court does not, like *Applied Materials*, involve multiple patents, consolidation nonetheless would increase the likelihood of juror

---

joint stipulation on a motion to compel under Local Rule 37, and the 28-day notice period required for hearings on those motions.

- 7 -

confusion, lengthen the trial, and invite juror boredom. By virtue of the fact that AMPAS has conceded that additional discovery is required to prepare AMPAS II for trial, AMPAS cannot refute that consolidation of the Actions would necessarily lengthen the trial because of the need to introduce additional evidence related to the domain names identified in AMPAS II.

The inclusion at a consolidated trial of evidence and testimony at issue in AMPAS II, which this Court may determine cannot be considered by the jury in AMPAS I, will lead to incomprehensible jury instructions and call for the type of mental gymnastics that should not be demanded of jurors. There is no doubt that the consolidation would further lead to an extremely complicated and lengthy jury verdict form, which the parties would hotly dispute. Consolidation will engender confusion and complication, not efficiency. As such, AMPAS' motion to consolidate should be denied.

## V. CONSOLIDATION SHOULD NOT BE ORDERED, IF AT ALL, UNTIL AFTER THE COMPLETION OF ALL FACT AND EXPERT DISCOVERY RELATED TO AMPAS II

In light of the law and evidence presented above, this Court should deny the pending motion to consolidate outright. If, however, the Court is inclined to order consolidation of the Actions, GoDaddy requests (1) a continuance of all existing deadlines in AMPAS I for a period of no less than six months to accommodate the fact and the expert discovery to be completed in AMPAS II and (2) that the issuance of a consolidation order be delayed until such time as the parties are able to complete all fact discovery related to AMPAS II, including any third party discovery.

While there is no identifiable prejudice to AMPAS in delaying consolidation, it is clear that until such time as the aforementioned discovery is completed, the extent of prejudice to GoDaddy, if any, resulting from consolidation of the Actions cannot be properly determined. In the meantime, the two actions should retain their

separate identities, and the parties in the two actions should continue to litigate their separate claims pursuant to coordinated proceedings.

## VI. CONCLUSION

Based on the foregoing, GoDaddy respectfully requests the Court deny the pending motion to consolidate in its entirety. In the alternative, GoDaddy respectfully requests the Court (1) a continuance of all existing deadlines in AMPAS I for a period of no less than six months to accommodate the fact and the expert discovery to be completed in AMPAS II or (2) delay ordering consolidation until such time as the parties are able to complete all fact and expert discovery related to AMPAS II.

Dated: March 17, 2014

**WRENN BENDER LLLP**
Aaron M. McKown
Paula L. Zecchini

By: *s/ Aaron McKown*
       Aaron McKown
Attorneys for Defendant
GODADDY.COM, INC.

## CERTIFICATE OF SERVICE

  Pursuant to L.R. 5–3, I hereby certify that on March 17, 2014, I electronically filed the foregoing document, **DEFENDANT GODADDY.COM, INC.'S OPPOSITION TO MOTION TO CONSOLIDATE CASE NO. CV10-03738-ABC and CASE NO. CV13-080457-ABC**, with the Clerk of the Court by using the CM/ECF system and that the foregoing document is being served on all counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF:

| | |
|---|---|
| Enoch H. Liang<br>James M. Lee<br>**Lee Tran & Liang APLC**<br>601 South Figueroa Street, Suite 4025<br>Los Angeles, CA 90017 | Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences<br>Phone: 213-612-3737<br>Fax: 213-612-3773<br>E-mail: jml@ltlcounsel.com;<br>ehl@ltlcounsel.com |
| Stuart Singer<br>David Nelson<br>**Boies, Schiller & Flexner LLP**<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301 | Phone: 954-356-0011<br>Fax: 954-356-0022<br>E-mail: ssinger@bsfllp.com;<br>dnelson@bsfllp.com |
| David Michels, Esq.<br>David L. Zifkin, Esq.<br>**Boies, Schiller & Flexner LLP**<br>401 Wilshire Blvd., Suite 850<br>Santa Monica, CA 90401 | Phone: 310-752-2400<br>Fax: 310-752-2490<br>Email: dzifkin@bsfllp.com;<br>dmichaels@bsfllp.com |
| Robert M. Foote<br>Kathleen Chavez<br>Matthew Herman<br>**Foote, Mielke, Chavez & O'Neil LLC**<br>10 West State Street, Suite 200<br>Geneva, IL 60134 | Phone: 630-232-6333<br>Fax: 630-845-8982<br>E-mail: rmf@fmcolaw.com;<br>kchavez@fmcolaw.com; and<br>mherman@fmcolaw.com |

*/s/ Laura Juarez*
LAURA T. JUAREZ