BOIES, SCHILLER & FLEXNER LLP
Stuart Singer (*pro hac vice*)
ssinger@bsfllp.com
401 East Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Ph. 310-752-2400
Fx. 310-752-2490

[Additional Counsel Listed On Signature Page]

Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., et al.,<br><br>Defendants. | Case No.: CV- 10-03738 ABC (CWx)<br><br>**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASE NO. CV-10-03738-ABC WITH CASE NO. CV-13-08458-ABC**<br><br>Date: April, 7, 2014<br>Time: 10:00 a.m.<br>Place: Courtroom 680<br>Complaint Filed: May 18, 2010<br>Trial Date: December 2, 2014 |

Plaintiff Academy of Motion Picture Arts and Sciences ("AMPAS" or "Plaintiff") respectfully submits this Reply in Support of its Motion to Consolidate *Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc., et al.*, Case No. CV-10-03738-ABC ("*AMPAS I*") with *Academy of Motion Picture Arts and Sciences v. GoDaddy.com, Inc., et al.*, Case No. CV-13-08458-ABC ("*AMPAS II*").

## **Preliminary Statement**

GoDaddy concedes that *AMPAS I* and *AMPAS II* have many common issues of law and fact. Nonetheless, it asserts that consolidation is inappropriate for four reasons, each of which is meritless.

*First*, GoDaddy argues that the motion to consolidate seeks to circumvent the Court's order keeping the domain names in *AMPAS II* out of *AMPAS I*. That argument is wrong, and is contrary to the position that GoDaddy took at the June 24, 2013 status conference where it "understood" that a separate action regarding additional domain names likely would be consolidated with *AMPAS I*.

*Second*, GoDaddy argues that the causes of action in *AMPAS II* violate the rule against claim splitting, which prohibits bringing the ***same*** cause of action in separate cases. The causes of action in *AMPAS II* are ***distinct*** from those in *AMPAS I*, however, because each infringing domain names gives rise to a separate and distinct cause of action. Moreover, GoDaddy's argument is in direct conflict with the position it took at the June 24, 2013 status conference where it said it agreed that the additional domain names should be part of a separate action.

*Third*, GoDaddy argues that it is entitled to broad, time consuming discovery in *AMPAS II*, but not does not identify what, if any, discovery it actually requires. In fact, very little (if any) discovery is needed (and should be allowed) in *AMPAS II* because (i) no discovery should be permitted concerning issues addressed by or resolved in the Court's summary judgment order in *AMPAS I*; (ii) as a result, discovery in *AMPAS II* should be limited to issues uniquely related to the domain names in *AMPAS II*; and (iii) such discovery can be completed by July 2014 and

within the Court's schedule for *AMPAS I*.

*Fourth*, GoDaddy argues that consolidation will lengthen the trial and lead to confusion, but provides no support for these assertions. In fact, consolidation will result in a substantial reduction in the total length of the trial of *AMPAS I* and *AMPAS II* because the many common issues of fact and law will be litigated in a single trial.

## Argument

### A. GoDaddy's Argument That Plaintiff Has Sought To Circumvent The Court's Order Regarding Domain Names Is Meritless.

GoDaddy argues that the motion to consolidate is an attempt to circumvent the Court's order keeping the domain names in *AMPAS II* out of *AMPAS I*. That is false. This motion to consolidate simply demonstrates why GoDaddy should not have opposed adding these domain names to *AMPAS I*, because – as Plaintiff explained to GoDaddy at the status conference on June 24, 2013 – the result would be filing a new case that relates to *AMPAS I* and would be consolidated with it. Declaration of David Zifkin ("Zifkin Decl."), Ex. 1, June 24, 2013 Hearing Tr. at 6:2-7:5. In particular, Plaintiff's counsel stated the following at that hearing:

> Of the 115 names where we moved for Summary Judgment, asking the Court to make as a matter of law a determination of confusing similarity, 72 of them are included in the September 14th, 2011, disclosure or earlier disclosures. 43 of them occurred after that date. So for the 72, they would be clearly on the list, which would indicate that they are now ready for ruling. And with respect to the others and for whatever additional names arise after September, 2011, we would first seek to resolve this case by settlement, and only if that is not possible, then looking at filing an additional case, which may be stayed or which may be consolidated. We, certainly, don't want to delay this trial any further, but we aren't prepared to have those names just go by

the wayside.  So we would file something if the case couldn't be resolved that presumably would be transferred to this division and could be held pending the result of the case or consolidated in whatever way makes the most sense.

*Id.* at 6:9-7:2.

GoDaddy's counsel then agreed that the domain names disclosed after September 14, 2011 should be filed in an additional case: "I'll start by saying we agree that the untimely disclosed domain names should be part of a separate action and shouldn't be part of this lawsuit.  So we would agree with the Academy on that point." *Id.* at 8:10-13.

After that statement from GoDaddy's counsel, the Court then advised that the additional action – i.e., *AMPAS II* – would be assigned to this Court under the local rules and would likely be consolidated with *AMPAS I*: "But, of course, it is true I will get the case under the local rules and presuming – as I'm sure I can safely presume that this case is not going to trial, it will be consolidated." *Id.* at 8:15-18.  Thereafter, GoDaddy's counsel responded that he "Understood" that fact at the time. *Id.* at 8:19.  Thus, Plaintiff's motion to consolidate is consistent with the Court's prior rulings in *AMPAS I*.

**B. GoDaddy's "Claim Splitting" Argument Is Meritless Because Each Infringing Domain Name Gives Rise To A Separate Cause Of Action.**

GoDaddy also argues that AMPAS's causes of action in *AMPAS II* violate the rule against claim splitting.  GoDaddy's argument is not only incorrect, but also fails to apply the test to determine whether claim splitting has occurred.

The rule against claim splitting precludes a party from bringing the ***same cause of action*** in separate litigations.  *Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) ("in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief

REPLY IN SUPPORT OF
MOTION TO CONSOLIDATE

sought . . . are the same").[1] In this case, there can be no doubt that *AMPAS II* articulates **distinct** causes of action from *AMPAS I* because each infringing domain name gives rise to a separate and distinct cause of action under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* – and GoDaddy does not argue otherwise. *See*, *e.g.*, 15 U.S.C.A. §1125; *Suh v. Yang*, 987 F. Supp. 783, 796 (N.D. Cal. 1997) ("each allegedly infringing display of Defendant's service name on products, advertisements, etc., could create a separate cause of action for unfair competition and trademark infringement"); *accord Klein Electronics, Inc. v. Boxwave Corp.*, 2011 WL 2560238, at *3 (S.D. Cal. June 27, 2011).[2]

Moreover, GoDaddy's argument about claim splitting is at odds with the position it took at the June 24, 2013 status conference where GoDaddy agreed the domain names in *AMPAS II* should be part of a separate action from *AMPAS I* that likely would be consolidated with *AMPAS I* at a later date. *See* Section A *supra*; Zifkin Decl., Ex. 1, June 24, 2013 Hearing Tr. at 8:10-19.

### C. Consolidation Will Promote The Efficient Resolution Of Both *AMPAS I* And *AMPAS II*.

GoDaddy contends that consolidation will result in delay and inefficiency

---

[1] The case upon which GoDaddy principally relies articulates the same test. *In re Dual-Deck Video Cassette Recorder Antitrust Litig. v. Matsushita Elec. Indus. Co. Ltd.*, 1991 WL 425379, at *3 (D. Az. Jan. 7, 1991) ("plaintiff is barred from bringing any claims in Go-Video II that are part of the **same cause of action** as that of Go-Video I") (emphasis added).

[2] That the Court did not permit Plaintiff to assert these causes of action in *AMPAS I* does not bar Plaintiff from bringing them in *AMPAS II*, because, as explained herein, the causes of action in *AMPAS II* are not part of the same causes of action asserted in *AMPAS I*. *See In re Dual-Deck Video Cassette Recorder Antirust Litig.*, 1991 WL 425379, at *4 ("The court agrees that under *Petromanagement,* plaintiff's attempt to bring the CEP claims in Go–Video I would not estop plaintiff from arguing now that the CEP claims are not part of the same cause of action as in Go–Video I.") (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334-35 (10th Cir. 1988)). It also does not preclude consolidation of the actions. *See id.*; *Petromanagement*, 835 F.2d at 1334-35.

because (i) discovery in *AMPAS II* cannot be completed by July 2014, and (ii) consolidation will lengthen the trial and result in confusion. GoDaddy provides no support for either of these meritless assertions.

### 1. Little (If Any) Discovery Is Needed in *AMPAS II*.

Although GoDaddy concedes that *AMPAS I* and *AMPAS II* have many common questions of law and fact, it presumes that it is entitled to conduct broad, time consuming discovery in *AMPAS II* as if *AMPAS I* does not exist. That is incorrect, disregards the Court's broad discretion to manage discovery, and ignores the fundamental benefit that consolidation provides by eliminating duplicative and time consuming discovery and procedures. *See Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (consolidation serves to avoids unnecessary consumption of the Court's time, unnecessary burden on parties and witnesses, and the duplication of evidence and procedures posed by multiple lawsuits); Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.).

Tellingly, GoDaddy's opposition does not explain what, if any, additional discovery is actually needed in *AMPAS II*. That is because very little (if any) is needed. As explained in Plaintiff's opening brief and left unrebutted by GoDaddy's opposition, no discovery is needed (or should be permitted) as to issues resolved or addressed by the Court's summary judgment order in *AMPAS I*, including for example: (i) whether the Academy's marks are distinctive; (ii) whether GoDaddy is entitled to 15 U.S.C. § 1114(2)(D)(iii)'s "safe harbor"; (iii) whether GoDaddy's conduct constitutes "using" and "trafficking in" domain names; and (iv) whether the ACPA's "dilutive" prong does not require actual dilution. *See AMPAS I*, Dkt. 491. *AMPAS II* simply is not a forum for GoDaddy to re-litigate these or any other issues already decided in *AMPAS I*. Indeed, the remaining key issues on the ACPA claim in *AMPAS I* are (i) bad faith – on which Plaintiff will file a motion for summary judgment because of the undisputed intent to commercialize the domain names at issue via GoDaddy's Parked Pages; (ii) statutory damages; and (iii) attorneys' fees.

REPLY IN SUPPORT OF
MOTION TO CONSOLIDATE

1  That means the only discovery that might be needed (if any) in *AMPAS II* is
2  discovery uniquely related to the particular domain names in *AMPAS II*. *See*, *e.g.*,
3  *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 142 (S.D.N.Y. 2000)
4  (consolidating cases and finding that discovery in the second case should be limited
5  only to that needed to supplement discovery taken in the first case); *Tidwell v.*
6  *Homeland Carriers, Inc.*, 2010 WL 1294135, at *1 (M.D. Ala. Mar. 30, 2010)
7  (same).[3] GoDaddy's opposition does not identity any other discovery that might be
8  needed in *AMPAS II*. That limited discovery (if needed at all) clearly can be
9  completed by July 2014, and therefore would not cause any delay in *AMPAS I*.[4]

### 2. Consolidation Will Not Lengthen the Trial Or Create Confusion.

12  GoDaddy does not dispute that *AMPAS I* and *AMPAS II* involve the same
13  trademarks, statutes, damages calculations, witnesses, and parties. Nonetheless, it
14  argues that consolidation would "lengthen the trial" and "increase the likelihood" of
15  confusion. That is incorrect.
16  First, GoDaddy argues that the trial would necessarily be lengthened because
17  of the need to introduce additional evidence of the domain names identified in
18  *AMPAS II*. On the contrary, a consolidated action would greatly limit the total trial
19  time of *AMPAS I* and *AMPAS II* by eliminating the need for duplicate testimony
20  and evidence regarding the many common issues of law and fact in the two actions.
21  Second, GoDaddy argues that consolidation would result in confusion because the

---

[3] *See also*, *e.g.*, *Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002) (finding that because discovery in one action had progressed further than another should not prevent consolidation but might "even favor it."); *Fields v. Provident Life & Accident Insurance Co.*, 2001 WL 818353, at *6 (E.D. Pa. July 10, 2001) (consolidation was warranted when one action was ready for trial and the other was in its infancy because discovery and trial preparation in the second litigation would "overlap significantly with the work already completed" for the first litigation).

[4] GoDaddy asserts that it is unable to commence discovery in *AMPAS II* prior to April 7, 2014, the current date for the Rule 26 Scheduling Conference. That is incorrect. Under Rule 26(d), GoDaddy could have commenced discovery after the parties conferred as required by Rule 26(f), which occurred on March 17, 2014.

- 6 -    REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

1  Court might conclude that some evidence and testimony in *AMPAS II* may not be
2  considered in *AMPAS I*. GoDaddy provides no support for this hypothetical or why
3  it might come to fruition. That is because it is pure speculation, and highly unlikely
4  to occur.

5        Third, GoDaddy argues that consolidation would result in confusion because
6  it would "lead to an extremely complicated and lengthy jury verdict form." Yet
7  again, GoDaddy provides no explanation as to why this would be the case. In fact,
8  the issues that remain for trial will be non-jury, non-common law issues.[5] *See, e.g.*,
9  *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d 546, 550, 552-53 (9th
10 Cir. 2013) (finding that the ACPA did not codify common law trademark
11 infringement, but instead created a new statutory cause of action against
12 cybersquatting), Even if that were not the case, the jury verdict form would not be
13 complicated by consolidation because of the many of common issues of law and
14 fact in *AMPAS I* and *AMPAS II*.[6]

15 **D. The Consolidated Action Should Follow *AMPAS I's* Schedule.**

16       In its opposition, GoDaddy requests – if the Court is inclined to consolidate
17 the actions – "(1) a continuance of all existing deadlines in *AMPAS I* for a period of
18 no less than six months to accommodate the fact and expert discovery to be
19 completed in *AMPAS II*, and (2) that the issuance of a consolidation order be
20 delayed until such time as the parties are able to complete all fact discovery related

---

[5] Plaintiff intends to move for summary judgment on the remaining issues in *AMPAS I*, including GoDaddy's bad faith intent to profit under the ACPA because of its undisputed intent to commercialize the domain names via its Parked Pages Program.

[6] GoDaddy's reliance on *Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.*, 1994 WL 16780779 (N.D. Cal. April 19, 1994), is misplaced. In *Applied Materials*, the factual and legal overlap between the two cases was de minimis, and consolidation "would require the jury to understand three separate technologies" and "would require the same jury to deal with four patents" when "a patent case involving a single patent is difficult enough for a jury because patent cases are notoriously complex." *Id.* at *2. *AMPAS I* and *AMPAS II* present none of those problems or complexities; indeed, both cases involve the same trademarks and will not present any issue for a jury to decide.

1 to *AMPAS II*, including third party discovery." Both requests should be denied.
2 Indeed, GoDaddy's requests appear designed to defeat the very purpose of
3 consolidation, which is to increase efficiency and avoid duplicative and time
4 consuming discovery, among other things.
5      As explained above, little (if any) additional discovery is needed in *AMPAS
6 II* – only discovery uniquely related to the particular domain names in *AMPAS II*.
7 That discovery can and should be completed by July 2014. As a result, the
8 consolidated action should be governed by the schedule in *AMPAS I*.

## Conclusion

     For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order consolidating *AMPAS I* and *AMPAS II*, limiting discovery to issues that relate uniquely to the new domain names at issue in *AMPAS II*, precluding further discovery and motion practice related to issues addressed in *AMPAS I*, and establishing the schedule in *AMPAS I* as the schedule for the consolidated action.

Respectfully submitted,

DATED: March 24, 2014     BOIES, SCHILLER & FLEXNER LLP

FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC

LEE, TRAN, LIANG, & WANG APLC

By: /s/David L. Zifkin

BOIES, SCHILLER & FLEXNER LLP
Stuart Singer (*pro hac vice*)
ssinger@bsfllp.com
401 East Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Ph. 310-752-2400
Fx. 310-752-2490

| | |
|---|---|
| 1 | FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC |
| | Robert M. Foote (*pro hac vice*) |
| 2 | rmf@fmcolaw.com |
| | Matthew Herman (*pro hac vice*) |
| 3 | mjh@fmcolaw.com |
| | 10 West State Street, Suite 200 |
| 4 | Geneva, Illinois 60134 |
| | Tel: 630-232-7450 |
| 5 | Fax: 630-232-7452 |
| 6 | LEE, TRAN, LIANG, & WANG APLC |
| | James M. Lee (SBN 192301) |
| 7 | jml@ltlcounsel.com |
| | Enoch H. Liang (SBN 212324) |
| 8 | ehl@ltlcounsel.com |
| | 601 South Figueroa Street, Suite 4025 |
| 9 | Los Angeles, CA 90017 |
| | Tel: 213-612-8900 |
| 10 | Fax: 213-612-3773 |
| 11 | Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences |