BOIES, SCHILLER & FLEXNER LLP
  Stuart Singer (*pro hac vice*)
401 East Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022
Email:  ssinger@bsfllp.com

FOOTE MIELKE CHAVEZ & O'NEIL, LLC
  Robert M. Foote (*pro hac vice*)
  Kathleen Chavez (*pro hac vice*)
  Matthew Herman (*pro hac vice*)
10 West State Street, Suite 200
Geneva, IL 60134
Tel: 630-232-7450
Fax: 630-232-7452
Email:  rmf@fmcolaw.com; kcc@fmcolaw.com; mjh@fmcolaw.com

LEE, TRAN & LIANG LLP
  James M. Lee (CA Bar No. 192301)
  Enoch H. Liang (CA Bar No. 212324)
601 South Figueroa Street, Suite 3900
Los Angeles, CA 90017
Tel: 213-612-8900
Fax: 213-612-3773
Email:  james.lee@ltlattorneys.com; enoch.liang@ltlattorneys.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>GODADDY.COM, INC., a Delaware corporation, and GODADDY.COM, LLC, a Delaware limited liability company,<br><br>              Defendants. | Case No: CV10-3738 ABC (CWx) consolidated with  Case No. 2:13-cv-08458-ABC-CW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE CONFUSINGLY SIMILAR DOMAIN NAMES IN AMPAS II CASE**<br><br>**Date:**   July 28, 2014<br>**Time:**   10:00a.m.<br>**Dept:**   680<br>**Judge:**  Hon. Audrey B. Collins |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 28, 2014, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 680 of the above-entitled court, plaintiffs the Academy of Motion Picture Arts and Sciences will, and hereby does, move the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules, for entry of partial summary judgment.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by email on May 8, 2014 and telephone conference on May 21, 2014.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law, the Declaration of Enoch H. Liang, filed herewith, as well as all pleadings and paper on file in this action, and any other matter that may be presented to the Court at the hearing.

Respectfully submitted,

DATED:  June 23, 2014          BOIES, SCHILLER & FLEXNER LLP

FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC

LEE, TRAN, LIANG, & WANG APLC

By:  /s/ Enoch Liang

BOIES, SCHILLER & FLEXNER LLP
Stuart Singer (*pro hac vice*)
ssinger@bsfllp.com
401 East Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com

401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Ph. 310-752-2400
Fx. 310-752-2490

FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC
Robert M. Foote (*pro hac vice*)
rmf@fmcolaw.com
Matthew Herman (*pro hac vice*)
mjh@fmcolaw.com
10 West State Street, Suite 200
Geneva, Illinois 60134
Tel:  630-232-7450
Fax:  630-232-7452

LEE, TRAN, LIANG, & WANG APLC
James M. Lee (SBN 192301)
jml@ltlcounsel.com
Enoch H. Liang (SBN 212324)
ehl@ltlcounsel.com
601 South Figueroa Street, Suite 4025
Los Angeles, CA 90017
Tel: 213-612-8900
Fax: 213-612-3773

Attorneys for Plaintiff Academy of Motion
Picture Arts and Sciences

PLAINTIFF'S NOTICE OF MTN AND MTN
FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

STATEMENT OF FACTS ......................................................................................2

   **I.**   The Court Ruled on Summary Judgment in the AMPAS I Case ........2

   **II.**   The Academy Files a Second Suit Against GoDaddy ...........................3

   **III.**  The Academy Files the Instant Motion for Partial Summary Judgment ...................................................................................................4

ARGUMENT ...........................................................................................................5

   **I.**   Summary Judgment Standard ..............................................................5

   **II.**   Numerous Domains at Issue in the AMPAS II Case are Identical or Confusingly Similar to the Academy's Marks as a Matter of Law ......6

CONCLUSION ......................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ..................................................5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)...........................................................5

*Coca-Cola Co. v. Purdy,* 382 F.3d 774 (8th Cir. 2004) .....................................6, 10

*DISC Intellectual Properties LLC v. De lman,* CV 07-5306 PA PJWX, 2007 WL
4973849 (C.D. Cal. Sept. 17, 2007).....................................................................6, 7

*Ford Motor Co. v. Greatdomains.Com, Inc.,* 177 F. Supp. 2d 635 (E.D. Mich.
2001)............................................................................................................................11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)..............5

*N. Light Tech., Inc. v. N. Lights Club,* 236 F.3d 57 (1st Cir. 2001) ........................6

*Omega S.A. v. Omega Eng'g, Inc.,* 228 F. Supp. 2d 112 (D. Conn. 2002) .......6, 11

*Sporty's Farm LLC v. Sportsman's Market, Inc.*, 202 F.3d 489 (2d Cir. 2000) .....6

*Super-Krete Int'l, Inc. v. Sadler*, 712 F. Supp. 2d 1023 (C.D. Cal. 2010)..............7

*Wella Corp. v. Wella Graphics, Inc.*, 37 F.3d 46 (2d. Cir. 1994) ...........................6

## STATUTES

15 U.S.C. § 1125(d) .......................................................................................................1

## RULES

Fed. R. Civ. P. 56(a) .....................................................................................................5

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff the Academy of Motion Picture Arts and Sciences (the "Academy"), by undersigned counsel, respectfully submit this memorandum of points and authorities in support of its motion for partial summary judgment on the "identical or confusingly similar" prong of the ACPA for the domain names listed in the Academy's December 17, 2013 First Amended Complaint in Case No. 2:13-cv-08458-ABC-CW (the "AMPAS II Case").

## INTRODUCTION

The Academy filed the AMPAS I and AMPAS II Cases after years of demand letters failed to produce a change in GoDaddy.com, Inc.'s ("GoDaddy") "Parked Pages" and "Free Parking" programs. GoDaddy's Parked Pages programs are used to display advertisements when Internet users reach domain names that are identical or confusingly similar to the Academy's trademark rights in the famous marks OSCAR, OSCARS, OSCAR NIGHT, ACADEMY AWARD, and ACADEMY AWARDS. Examples of domain names that GoDaddy parked and monetized listed in the AMPAS II Complaint include "ACADEMYAWARDER.COM" and "OSCARACTOR.COM."

GoDaddy therefore generates revenue from the unauthorized taking, use, and monetization of the Academy's trademark rights, by trafficking in, licensing, and using the Academy's marks in Internet domain names. These pages display no substantive content and have no legitimate business purpose. This activity constitutes cybersquatting on a mass scale in violation of, inter alia, the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

In order to streamline issues for trial and preserve judicial economy, the Academy moves for summary judgment as to whether the domain names listed in the AMPAS II Complaint are "identical or confusingly similar" to the Academy's marks. Every domain name identified by the Academy for purposes of this

summary judgment motion incorporates the Academy's marks with the addition of generic words. Consistent with this Court's November 2013 summary judgment ruling on identical or confusingly similar domain names in the AMPAS I Case (Dkt No. 508), numerous courts faced with domain names that include trademarks coupled together with some generic words have found violations of the ACPA as a matter of law.

## **STATEMENT OF FACTS**

### I.    **The Court Ruled on Summary Judgment in the AMPAS I Case**

The Academy first filed suit against GoDaddy on May 18, 2010, alleging that the placement of Oscar- and Academy Award-related advertisements on webpages "parked" with GoDaddy that contain the trademarked terms "oscar(s)" or "academyaward(s)" within the domain name string constituted cybersquatting under the ACPA. This case was assigned Case No. CV10-3738 ABC (CWx) and is referred to as the "AMPAS I Case" or "AMPAS I."

After years of discovery, on March 14, 2013, the Academy filed a motion for partial summary judgment asking the Court to rule that as a matter of law: (1) the Academy's marks are both famous and distinctive; (2) GoDaddy is not entitled to the "safe harbor" provision of 15 U.S.C. § 1114(2)(D)(iii); (3) GoDaddy is liable for trafficking, using, and registering domains in violation of the ACPA; and (4) certain listed domain names are identical or confusingly similar to the Academy's marks as a matter of law.

On June 21, 2013, the Court issued its summary judgment rulings in AMPAS I, but deferred ruling on whether the accused domain names are "identical or confusingly similar" to the Academy's marks. [Dkt No. 491, Declaration of Enoch Liang ("Liang Decl.", Exh. A]. The Court ordered the parties to "present the Court with a unified list." [Liang Decl., Exh. A, Dkt No. 491, at 24].

On July 26 and again on August 9, 2013, pursuant to the Court's Order, the Academy and GoDaddy jointly submitted a Unified List of Domain Names so that the Court could rule on whether the identified domain names are, or are not, confusingly similar to the Academy's trademarks as a matter of law.  [Liang Decl., Exhs. B and C, Dkt Nos. 506 and 507].  In those Unified Lists, the parties stipulated to certain domain names that were, and that were not, identical or confusingly similar as a matter of law.

On November 4, 2013, the Court ruled on all the domain names presented by the parties in the Unified List.  [Liang Decl. Exh. D, Dkt No. 508].  Specifically, the Court ruled as follows:

- Fifty domain names "confusingly similar as a matter of law."  [*Id.*, Dkt No. 508, at 1-2];
- Seventy-six domain names "confusingly similar as a matter of law" out of the list of 128 additional domain names.  [*Id.*, Dkt No. 508, at 3-5];
- Thirteen domain names were <u>not</u> "confusingly similar as a matter of law."  [*Id.*, Dkt No. 508, at 5-6].

Otherwise, the Court made no rulings on whether domain names are not "dilutive of" the Academy's marks.  [*Id.*, Dkt No. 508, at 6].

## II.    The Academy Files a Second Suit Against GoDaddy

On November 15, 2013, the Academy filed a second suit against GoDaddy asserting claims related to parked pages on additional domain names that the Court held were not part of the AMPAS I Case.  This second lawsuit is referred to as the AMPAS II Case, Case No. 2:13-cv-08458-ABC-CW.

On December 17, 2013, the Academy filed its First Amended Complaint in the AMPAS II Case.  In that First Amended Complaint, the Academy listed about

100 domain names that GoDaddy has licensed, monetized, used and/or trafficked in its Parked Pages Programs.

On March 10, 2014, the Academy requested that the Court consolidate the AMPAS I and AMPAS II Cases.  [Dkt No. 545].  On March 27, 2014, the Court granted the Academy's motion to consolidate the AMPAS I and AMPAS II Cases.  [Dkt No. 548].  The Court then set a Scheduling Conference for April 7, 2014.  [*Id.*]  At that Scheduling Conference, the Court set the instant case schedule.  [Dkt No. 553].

## III.    The Academy Files the Instant Motion for Partial Summary Judgment

Following the consolidation of AMPAS I and AMPAS II, the Academy's counsel asked Defendants' counsel to meet and confer under Local Rule 7-3 regarding this summary judgment motion.  [Liang Decl., ¶6, Exh. E].  The parties then met and conferred telephonically on May 21, 2014 regarding the approximately 100 domain names in the Academy's First Amended Complaint in the AMPAS II Case.

Defendants agreed to stipulate that the following six domain names are identical or confusingly similar as a matter of law to the Academy's famous trademarks:

(1) 2011THEOSCARS.COM,

(2) THEOSCARS2011.COM,

(3) ACADEMYAWARDS2015.COM,

(4) ACADEMY-AWARDS.ORG,

(5) 2012ACADEMYAWARDS.COM, and

(6) 2013ACADEMYAWARDS.COM.  [Liang Decl., ¶6.]

Accordingly, the Academy now brings the instant motion for partial summary judgment on the remaining list of domain names in the AMPAS II Complaint, requesting that the Court find that they are "identical or confusingly similar" to

1   the Academy's marks as a matter of law.[1]

2

3                                **ARGUMENT**

4

5   **I.    Summary Judgment Standard**

6          Summary judgment is proper if the pleadings, depositions, answers to

7   interrogatories, admissions on file, and affidavits show that there are no genuine

8   issues of material fact for trial and that the moving party is entitled to judgment as

9   a matter of law on any claim or any part thereof.  Fed. R. Civ. P. 56(a).  The party

10  moving for summary judgment has the initial burden of showing the absence of a

11  genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159

12  (1970).  Once the moving party has met its initial burden, the burden shifts to the

13  non-moving party to establish the existence of an issue of fact regarding an

14  element essential to that party's case, and on which that party will bear the burden

15  of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  In

16  attempting to establish the existence of a factual dispute, the opposing party may

17  not rely upon the denials of its pleadings, but is required to tender evidence of

18  specific facts in the form of affidavits, and/or admissible discovery material, in

19  support of its contention that the dispute exists.  *Matsushita Elec. Indus. Co. v.*

20  *Zenith Radio Corp.*, 475 U.S. 574, 586 n.ll (1986).  There is no genuine issue of

21  material fact as to each of the issues identified below.

22

23

24

25

26

27   _____

     [1] On February 13, 2014, the Court found as a matter of law that the following two
28   domain names were not "confusingly similar" to the Academy's OSCAR marks:
     OSCARCAP.COM and OSCARMONLINE.COM.  [*See* Dkt No. 40 in AMPAS
     II Case; Liang Decl., ¶7].

## II. Numerous Domains at Issue in the AMPAS II Case are Identical or Confusingly Similar to the Academy's Marks as a Matter of Law

In determining whether an accused domain is confusing similar to an asserted trademark, the "ACPA requires only facial comparison of the domain name to the mark rather than the more involved likelihood of confusion analysis." *DISC Intellectual Properties LLC v. Delman,* CV 07-5306 PA PJWX, 2007 WL 4973849, at *5 (C.D. Cal. Sept. 17, 2007) (citing *Coca-Cola Co. v. Purdy,* 382 F.3d 774, 783 (8th Cir. 2004); *N. Light Tech., Inc. v. N. Lights Club,* 236 F.3d 57, 66 n.l4 (1st Cir. 2001)); *see also, e.g., Omega S.A. v. Omega Eng'g, Inc.,* 228 F. Supp. 2d 112, 127 (D. Conn. 2002). The inquiry is that straightforward. There is no dispute that "'[c]onfusingly similar' is a different standard from the 'likelihood' of confusion standard for trademark infringement." *Sporty's Farm LLC v. Sportsman's Market, Inc.*, 202 F.3d 489, 495 (2d Cir. 2000) (citing *Wella Corp. v. Wella Graphics, Inc.*, 37 F.3d 46, 48 (2d. Cir. 1994)).

"There is also no dispute that the ACPA 'confusingly similar' analysis entails a direct comparison between the domain name and the mark." [Liang Decl., Exh. A, Dkt No. 508, at 18.] Under this test, "slight differences between domain names and registered marks, such as the addition of minor or generic words to the disputed domain names are irrelevant." *Omega*, 228 F. Supp. 2d at 128-29. In *Omega,* the court applied this test and granted summary judgment for the plaintiff even though the plaintiff submitted "no evidence on 'confusingly similar,'" and offered no "affidavit or deposition testimony of any actual or potential viewer regarding any alleged confusing similarity, and/or survey or market research establishing confusion between the two domain names and the mark." *Omega,* 228 F. Supp. 2d at 127. Instead, the court granted summary judgment based on the "obvious fact" that the accused domain names "incorporate[d] the [asserted] mark 'omega plus one of two generic words." *Id.*

Similarly, in *DISC Intellectual Properties,* the court granted the plaintiff's motion for a preliminary injunction and explained that:

> .... Defendants have incorporated Plaintiffs' marks of "Central Casting" and "Entertaimnent Partners" into the domain names registered by Defendants and Defendants' corporate name and fictitious business name filings. Because Defendants have used words that are identical to Plaintiffs' marks, the Court finds that Defendants' use of those terms is infringing under both the ACPA's "confusingly similar" and the Lanham Act's likelihood of confusion tests.

*DISC*, 2007 WL 4973849 at *5.  Similarly, the addition or removal of punctuation does not render a domain name dissimilar from a mark.  *Super-Krete Int'l, Inc. v. Sadler*, 712 F. Supp. 2d 1023, 1032 (C.D. Cal. 2010).  In *Super-Krete*, the court found that "supercrete.com" is confusingly similar to the mark "Super-Crete," *see id.* at 1032.

Here, the Academy's marks are incorporated directly into each of the domain names for which the Academy moves for summary judgment, as shown in the list below:

- 24HOURSATOSCARS.COM
- 24HOURSATTHEOSCARS.COM
- 2OSCARS.COM
- ALLOSCARWINNERS.COM
- BILLYCRYSTAL2012ACADEMYAWARDS.COM
- BILLYCRYSTAL2012OSCARS.COM
- NIGHTATOSCARS.COM
- OSCARGOODIEBAGS.COM
- OSCARIMAGES.COM
- OSCARMOMINEE.COM
- OSCARMOMINEES.COM
- OSCARREDCARPET.COM
- OSCARWINNERS2009.COM

1    • OSCARWINNERS2012.COM
2    • TWOOSCARS.COM
3    • 100OSCAR.COM
4    • 100THOSCAR.COM
5    • 100OSCARS.COM
6    • ACADEMYAWARD100.COM
7    • BESTPICTUREOSCARNOMINATIONS.COM
8    • BESTOSCARPARTYINTOWN.COM
9    • COMEDYOSCARS.COM
10   • IAMANOSCARWINNER.COM
11   • LETSTALKOSCARS.COM
12   • OSCAR2014LIVE.COM
13   • OSCAR2013LIVE.COM
14   • OSCAR2013LIVESTREAM.COM
15   • OSCARARTPRODUCTION.COM
16   • OSCARAWARD2013LIVE.COM
17   • OSCARAWARDS2013.COM
18   • OSCARHOSTS.COM
19   • OSCARLIVE2013.COM
20   • OSCARNOMINATEDMOVIES.COM
21   • OSCARPICTURES.COM
22   • OSCARS2013LIVE.COM
23   • OSCARSFILM.COM
24   • OSCARSNOBINATIONS.COM
25   • OSCARSWINNER.COM
26   • OSCARWEEK.COM
27   • OSCARWINNERS2009.COM
28   • OSCARWINNINGACTORS.COM

1    • OSCARWINNERS2012.COM

2    • WATCHOSCAR2013ONLINE.COM

3    • YOUTUBEOSCARS.COM

4    • ZBIGATTIACADEMYAWARDS.COM

5    • ACADEMYAWARDSWINNERSLIST.COM

6    • WATCHOSCARAWARDS2012ONLINE.COM

7    • WATCHACADEMYAWARDS2012ONLINE.COM

8    • OSCARNOMINATIONS2013.COM

9    • ONLINEOSCARS.COM

10   • OSCARACTOR.COM

11   • OSCARACTRESS.COM

12   • NOMINATEDBYOSCAR.COM

13   • NOMINATEDBYOSCAR.NET

14   • NOMINATEDBYOSCAR.ORG

15   • OSCARMOVIES.COM

16   • OSCARFILMSITESI.COM

17   • ONACADEMYAWARDS.COM

18   • ACADEMYAWARDEE.COM

19   • ACADEMYAWARDER.COM

20   • INDIEACADEMYAWARDS.COM

21   • MUSICACADEMYAWARD.COM

22   • OSCAR-MOVIE.COM

23   • OSCAR-MOVIE.INFO

24   • OSCAR-THEMOVIE.INFO

25   • OSCAR-O.COM

26   • OSCAR-O.INFO

27   • OSCAR-W.COM

28   • TOGETHERACADEMYAWARDS.COM

1   • ACADEMYAWARDSNOMINATION.COM

2   • AFRICANACADEMYAWARDS.COM

3   • OSCAR-PG.COM

4   • SAPPHIREACADEMYAWARDS.COM

5   • MILLIONAIREACADEMYAWARDS.COM

6   • MILLIONAIRESACADEMYAWARDS.COM

7   • ACADEMYAWARDSMOVIES.COM

8   • OSCAR-MOVIES.INFO

9   • WILDABOUTTHEACADEMYAWARDS.COM

10  • ACADEMYAWARDS2011WINNERS.COM

11  • ACADEMYAWARDS2012WINNERS.COM

12  • ALLOSCAR.COM

13  • LISTOFACADEMYAWARDWINNERS.COM

14  • OSCARBUZ.COM

15  • OSCARWINNINGMOVIES.COM

16  • ACADEMY-AWARDS-POOL.COM

17  • OSCAR-AWARDS-POOL.COM

18  • MYOSCARORNOT.COM

19  • MYOSCARSORNOT.COM

20  [*See* Liang Decl., ¶8 (listing the 88 domain names on which the Academy moves

21  for summary judgment on the issue of identical/confusingly similar).]

22      The addition of generic words – like "awards" or years (2012), as seen

23  above, does not alter the result.  As this Court previously recognized, numerous

24  courts have *explicitly* held that the addition of generic words in a domain name to

25  trademarks still constitute infringing domains under the ACPA. *See, e.g., Coca-

26  Cola,* 382 F.3d at 784 (affirming grant of preliminary injunction where "domain

27  names differ[ed] from plaintiffs' marks only by the addition of generic terms like

28  'my,' 'says,' or 'drink' or by the addition of a top level domain suffix."); *Omega,*

1  228 F. Supp. 2d at 127; *Ford Motor Co. v. Greatdomains.Com, Inc.,* 177 F. Supp.

2  2d 635, 641 (E.D. Mich. 2001)

3      Accordingly, this Court correctly noted, "As per the statute's language,

4  "confusingly similar" should be determined "without regard to the goods and

5  services of the parties." [Liang Decl., Exh. A, Dkt. No. 491, at 18].  The Court

6  went on to conclude "for purposes of assessing confusing similarity under ACPA,

7  it must perform a direct comparison between the accused domain name and the

8  plaintiff's trademark; this comparison may include consideration of sight, sound,

9  and, to a more limited extent, meaning." [Liang Decl., Exh. A, Dkt. No. 491, at

10  22].

11      Here, it is clear each of the domain names is confusingly similar in that

12  each domain name includes the Academy's marks and the addition of numbers or

13  generic words.  Even if the Court considers to a more limited extent the meaning

14  of the words accompanying the Academy's marks, those words further

15  demonstrate domains relate to the film industry and specifically the Academy

16  Awards and Oscars.  For example, GoDaddy trafficked in domain names such as

17  "**OSCAR**MOVIES.COM" and "**OSCAR**ACTOR.COM."   [Liang Decl., ¶8

18  (emphasis added).]   The addition of generic terms which relate to the film

19  industry confirms that the accused domain names are confusingly similar as a

20  matter of law.

21

22                              **CONCLUSION**

23      For the foregoing reasons the Court should grant the Academy's motion for

24  partial summary judgment and rule that as a matter of law the domain names

25  listed in the AMPAS II First Amended Complaint are identical or confusingly

26  similar to the Academy's marks.

27

28      Respectfully submitted,

1

2    DATED:  June 23, 2014          BOIES, SCHILLER & FLEXNER LLP

3                                    FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC

4

5                                    LEE, TRAN, LIANG, & WANG APLC

6                                    By: /s/ Enoch Liang

7                                    BOIES, SCHILLER & FLEXNER LLP
                                     Stuart Singer (*pro hac vice*)
8                                    ssinger@bsfllp.com
                                     401 East Las Olas Blvd, Suite 1200
9                                    Fort Lauderdale, FL 33301
                                     Tel: 954-356-0011
10                                   Fax: 954-356-0022

11                                   David L. Zifkin (SBN 232845)
                                     dzifkin@bsfllp.com
12                                   401 Wilshire Blvd., Suite 850
                                     Santa Monica, CA 90401
13                                   Ph. 310-752-2400
                                     Fx. 310-752-2490
14

15                                   FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC
                                     Robert M. Foote (*pro hac vice*)
16                                   rmf@fmcolaw.com
                                     Matthew Herman (*pro hac vice*)
17                                   mjh@fmcolaw.com
                                     10 West State Street, Suite 200
18                                   Geneva, Illinois 60134
                                     Tel:  630-232-7450
19                                   Fax:  630-232-7452

20                                   LEE, TRAN, LIANG, & WANG APLC
                                     James M. Lee (SBN 192301)
21                                   jml@ltlcounsel.com
                                     Enoch H. Liang (SBN 212324)
22                                   ehl@ltlcounsel.com
                                     601 South Figueroa Street, Suite 4025
23                                   Los Angeles, CA 90017
                                     Tel: 213-612-8900
24                                   Fax: 213-612-3773

25                                   Attorneys for Plaintiff Academy of Motion
                                     Picture Arts and Sciences
26

27

28

                                     PLAINTIFF'S MEMO OF P&A IN SUPPORT OF MTN
                                     FOR PARTIAL SUMMARY JUDGMENT