**RING BENDER LLLP**
Aaron M. McKown, California Bar No. 208781
Paula L. Zecchini, California Bar No. 238731
2 Park Plaza, Suite 550
Irvine, California 92614
Telephone.: (949) 202-5810
Facsimile:  (949) 679-7939
E-Mail:    amckown@ringbenderlaw.com
           pzecchini@ringbenderlaw.com

Attorneys for Defendant
GODADDY.COM, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>Defendants. | Case No. CV10-3738-ABC (CW)<br><br>Assigned to Hon. Audrey B. Collins<br>Courtroom 680<br><br>**DEFENDANT GODADDY.COM, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CONCURRENT REQUEST FOR CONTINUANCE PURSUANT TO RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: July 28, 2014<br>Time: 10:00 a.m.<br>Dept.: 680<br>Judge: Hon. Audrey B. Collins<br><br>Complaint Filed: May 18, 2010<br>Trial Date:      June 2, 2015 |

## I. INTRODUCTION

On or about May 21, 2014, GoDaddy.com, LLC ("GoDaddy") agreed to stipulate to six of the domain names identified by the Academy of Motion Picture Arts and Sciences ("AMPAS") in its second-filed lawsuit ("AMPAS II") as being confusingly similar to one or more of AMPAS' Marks under the Anti-cybersquatting Consumer Protection Act ("ACPA"), codified at 15 U.S.C. § 1125(d). Factual disputes related to the remaining domain names require the denial of AMPAS' motion in its entirety.

In an attempt to make an end run around GoDaddy's stated intent to present expert testimony on the issue of confusing similarity with regard to the remaining domain names, AMPAS filed a premature motion for partial summary adjudication seeking a determination that every one of the remaining domain names is confusingly similar to one or more of the AMPAS Marks as a matter of law. Expert discovery, however, which is anticipated to include testimony from an expert linguist on the very issue presented by AMPAS for adjudication, will not be complete in relation to the domain names identified in AMPAS II until December 22, 2014. As such, GoDaddy respectfully requests the Court deny or continue AMPAS' motion for partial summary adjudication based upon Rule 56(f) of the Federal Rules of Civil Procedure to February 23, 2015 – the date stipulated to by the parties, and ordered by the Court, for the first of two dispositive motion deadlines.

Assuming *arguendo* the Court declines to order the requested continuance, the Court should deny AMPAS' motion outright. First, a facial comparison of the domain names at issue establishes that most none are identical to any of the AMPAS Marks as AMPAS claims in its moving papers. Second, AMPAS offers no evidence—and makes only argument—demonstrating that a reasonable internet user would find, as a matter of fact, that any of the domain names identified in AMPAS II is confusingly similar to one or more of AMPAS' Marks. Indeed, AMPAS failed to designate any witness, expert or otherwise, who could testify that there is

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

1

confusion or confusing similarity between any of the domain names identified in AMPAS II and the AMPAS Marks. Third, AMPAS cites numerous inapposite cases to support its contention that, as a matter of law, every domain names identified in AMPAS II is confusingly similar to one or more of its trademarks.

AMPAS cannot secure adjudication in its favor by baldly concluding that each and every one of the domain names included in the AMPAS II matter is confusingly similar to its own trademarks, all the while ignoring the fact that each domain name contains words or letters that serve to distinguish the domain name from one used by AMPAS. GoDaddy submits that, at the very least, a genuine issue of material fact exists as to whether a jury would find the domain names identified in AMPAS II confusingly similar to one of the AMPAS Marks.

Accordingly, GoDaddy respectfully requests that the Court decline to grant AMPAS the relief it seeks. To the extent the Court continues the hearing on AMPAS' motion in accordance with Rule 56(f), GoDaddy requests the Court set the hearing for February 23, 2015, the hearing date previously stipulated to by the parties and approved by the Court, for the first round of summary judgment motions prior to trial so that all discovery, including applicable expert discovery, is conducted in advance of GoDaddy's substantive opposition to this motion.

## II.  RELEVANT FACTUAL BACKGROUND

AMPAS II was filed on November 15, 2013, nearly five months after the Court determined that AMPAS failed to disclose timely the domain names upon which the claims in AMPAS II are now based. *See* Complaint [Dkt. 1, CV-10-3738-ABC].

On March 27, 2014, the Court consolidated AMPAS II with AMPAS I for all purposes and closed AMPAS II. *See* Order [Dkt. 39, CV-10-3738-ABC]. In doing so, the Court also ordered the parties to submit a proposed joint scheduling order to address, among other things, GoDaddy's stated intent to conduct discovery in relation to the domain names identified in AMPAS II and to retain an expert in the

field of linguistics to opine on the issue of confusing similarity. *See* Declaration of Aaron M. McKown ("McKown Decl.") at ¶ 2. On April 21, 2014, the Court approved the proposed joint scheduling order, which set the deadline to complete expert discovery for December 22, 2014 and the hearing date on an initial round of summary judgment motions on February 23, 2015. *See* Scheduling Order [Dkt. 559, CV-03738-ABC].

In advance of the filing of AMPAS' motion for partial summary adjudication, the parties engaged in a meet and confer effort in order to determine whether a stipulation could be reached as to the confusing similarity of a number of the domain names identified in AMPAS II. *See* Liang Decl. at ¶ 6. On or about May 21, 2014, GoDaddy agreed to stipulate to the following six domain names as confusingly similar to one or more of AMPAS' Marks: 2011theoscars.com, theoscars2011.com, academyawards2015.com, academy-awards.org, 2012academyawards.com, and 2013academyawards.com. *See id.*

## III. LEGAL STANDARD

Summary judgment is appropriate only when it is demonstrated that there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 45(c); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party bears the burden of informing the Court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In resolving the summary judgment motion, the evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts placed

3

before the Court must be drawn in favor of the opposing party. *Id.* at 587.

Summary judgment is inappropriate, however, if a showing is made that evidence in opposition to the Motion cannot be provided because of a need to conduct further discovery. *See* Fed. R. Civ. P. 56(f); *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 326.

### IV. AMPAS' MOTION SHOULD BE DENIED OR CONTINUED BASED UPON RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 56(f) of the Federal Rules of Civil Procedure allows a Court to deny or continue a Motion for Summary Judgment based upon a showing that the nonmoving party needs additional discovery to develop testimony and "facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f). The nonmoving party's Rule 56(f) application should be granted when that party makes "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Visa International Service Assoc. v. Bankcard Holders of America*, 784 F.2d 1472, 1475 (9th Cir. 1986).

The purpose of the rule is to ensure that the opposing party has sufficient opportunity to discover information essential to its position. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Therefore, where a "summary judgment motion is filed so early in the litigation, before a party has any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). Further, where the relevant discovery has not been conducted whatsoever, the party making the Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, however, the continuance motion should be granted almost as a matter

4

of course. *Id*. at 774; *see also Ambat v. City and County of San Francisco*, 2008 WL 5048560 (N.D. Cal. 2008).

In this case, GoDaddy is making a timely application as it is before the hearing on the Summary Judgment motion. GoDaddy has also specifically identified the information which it is currently seeking to acquire through expert discovery: A linguist who can provide testimony about the meaning of words, the generic and historic use of "oscar" and "academy awards," the opinion that various domain names are not confusingly similar to AMPAS' marks from a linguistic perspective, and AMPAS' likely admission that it has no evidence that any person has ever been confused by any of the domain names at issue. *See* McKown Decl. at ¶ 3. It is reasonably believed that this evidence will establish that there is a genuine dispute whether many, if not all, of the domain names at issue in AMPAS' motion for partial summary judgment are confusingly similar to AMPAS' marks. *Id.*

As a matter of note, GoDaddy previously retained an expert witness linguist, Dr. Geoffrey Nunberg, in relation to the domain names in AMPAS I. Dr. Nunberg undertook a linguistic analysis of each of the domain names identified in AMPAS I, as well as AMPAS' Marks, and opined that a number of the domain names in AMPAS I were not confusingly similar to any of AMPAS' Marks. *See* Order on Motion to Exclude at 6:25-7:2 [Dkt. 492, CV-03738-ABC]. AMPAS moved to exclude the opinions of Dr. Nunberg and on June 21, 2013, the Court granted AMPAS' motion concluding that Dr. Nunberg's opinions on the issue of confusing similarity were inadmissible because he did not perform the relevant comparison under ACPA. *See id.* at 7:2-8.

Although GoDaddy respectfully disagrees with the Court's determination, it intends to remedy the perceived technical defect in relation to the domain names at issue in AMPAS II. GoDaddy made the Court and opposing counsel aware of this fact at the hearing on AMPAS' Motion to Consolidate; indeed, the significant amount of time to conduct expert discovery afforded to the parties under the revised

5

Joint Scheduled Order entered shortly thereafter recognizes this fact. *See* McKown Decl. at ¶ 4; *see also* Scheduling Order [Dkt. 559, CV-03738-ABC].

As set forth in greater detail in the Rule 56(f) declaration, GoDaddy contends that the expert discovery will confirm the existence of triable issues of fact as to each of the domain names at issue and for these reasons respectfully requests the court deny or continue AMPAS' motion for partial summary adjudication. *See* McKown Decl. at ¶¶ 3-5.

## V. ASSUMING ARGUENDO THE COURT DENIES GODADDY'S RULE 56(f) REQUEST TO CONTINUE OR DENY, THE SUMMARY JUDGMENT MOTION SHOULD STILL BE DENIED.

AMPAS seeks partial summary judgment on a subset of domain names it deems confusingly similar to AMPAS' Marks. In support of its argument, AMPAS makes gross generalizations regarding the content of the various domains names, all of which are contradicted by a review of the domain names themselves. Contrary to AMPAS' assertions, none of the domain names at issue are identical to any of the AMPAS marks and all of them include additional descriptive generic words that render a disputed material fact as to whether each domain name is confusingly similar as a matter of law.

### A. **AMPAS Failed To Present Any Evidence Demonstrating That It Is Entitled To A Judgment That Any Of The Domain Names Identified In AMPAS II Are Identical To Its Marks**

AMPAS asks this Court to adjudicate the issue of whether all of the domain names at issue in AMPAS II are identical to one or more of the AMPAS' Marks. The request can be dealt with summarily and denied: A facial comparison of AMPAS' Marks and each of the domain names identified in AMPAS II demonstrates that not a single domain name is identical to a trademark owned by AMPAS as a matter of law. *See* Liang Decl., Ex. 8. Moreover, at the very least, two reasonable minds could reach opposite conclusions regarding whether any of

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

6

the domain names are confusingly similar to the AMPAS Marks. As a result, the Court should deny AMPAS' motion for partial summary adjudication on this issue.

### B. AMPAS Failed To Present Any Evidence Demonstrating That It Is Entitled To A Judgment On the Issue of Confusing Similarity For The Domain Names Identified In AMPAS II

Confusing similarity is determined only by comparing the sight, sound and meaning of an accused domain name and the trademarks at issue. *RingCentral, Inc. v. Quimby*, 711 F. Supp. 2d 1048, 1060, 1061 (N.D. Cal. 2010); *see also Super-Krete International, Inc. v. Rod Sadleir et al.*, 712 F. Supp. 2d 1023, 1031(C.D. Cal. 2010) (accord). Despite this fact, neither the cases upon which AMPAS relies, nor the unique circumstances presented by the trademarks and domain names in dispute in this case, compel a finding of confusing similarity as a matter of law.

Although the court in *DISC Intellectual Properties*, *LLC v. Delman* CV 07-5306 PA PJWX, 2007 WL 4973849 (C.D. Cal. Sept. 17, 2007) discussed the confusing similarity standard, it based its determination of confusing similarity on the fact that the domain name strings were identical to the trademarks. *Id* at *5. None of the domain names at issue in AMPAS II, and presented for adjudication, is identical to one or more of AMPAS' Marks.

Although noting similarities between the domain names and the marks at issue, the court in *Garden of Life, Inc. v. Letzer*, 318 F. Supp. 2d 946 (C.D. Cal. 2004), also relied upon evidence of actual confusion in making its determination on the issue of confusing similarity. *Garden of Life,* 318 F. Supp. 2d at 946. By failing to present this Court with any evidence of actual confusion, AMPAS effectively admits that it has no such evidence.[1]

The *Omega S.A. v. Omega Eng'g, Inc.*, 228 F. Supp. 2d 112, 127 (D. Conn.

---

[1] AMPAS admitted in *AMPAS I* that it had no evidence of any actual confusion. The parties have just initiated fact discovery. While AMPAS has not yet confirmed that it does not have any evidence of actual confusion as to the domain names identified in *AMPAS II*, GoDaddy anticipates that AMPAS will confirm that it has no such evidence.

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

2002) case relied upon AMPAS in its Motion actually supports GoDaddy's position. In ruling on the summary judgment motion before it, the court in *Omega* expressly noted the absence of any evidence indicating whether the domain names were confusingly similar. *Omega*, 228 F. Supp. at 127. Here, not only has AMPAS failed to submit any evidence of confusion, but as GoDaddy previously advised both AMPAS and the Court, it is currently in the process of securing expert discovery directly bearing on the issue of confusing similarity with regard to the domain names presented in AMPAS' motion for partial summary judgment. *See* McKown Decl. at ¶¶ 3-5.

Nor does the language in the *Omega* opinion support AMPAS' proposition that the use of a trademarked term and a generic term in a single domain name automatically dictates a finding of confusing similarity. The *Omega* court specifically referenced the need to conduct an evaluation of the sight, sound, and meaning of the mark and domain names themselves. *Omega*, 228 F. Supp. 2d at 127. This is the very analysis intended to be conducted by GoDaddy's linguistics expert in providing a basis for this Court to determine the existence of a lack of confusing similarity as to the domain names in AMPAS II.[2] *See* McKown Decl., ¶ 3.

The proposition that domain names combining trademarks and a generic term should not be automatically deemed "confusingly similar" to a trademark is also supported by the decision in *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 635, 642 (E.D. Mich. 2001), which specifically noted that where "words or letters added to the plaintiff's mark within the domain name clearly distinguish it from the plaintiff's usage," the existence of the plaintiff's mark in the domain name

---

[2]   Courts routinely admit expert testimony from linguists in trademark cases to assist in determining the similarity of trademarks, words, and sounds. *See, e.g.*, *Sanofi-Aventis v. Advancis Pharm. Corp.*, 453 F. Supp. 2d 834, 848-49 (D. Del. 2006); *Donald F. Duncan, Inc. v. Royal Tops Mfg. Co.*, 343 F.2d 655, 660-61 (7th Cir. 1965).

alone is insufficient to establish confusing similarity. *Id.* at 642. The *Ford* court further clarified its statement in a footnote stating:

> For example, the domain name "fordstheatre.org"—the homepage of the renowned Ford's Theatre in Washington, D.C.—incorporates the FORD mark with the addition of the generic word "theatre" but, from its context, is not "confusingly similar to" the FORD mark. No reasonable person could conclude that such a site was "used or approved" by the Ford Motor Company.

*Id.* at 642, fn. 3.

While the Court previously indicated that it did not agree with the rationale and approach taken by *Ford*, the Court's own standard accepts the proposition that "there may be instances where the meaning of the words used in a domain name and the meaning of a plaintiff's mark can be ascertained without regard to the parties' actual goods or services. In such instances, considering meaning when determining confusing similarity may be consistent with ACPA." Order at 22:11-15 [Dkt. 491, CV-03738-ABC].

When read together with the cases discussing confusing similarity, the anticipated testimony of a linguistic expert, and the third party trademark registrations for an OSCAR mark, the unique circumstances presented here—where the predominant trademarks at issue have myriad applications and meanings unrelated to the trademark owner—all compel a denial of AMPAS' Motion.

Indeed, the predominate trademarks at issue in this case—OSCAR and OSCARS—provides a unique circumstance in conducting a confusingly similar analysis because of the generic nature of those terms when not associated with any specific goods and services. As AMPAS admits, the word "oscar" has at least 25 common meanings and usages, any one of which can be at issue in analyzing confusing similarity based on the context of the other words present in the domain name. *See* McKown Decl., ¶ 6, Exh. A [AMPAS RFA Nos. 37-59, 66, 67].

9

AMPAS also admits that (1) the term "oscar" is defined in the common English language as a general award of achievement and (2) the USPTO has registered other OSCAR trademarks related to awards of achievement undermines AMPAS' confusing similarity argument.  *See* McKown Decl., ¶ 7, Exh. B [AMPAS RFA Nos. 63, 65].  Frankly, the word "oscar" simply does not carry the unique and unambiguous message that AMPAS wishes it carried absent a context that specifically associates the word with AMPAS itself.

This problem is the very reason why thoughtful appellate courts have expressly pointed out, in the closely-related trademark dilution context, that there are many famous marks comprised of common words—such as American, National, Federal Federated, First, United, Acme, Merit or Ace that are not at all distinctive. As to these kinds of marks, the Second Circuit has said, "[i]t seems most unlikely that the statute contemplates allowing the holders of such common, albeit famous, marks to exclude all new entrants." *Nabisco v. PF Brands*, 191 F.3d 208 (2nd Cir. 1999).  The same is true in the cybersquatting context.  If AMPAS were permitted to exclude all entrants into the Internet marketplace whose names included the common word "oscar," "academy," or "award," AMPAS would be cutting a far wider path than is contemplated by basic concepts of trademark law.

To determine whether each of the domain names at issue in AMPAS II is confusingly similar to one of the AMPAS Marks in the relevant Internet/cybersquatting context, one must look at the issue from the perspective of the Internet user who sits at his or her computer and types in the specific domain name.  AMPAS offers no evidence addressing this issue from that perspective. The record is absent evidence, expert opinion testimony or otherwise, that there is confusing similarity between any of the domain names at issue in AMPAS II and any of the AMPAS Marks for the Internet user.  Instead, AMPAS simply asks the Court to assume the requisite confusion facts into existence.

In light of the lack of any evidence presented by AMPAS demonstrating

10

confusion, as well as the sight, sound, and meaning of the various domain names, there is, at the very least, a genuine issue of material fact as to whether a jury would find the domain names identified in AMPAS II confusingly similar to one or more of the AMPAS Marks.

## VI. CONCLUSION

In light of the foregoing, GoDaddy respectfully requests that the Court deny the partial motion for summary judgment filed by AMPAS in its entirety.

Dated: July 7, 2014

**RING BENDER LLLP**
Aaron M. McKown
Paula L. Zecchini
_____

By: */s/ Aaron M. McKown*
    Aaron M. McKown
    Attorneys for Defendant
    GODADDY.COM, INC.