1   Aaron M. McKown, California Bar No. 208781
2   Paula L. Zecchini, California Bar No. 238731
    **RING BENDER LLLP**
3   2 Park Plaza, Suite 550
    Irvine, California 92614
4   Telephone.: (949) 202-5810
    Facsimile:   (949) 679-7939
5   E-Mail:      amckown@ringbenderlaw.com
6              pzecchini@ringbenderlaw.com

7   Attorneys for Defendant
    GODADDY.COM, LLC (f/k/a GODADDY.COM, INC.)
8

9           **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12 ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation, | Case No. CV10-3738 AB (CWx) [consolidated with Case No. CV13-08458-ABC (CW) |
| 14         Plaintiff, | Assigned to Hon. André Birotte Jr. |
| 15         v. | **DEFENDANT GODADDY.COM, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE JURY DEMAND** |
| 16 GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation, | Date:   February 23, 2015 Time:  10:00 a.m. Courtroom:  790 Complaint Filed:   May 18, 2010 Trial Date:          June 2, 2015 |
| 22         Defendants. | |

23

24

25

26

27

28

I.      **INTRODUCTION**

Plaintiff Academy of Motion Picture Arts and Sciences ("AMPAS") seeks maximum statutory damages of approximately $31,000,000 from Defendant GoDaddy.com, LLC ("GoDaddy") based on alleged violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), codified at 15 U.S.C. section 1125(c).   AMPAS bases its ACPA claim on the display of advertisements by GoDaddy's advertising partner on webpages resolving from domain names alleged to incorporate one or more of AMPAS' marks; the advertisements at issue generated an approximate $100 in total revenue for GoDaddy.   At all times relevant, GoDaddy has requested a trial by jury on all matters not capable of determination as a matter of law in accordance with the jury demand filed by AMPAS [Dkt. No. 1].

After nearly five years of litigation, AMPAS now asserts that GoDaddy is not permitted a jury trial on AMPAS' ACPA claim.   All arguments by AMPAS aside, GoDaddy has a clear Constitutional right to a jury trial under the Seventh Amendment of the United States Constitution.   The position taken by AMPAS ignores (1) overwhelming federal authority that recognizes the right to a jury trial where statutory remedies are sought under the Lanham Act, generally, and the ACPA, specifically; and (2) the sheer volume of ACPA cases that have been tried to a jury since the enactment of the ACPA—so many that the American Bar Association authored ACPA-specific model jury instructions—and instead cites as support a handful of cases adjudicated at the summary judgment stage and two bench trials.

As established herein, "there is little doubt that cyber piracy claims [under the ACPA] are triable by jury," where unresolved liability issues persist and where, as here, the complaining party seeks the maximum statutory damages allowed.   As such, GoDaddy respectfully requests the Court deny AMPAS' motion.

///

///

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

- 1 -

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

1  **II.    ARGUMENT**

2      **A.    GoDaddy's Right To A Jury Trial Is Authorized By The Seventh**

3          **Amendment And Express Federal Authority**

4          When no statute expressly confers upon the parties a right to a jury trial, any

5  such right must be determined by appealing to the Seventh Amendment of the

6  United States Constitution.  *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S.

7  340, 347 (1998).  GoDaddy does not contend that any of the statutes relevant to this

8  action confer a specific right to a jury trial.  As such, GoDaddy's right to a jury trial

9  is controlled by the Seventh Amendment.

10         The Seventh Amendment provides that "[i]n [s]uits at common law, where

11 the value in controversy shall exceed twenty dollars, the right of trial by jury shall

12 be preserved . . . ."  U.S. Const., Amdt. 7.  As set forth by the Supreme Court,

13 "[s]uits at common law" [ ] refers to, among other things, "suits in which legal

14 rights were to be ascertained and determined, in contradistinction to those where

15 equitable rights alone were recognized, and equitable remedies were administered."

16 *Feltner v. Columbia Pictures Television, Inc*., 523 U.S. 340, 348, 118 S.Ct. 1279,

17 140 L.Ed.2d 438 (1998) (quotation omitted).  As such, "[t]he right to jury trial 'is

18 not limited to actions that actually existed at common law, but extends to actions

19 analogous thereto' which seek a remedy at law."  *J & J Sports Productions, Inc., v.*

20 *Orellana*, No. 08–05468, 2010 WL 1576447, at *2 (N.D. Cal. Apr.19, 2010)

21 (quoting *Spinelli v. Gaughan*, 12 F.3d 853, 855 (9th Cir.1993) (citing *Tull v. United*

22 *State*s, 481 U.S. 412, 417, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987))).

23         The Supreme Court in *Feltner* "recognized the general rule that monetary

24 relief is legal . . . and an award of statutory damages may serve purposes

25 traditionally associated with legal relief, such as compensation and punishment."  *Id*.

26 (citations omitted).  Subsequent to *Feltner*, federal courts examining the statutory

27 damage provisions at issue here have consistently concluded that statutory damages

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE JURY DEMAND

1   under the Lanham Act are a remedy at law,[1] not one at equity—much like those

2   under the Copyright Act examined in *Feltner*.[2]  As such, claims in which a plaintiff

3   seeks statutory damages under the ACPA are triable to a jury under the Seventh

4   Amendment.  *Fancaster,* 2012 WL 815124, at *11.

5   **B.   The Seventh Amendment Entitles GoDaddy to A Jury Trial On**

6   **The Merits of AMPAS' ACPA Claim Because It Is Legal in Nature**

7        Although AMPAS appears to contend that the Seventh Amendment right to a

8   jury trial does not attach to the issue of liability under the ACPA, at least one federal

9   court has expressly found to the contrary, holding that "**there is little doubt that**

10  **cyber piracy claims are triable by jury**."  *Fancaster,* 2012 WL 815124, at *11

11  (emphasis added) (finding defendant entitled to jury trial on the merits of an ACPA

12  claim).  The accuracy of this determination is supported by *dicta* from the Ninth

13  Circuit which states that although cybersquatting "was not a common-law action in

14  English courts in the eighteenth century . . . [it] is a form of trademark infringement

15  . . . [and] therefore likely analogous to a common-law cause of action."  *GoPets Lts.*

16  *v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011)

17       AMPAS attempts to discount the Ninth Circuit *dicta* in *GoPets* by referring

18  the Court to the Ninth Circuit's later, unrelated opinion in *Petroliam Nasional*

19

20  [1]    *See, e.g., Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL 5265727, at *6 (S.D.N.Y. Oct. 24, 2012); *see also*, *3M Co. v. Mohan*, 2012 WL 1949033, at *3 (Fed. Cir. May 29, 2012); *Microsoft v. MBC Enters*., 120
21  F. App'x 234, 240 n. 1 (10th Cir. Dec. 29, 2004); *Bar–Meir v. North Am. Die Casting Assoc.*, 55 F. App'x 389, 390–91 (8th Cir. 2003); *Yurman Design, Inc. v.*
22  *PAJ, Inc.*, 93 F.Supp.2d 449, 462 n. 5 (S.D.N.Y.2000) (Sweet, J.), rev'd on other grounds, 262 F.3d 101 (2d Cir. 2001); *see also Louis Vuitton Malletier, S.A. v.*
23  *Akanoc Solutions, Inc.*, 2010 WL 5598337, at *12–13 (N.D. Cal. Mar. 19, 2010), vacated and remanded on other grounds, 658 F.3d 936 (9th Cir.2011); *cf.* GoPets,
24  657 F.3d at 1034; *Fancaster, Inc. v. Comcast Corp*., 2012 WL 815124, at *11 (D.N.J. Mar. 9, 2012).
25

26  [2]    Although AMPAS cites a number of cases discussing application of "the principles of equity" in determining statutory damages awards under the ACPA,
27  which is contained within the Lanham Act, AMPAS failed to present any cases specifically holding the monetary damages under the ACPA are a remedy at law, not
28  one at equity.  Motion at 3:16-4:10.

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

1   *Berhad v. GoDaddy.com, Inc.* ("*Petronas*"), 737 F.3d 346 (9th Cir. 2013).  Motion

2   at 3:1-15.  The decision in *Petronas*, however, is inapposite as the Ninth Circuit's

3   examination was limited to the question of whether a claim for contributory

4   cybersquatting existed under the ACPA.  *See Petronas*, 737 F.3d at 347.

5          Contrary to the arguments advanced by AMPAS, the *dicta* set forth by the

6   Ninth Circuit in *GoPets*, as well as the express finding made by the *Fancaster* court,

7   is bolstered by the volume of ACPA cases throughout the country that have been

8   tried to a jury,[3] as well as the number of decisions acknowledging the role of the

9   jury as fact finder on ACPA claims that cannot be resolved as a matter of law.[4]

10  Indeed, the presumption and/or acknowledgment of the right to a jury trial is so

11  extensive that the American Bar Association promulgated model jury instructions

12  _____

13  [3]    *See, e.g.*, *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218 (9th Cir. 2010) (noting ACPA claim tried to jury); *D.S.P.T. Int'l, Inc. v. Nahum*, No. CV 06-0308 ODW AJWX, 2007 WL 5298428, at *6 (C.D. Cal. Dec. 13, 2007) *aff'd sub nom. DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213 (9th Cir. 2010) (same); *Haas Automation, Inc. v. Denny*, No. 2:12-CV-04779 CBM, 2013 WL 6502876, at *5 (C.D. Cal. Dec. 4, 2013) (same); *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1204-05 (11th Cir. 2009)(same); *Kiva Kitchen & Bath Inc. v. Capital Distrib. Inc.*, 319 F. App'x 316, 318 (5th Cir. 2009) (same); *B & F Sys., Inc. v. LeBlanc*, No. 7:07-CV-192 HL, 2012 WL 2529191, at *1 (M.D. Ga. June 29, 2012) *aff'd sub nom. B & F Sys., Inc. v. LeBlanc*, 519 F. App'x 537 (11th Cir. 2013) (same); *Panda Herbal Int'l, Inc. v. Luby*, No. CIV.A. 05-2943, 2007 WL 44023, at *1 (E.D. Pa. Jan. 9, 2007) (same); *Newport Electronics, Inc. v. Newport Corp.*, 56 F. App'x 63, 64 (2d Cir. 2003) (same); *In re Luby*, 438 B.R. 817, 825 (Bankr. E.D. Pa. 2010) (same); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, No. CIVA 04-2597 KHV, 2006 WL 3021109, at *1 (D. Kan. Oct. 23, 2006) (same); *Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1217 (11th Cir. 2012) (same).

21  [4]    *See e.g., Anlin Indus., Inc. v. Burgess*, 301 F. App'x 745, 746 (9th Cir. 2008) (acknowledging potential role of jury as fact finder in connection with one or more elements of ACPA claim); *Two Plus Two Pub., LLC v. Boyd*, No. 2:09-CV-02318-KJD, 2012 WL 724678, at *4 (D. Nev. Mar. 1, 2012) *aff'd sub nom. Two Plus Two Pub., LLC v. Jacknames.com*, 572 F. App'x 466 (9th Cir. 2014) (same); *Rackley Bilt Custom Trailers, Inc. v. Harley Murray, Inc.*, No. CIV. 209CV1382JAMEFB, 2010 WL 2353515, at *2-3 (E.D. Cal. June 9, 2010) (same); *Omega S.A. v. Omega Eng'g, Inc.*, 228 F. Supp. 2d 112, 131 (D. Conn. 2002) (same); *Venetian Casino Resort, LLC v. Venetiangold.Com*, 380 F. Supp. 2d 737, 740 (E.D. Va. 2005) (same); *Healix Infusion Therapy, Inc. v. Murphy*, No. CIV.A. H-08-0337, 2008 WL 4155459, at *4 (S.D. Tex. Sept. 2, 2008)(same); *Newport Electronics, Inc. v. Newport Corp.*, 157 F. Supp. 2d 202, 215 (D. Conn. 2001) (same); *Under Armour, Inc. v. Body Armor Nutrition, LLC*, No. CIV. JKB-12-1283, 2013 WL 5375444, at *6 (D. Md. Aug. 23, 2013) (same).

- 4 -

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

for use in ACPA matters.[5]  *See* Todd S. Holbrook & Alan Nathan Harris, *Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation*, American Bar Association, Instruction Nos. 2.7.2-2.7.6 (2008 ed.); *see also* Declaration of Paula Zecchini, ¶ 2, Ex. A.

AMPAS cites two additional Ninth Circuit opinions for its proposition that GoDaddy is not entitled to a jury trial on the issue of liability under the ACPA.  *See* Motion at 1:16-21.   Neither supports AMPAS' contention that, in the event judgment cannot be rendered by the Court as a matter of law based on undisputed facts, GoDaddy must forego a jury trial on the issue of liability.  Indeed, to GoDaddy's knowledge, no court has categorically determined that ACPA claims are exempt from the dictates of the Seventh Amendment.  To the contrary, at least one district court has expressly held that the Seventh Amendment provides the right to a jury trial in an ACPA claim and available Ninth Circuit commentary is in accord.  *See Fancaster,* 2012 WL 815124, at *11; *GoPets,* 657 F.3d at 1034.

As an initial matter, the unpublished opinion in *Two Plus Two Publishing LLC v. Jacknames.com*, 572 Fed. Appx. 466 (9th Cir. May 1, 2014), relied upon by AMPAS, has no bearing on the issue of whether GoDaddy is entitled to a jury trial on the issue of liability under the ACPA.  This is because the district court—and as a result, the Ninth Circuit—never reached the issue of whether ACPA claims should be tried to a judge or jury.  *See id.*  Rather, the Ninth Circuit merely affirmed the district court's finding on summary judgment that the defendants were liable for cybersquatting.  *See id.*  Having reached this determination as a matter of law, there was no need to address the question of a trial on the merits.  *See id.*

AMPAS' reliance on *GoPets* is similarly unavailing as the Ninth Circuit in *GoPets* did not examine whether an ACPA defendant is entitled to a jury trial on

---

[5]   Notably, even this Court previously indicated that it believed the ACPA would likely be tried to a jury: "it feels like a jury trial to me".  *See* Zecchini Decl., ¶ 3, Ex. B (Transcript from April 7, 2014 Scheduling Conference) at 23:14-24:7.

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

issues of liability. *GoPets*, 657 F.3d at 1034. To the contrary, the Ninth Circuit specifically noted that the district court "properly . . . found" the defendants to be "liable under ACPA as a matter of law" and addressed the right to a jury trial only in the limited context of statutory damages. *Id.* The defendant in *GoPets* was ultimately denied a jury trial not because the Seventh Amendment does not provide for a jury trial under the ACPA but because there was no issue of material fact to be tried to a jury in light of the fact that the district court awarded only the minimum allowable statutory damages. *See id.*

To be clear, GoDaddy does not maintain that it is entitled to a jury trial on liability issues that may be properly decided by the Court as a matter of law based on undisputed facts. Indeed, as AMPAS points out, a number of courts have been able to determine liability under the ACPA on summary judgment. *See* Motion at 5:17-28, Fn. 4. As set forth above, however, just as many courts have been unable to reach such a determination and proceeded to jury trials not only on the issue of liability, but also statutory damages. *See* Fns. 1 and 2, *infra*.

As the Seventh Circuit explained in *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) and as applicable here, *Feltner* "establish[es] no more (and no less) than that cases under [the ACPA] are normal civil actions subject to the normal allocation of functions between judge and jury. When there is a material dispute of fact to be resolved or discretion to be exercised . . . , then either side is entitled to a jury." *Id.* at 892–93 (citing *Segrets, Inc. v. Gillman Knitwear Co.*, 207 F.3d 56, 65 n. 7 (1st Cir.2000)). GoDaddy seeks no more and no less than that to which it is constitutionally entitled. As it relates to liability for the ACPA claims asserted against it by AMPAS, GoDaddy has requested, and is entitled to, a trial by jury on those issues that this Court is not able to adjudicate as a matter of law.[6]

---

[6]   To the extent AMPAS claims that neither party requested a jury trial in relation to AMPAS II, AMPAS is mistaken. Although AMPAS did not make a specific demand for a jury in its AMPAS II pleadings, or by way of a separate filing, AMPAS did note such a demand in its Civil Cover Sheet, which is reflected on the Court's docket. *See* Civil Cover Sheet [Dkt. No. 1, Case No. CV13-08458-ABC

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

**C.     The Seventh Amendment Entitles GoDaddy To A Jury Trial On AMPAS' Claim for Statutory Damages Under the ACPA Because AMPAS Seeks An Award Of Maximum Statutory Damages**

Despite AMPAS' attempt to distinguish the United States Supreme Court's seminal decision in *Feltner v. Columbia Pictures Television, Inc.* by way of a footnote, the *Feltner* decision remains the controlling legal authority on the issue of whether GoDaddy has a constitutional right to a jury trial on AMPAS' claim for statutory damages.[7] *See* Motion at 6:22-28, Fn. 7.

In *Feltner*, the Supreme Court specifically held that a Copyright Act litigant has a right to a jury trial under the Seventh Amendment, "which includes a right to a jury determination of the amount of statutory damages." *Feltner*, 523 U.S. at 342. This decision is not simply instructive, it is controlling. In *Feltner*, the Supreme Court assessed whether the copyright cause of action was "analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." *Id.* at 348 (citations omitted). The Supreme Court found that there was "clear and direct historical evidence that juries, both as a general matter and in copyright cases, set the amount of damages awarded a successful plaintiff," and concluded as a result that "the Seventh Amendment provides a right to a jury trial on all issues pertinent

(CW)]. GoDaddy's reliance on this notation in not filing its own jury demand is sufficient to preserve GoDaddy's right to a jury trial. *See* Fed. R. Civ. Proc. 38; *Johnson v. Dalton* (C.D. Cal. 1999) 57 F. Supp. 2d 958, 960; *see also, Moores v. Greenberg*, 834 F.2d 1105 (1st Cir. 1987) (that party erroneously relied on notation on civil cover sheet supports granting untimely request for jury trial); *Pinemont Bank v. Belk*, 722 F.2d 232 (5th Cir. 1984) (same). Moreover, because the two matters were consolidated for all purposes, including trial, GoDaddy is entitled to rely on the jury demand filed by AMPAS in AMPAS I for those issues presented by way of AMPAS II [Dkt. No. 1]. *See* Fed. R. Civ. Proc. 38.

[7]      To the extent AMPAS seeks to differentiate the decision in *Feltner* based on linguistic differences between the Copyright Act and the ACPA, GoDaddy directs this Court to the Ninth Circuit decision in *GoPets*, which in examining *Feltner*, states: "The language of ACPA's statutory damages provision is essentially identical to the language of the copyright damages provision at issue in *Feltner*." *GoPets*, 657 F.3d at 1033.

1  to an award of statutory damages under § 504(c) of the Copyright Act, including the
2  amount itself." *Id.* at 355.

3      In light of (1) the *dicta* and holding in the Ninth Circuit's *GoPets*, which
4  examined *Feltner* in reaching its conclusion, and (2) the express holding in
5  *Fancaster* finding that ACPA claims are triable to a jury, there can be no question
6  that, just as in *Feltner*, statutory damage claims under the ACPA—including the
7  assessment of such damages—are triable to a jury.  That right is modified, however,
8  where either a plaintiff seeks only the minimum amount of statutory damages or the
9  court awards only the minimum amount of statutory damages.  In those situations,
10  there is no jury issue.  *BMG Music*, 430 F.3d at 892; *GoPets*, 657 F.3d at 1034.

11      In contrast, where a plaintiff seeks statutory damages in excess of the
12  minimum allowed under the statute, a jury must decide where in that range to award
13  damages.  *BMG Music*, 430 F.3d at 892.  This is especially the case where, as here,
14  the plaintiff specifically demands an award of the maximum statutory damages.  *See*
15  *Curtis v. Illumination Arts, Inc*., No. C12–099JLR, 2013 WL 3788609, at *6 (W.D.
16  Wash. July, 18, 2013) ("This court agrees with the Seventh Circuit's analysis in
17  *BMG Music*, and accordingly must deny Plaintiff's motion for summary judgment
18  with respect to an award of maximum statutory damages for Defendant's willful
19  copyright violations. This is an issue that the court must reserve for the jury.").

20      AMPAS maintains that it should be awarded the maximum damages
21  allowable under the ACPA, i.e., $100,000 per domain name, while GoDaddy
22  contends that, to the extent it is found liable under the ACPA, the damages awarded
23  should reflect AMPAS' actual losses and fall near the low end.  Were AMPAS to
24  elect to recover only the statutory minimum award of $1,000 per violation or were
25  the Court to award only the statutory minimum on summary judgment, no jury
26  determination would be needed as to the range of statutory damages.  *See GoPets,*
27  657 F.3d at 1034.  In other words, because the law requires at least $1,000 in
28  damages per violation, were AMPAS to elect to seek only this minimal amount per

Ring Bender LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

- 8 -

violation, there would no longer be "a material dispute of fact to be resolved or discretion to be exercised in selecting a financial award . . . [rendering] summary judgment . . . permissible." *Id*. at 892–93 (citing *Segrets, Inc. v. Gillman Knitwear Co*., 207 F.3d 56, 65 n. 7 (1st Cir. 2000)).

Although Plaintiff cites ten (10) cases in which it appears statutory damages over the minimum statutory amount were awarded by a district court absent a jury trial, a review of the relevant dockets for those cases reveals that in at least six (6) of those cases, no jury demand was filed or served—including the matter of *Two Plus Two*.[8]  The remaining cases in which statutory damage awards were set by the district courts, and not juries, did not appear to be challenged on the ground of entitlement to a jury trial.[9]  AMPAS does not present this Court with a single case where, in an action in which a jury had been demanded, maximum statutory damages were sought by the Plaintiff and awarded by a district court in the absence of a jury.  Nor is there Ninth Circuit authority to support denying GoDaddy the right to a jury trial where, as here, AMPAS seeks an award of maximum statutory damages of approximately $31,000,000.

As the case is presently postured, "[w]hat number between [$1,000 and $100,000 per violation] is 'just' recompense **is a question for the jury** . . . ." *BMG Music*, 430 F.3d at 892 (emphasis added).  Because AMPAS demands more than the minimum statutory damage amount—and indeed, specifically requests an award of maximum statutory damages—the Seventh Amendment entitles GoDaddy to have a jury decide what range of statutory damages to apply.  *See Sky Cable, LLC v. Coley*,

---

[8]    Of those cases cited in Fn. 5: *Two Plus Two Publishing LLC v. Jacknames.com*; *Shields v. Zuccarini*; *Haas Automation Inc. v. Denny*; *Lahoti v. Vericheck, Inc.*; *E&J Gallo Winder v. Spider Webs Ltd*; and *Victoria's Cyber Secret Ltd Partnership v. V Secret Catalogue*.

[9]    Of those cases cited in Fn. 5: *Newport News Holdings Corp. v. Virtual City Vision, Inc.; In re: Wright; City of Carlsbad v. Shah*; and *Pinehurst, Inc. v. Wick*.

- 9 -

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

No. 5:11CV00048, 2013 WL 5963027, at *5 (W.D. Va. Nov. 7, 2013); *Curtis*, 2013 WL 3788609, at *6.

## III.   IN THE ALTERNATIVE, GODADDY REQUESTS THE COURT CERTIFY THESE ISSUES FOR INTERLOCUTORY APPEAL

If the Court grants AMPAS' Motion to Strike Jury Demand, GoDaddy requests that the court certify three (3) issues for interlocutory appeal to the Court of Appeals for the Ninth Circuit and grant a stay in compliance with 28 U.S.C. section 1292(b) because "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

The specific issues requested by GoDaddy to be certified are:

- Whether the Seventh Amendment affords the right to a jury trial, where demanded, on the issue of liability for claims brought under the Anti-Cybersquatting Consumer Protection Act, codified at 15 U.S.C. section 1125(c);

- Whether the Seventh Amendment affords the right to a jury trial, where demanded, on the issue of statutory damages sought under the Anti-Cybersquatting Consumer Protection Act, codified at 15 U.S.C. section 1125(c), where the plaintiff seeks more than the minimum statutory damages allowed; and

- Whether the Seventh Amendment affords the right to a jury trial, where demanded, on the issue of statutory damages sought under the Anti-Cybersquatting Consumer Protection Act, codified at 15 U.S.C. section 1125(c), where the plaintiff seeks the maximum statutory damages allowed.

If no interlocutory appeal is granted, GoDaddy may request a writ of mandamus pursuant to 28 U.S.C. section 1651.6.

## IV.   CONCLUSION

Based on the foregoing, GoDaddy respectfully requests the Court deny the pending Motion to Strike Jury Demand.  In the alternative, GoDaddy requests the Court certify the issues set forth herein for interlocutory appeal to the Ninth Circuit pursuant to 28 U.S.C. section 1292(b) and stay the instant action pending the outcome of that appeal.

- 10 -

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

Dated:  February 2, 2015

**RING BENDER LLLP**
Aaron M. McKown
Paula L. Zecchini


By:  *s/ Paula L. Zecchini*
     Paula L. Zecchini
Attorneys for Defendant
GODADDY.COM, LLC

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

- 11 -