BOIES, SCHILLER & FLEXNER LLP
Stuart Singer (pro hac vice)
ssinger@bsfllp.com
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL, 33301
Tel: 954-356-0011
Fax: 954-356-0022

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Tel: 310-752-2400
Fax: 310-752-2490

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br>v.<br><br>GODADDY.COM, INC., et al.,<br><br>Defendant. | Case No.: 2:10-cv-03738 AB (CWx)<br>[Consolidated with Case No.2:13- cv-08458-AB (CWx)]<br><br>**PLAINTIFF ACADEMY OF MOTION PICTURES ARTS AND SCIENCES' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JAMES BLADEL**<br><br>Date: July 13, 2015<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. André Birotte Jr.<br><br>Complaint Filed: May 18, 2010<br>Trial Date: August 4, 2015 |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on July 13, 2015 at 11:00 a.m., or as soon thereafter as this matter can be heard before the Honorable André Birotte Jr., located at Courtroom 4, Second Floor, United States District Court, Central District of California (Western Division), 312 N Spring St, Los Angeles, CA 90012, Plaintiff Academy of Motion Picture Arts and Sciences ("AMPAS") will and hereby does move for an order excluding the testimony of James Bladel at trial on the grounds that Defendant GoDaddy.com, Inc. ("GoDaddy") failed to disclose Mr. Bladel as a witness before the fact discovery cut-off date of September 26, 2014.

This Motion is brought pursuant to the Federal Rules of Civil Procedure 26 and 37; the Local Rules; the Court's Standing Order; and the Court's inherent authority to regulate proceedings.

This Motion is based upon this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the Declaration of Enoch H. Liang and exhibits thereto; the pleadings, records and papers in this action; all matters of which the Court may take judicial notice; and such other and further evidence as may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place starting on Wednesday, June 10, 2015 and continued through until Tuesday, June 23, 2015.

Dated: June 23, 2015

**LEE TRAN & LIANG LLP**

By: /s/   Enoch H. Liang
          Enoch Liang

Attorneys for Plaintiff Academy of Motion Pictures Arts and Sciences

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  WITNESSES DISCLOSED AFTER THE DISCOVERY DEADLINE
     MUST BE EXCLUDED ....................................................................................... 2

     A.   The Discovery Rules Preclude the Use of Evidence Not
          Disclosed in Discovery ................................................................................ 2

     B.   GoDaddy Must Be Precluded From Relying on An Undisclosed
          Witness at Trial ............................................................................................ 3

III. CONCLUSION. .................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Miksis v. Howard,*
  106 F.3d 754 (7th Cir. 1997) .................................................................................. 3

*Ollier v. Sweetwater Union High School Dist.,*
  768 F.3d 843 (9th Cir. 2014) ............................................................................. 3, 4

*Republic of Ecuador v. Mackay,*
  742 F.3d 860 (9th Cir. 2014) .................................................................................. 2

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
  259 F.3d 1101 (9th Cir. 2001) ................................................................................ 3

**Rules**

Federal Rule of Civil Procedure 26 ........................................................................ 2
Federal Rule of Civil Procedure 37 .................................................................... 2, 3

# MEMORANDUM OF POINTS AND AUTHORTIES

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff Academy of Motion Picture Arts and Sciences ("AMPAS") respectfully moves to preclude Defendant GoDaddy.com, Inc. ("GoDaddy") from introducing James Bladel at trial on the grounds that GoDaddy failed to disclose Mr. Bladel as a witness before the fact discovery cut-off date of September 26, 2014.[1] For example, GoDaddy failed to disclose Mr. Bladel as a witness *despite identifying 186 witnesses* on its March 2013 Witness List in the AMPAS I trial (before Judge Collins continued the AMPAS I trial and before AMPAS filed the AMPAS II case). Then, GoDaddy *again* failed to disclose Mr. Bladel in its August 2014 Supplemental Rule 26 Disclosures, a month before the AMPAS II fact discovery cut-off.

In fact, it was not until a mere two weeks ago—June 9, 2015—that GoDaddy first disclosed Mr. Bladel as a witness. If GoDaddy is allowed to introduce Mr. Bladel at trial, AMPAS will be prejudiced and deprived of the opportunity to timely depose him during the discovery period, and also of the opportunity to seek further discovery based upon information that may be discovered through his deposition.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place starting on Wednesday, June 10, 2015 and continued through until Tuesday, June 23, 2015 [Declaration of Enoch H. Liang ("Liang Decl."), Exh. 1].

## I. INTRODUCTION

This case has been pending before the Court since May 2010. During these five years, the discovery deadline has been extended multiple times in both the AMPAS I and AMPAS II cases, which were consolidated. Yet now, on the eve of trial and long after the close of fact discovery, GoDaddy has for the first time

---

[1] The parties agreed to a one day extension, until June 23, 2015, for AMPAS to file its motion *in limine* in order to give the parties more time to meet and confer. [Liang Decl., Exh. 5].

disclosed a new witness—James Bladel—whom it intends to rely on at trial. Mr. Bladel was not disclosed at any point in the last five years either (1) in GoDaddy's Initial or Supplemental Rule 26 disclosures in AMPAS I or AMPAS II; (2) in any of GoDaddy's interrogatory responses in AMPAS I or AMPAS II; (3) by any declaration filed in support of GoDaddy's several motions for summary judgment; nor (4) on GoDaddy's original March 2013 Witness List (before AMPAS filed the AMPAS II case in November 2013). [Liang Decl., Exhs. 2-4].

AMPAS will be prejudiced if the Court permits Mr. Bladel to testify after failing to disclose him until less than two months before trial. For this very reason, it is well established that a party is prohibited from using at trial material and witnesses that it failed to disclose before the discovery cut-off. It is this very type of bad faith gamesmanship that the discovery rules are intended to prevent.

## II. WITNESSES DISCLOSED AFTER THE DISCOVERY DEADLINE MUST BE EXCLUDED

### A. The Discovery Rules Preclude the Use of Evidence Not Disclosed in Discovery

Any documents not produced or witnesses not disclosed before the discovery cut-off date should be excluded under Federal Rules of Civil Procedure 26 and 37 and Federal Rule of Evidence 403. Rule 26(a)(1)(A) states that "a party must, without awaiting a discovery request, provide to the other parties. . . the name and, if known, the address and telephone number of each individual likely to have discoverable information." Rule 26(e) requires parties to supplement discovery responses, as well as the initial disclosures, to correct any incorrect or incomplete information. Compliance with Rule 26's disclosure requirements is "mandatory." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir. 2014).

"An adverse party should not have to guess which undisclosed witnesses may be called to testify. [The Ninth Circuit]—and the Advisory Committee on the Federal Rules of Civil Procedure—have warned litigants not to 'indulge in

gamesmanship with respect to the disclosure obligations' of Rule 26." *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (rejecting defendant's theory that it complied with Rule 26 because plaintiffs were aware of the existence of the contested witness through other witness' depositions).

The sanction for failing to disclose material or witnesses in discovery is clear: those witnesses cannot testify at trial. Federal Rule of Civil Procedure 37(c)(1) states that a party who fails to disclose information required by Rule 26 "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). This evidentiary sanction is "automatic and mandatory" unless the party can demonstrate that its failure to disclose was "either justified or harmless." *Miksis v. Howard,* 106 F.3d 754, 760 (7th Cir. 1997); see also *Ollier*, 768 F.3d at 861 (upholding district court's finding that "[w]aiting until long after the close of discovery and on the eve of trial to disclose allegedly relevant and noncumulative witnesses is harmful and without substantial justification," where witnesses were disclosed **8 months** before trial); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed . . . . The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material . . . .' Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded . . . .).

### B. Mr. Bladel Cannot be Permitted to Testify at Trial

On June 9, 2015, the parties exchanged Witness Lists in accordance with L.R. 16. For the very first time in this over five year litigation, GoDaddy listed James Bladel, a GoDaddy employee, as a potential witness. GoDaddy cannot show that this untimely disclosure was either harmless or justified.

3

PLAINTIFF'S MIL TO EXCLUDE
JAMES BLADEL

**First**, the untimely disclosure is not harmless because AMPAS will be prejudiced if GoDaddy is permitted to call Mr. Bladel at trial. Specifically, AMPAS will have been deprived of the opportunity to depose Mr. Bladel, or to seek further discovery based upon information that may have been discovered through that deposition during the fact discovery period. It is not enough for GoDaddy to offer Mr. Bladel up for deposition on the eve of trial. As the Ninth Circuit stated in *Ollier*, "[t]he last thing a party or its counsel wants in a hotly contested lawsuit is to make last-minute preparations and decisions on the run. The late disclosures here were not harmless." *Ollier*, 768 F.3d at 863 (excluding witnesses disclosed *8 months* before trial, and more than 15 months after the close of fact discovery).

**Second**, GoDaddy cannot show substantial justification because GoDaddy itself has already made clear that GoDaddy was aware of this witness well before the close of fact discovery. [Liang Decl., Exh. 1 (GoDaddy's counsel stating that AMPAS should have been aware of Mr. Bladel because he was listed in GoDaddy's documents and mentioned in a deposition)]. Indeed, Mr. Bladel was employed by GoDaddy prior to the close of fact discovery. *See Ollier*, 768 F.3d at 863 (finding no substantial justification for untimely disclosed witnesses where the witnesses were employed by Defendant prior to the close of discovery).

**Third**, AMPAS anticipates GoDaddy will argue that AMPAS was aware of Mr. Bladel's existence because his name may have appeared on some emails and he was mentioned during another witness's deposition. [Liang Decl., Exh. 1 (GoDaddy's counsel stating that AMPAS should have been aware of Mr. Bladel before close of fact discovery because he was listed in GoDaddy's documents and mentioned in a deposition)]. This argument fails to consider well-established discovery rules. AMPAS is not required to preemptively anticipate and depose *every possible witness* that GoDaddy could potentially rely on at trial. Here, GoDaddy produced over 75,000 pages of documents. AMPAS could not depose every single

person referenced in those documents. Such a requirement would result in excessively overbroad and costly discovery.

Instead, the Federal Rules place on GoDaddy the obligation to disclose any witnesses it intends to rely upon so that AMPAS has a fair chance to depose those disclosed witnesses if AMPAS so chooses. *See Ollier*, 768 F.3d at 862-863. Moreover, the Federal Rules automatically preclude GoDaddy from using at trial any witness it did not disclose in discovery, irrespective of whether that witness could have been discovered independently by AMPAS. *See Ollier*, 768 F.3d at 862 (rejecting defendant's argument that plaintiffs were on notice that the contested witnesses might testify and stating "the mere mention of a name in a deposition is insufficient" to notify plaintiffs that defendant "intend[s] to present that person at trial.").

**Fourth,** based on the meet and confer correspondence, Go Daddy is also expected to argue that its untimely disclosure of Mr. Bladel is justified because Mr. Bladel's boss, Timothy Ruiz, is no longer employed by GoDaddy. This argument is unavailing. For example, GoDaddy's claim that Mr. Bladel's testimony is necessary or critical is belied by its own recent conduct. As recently as last Friday, June 19, GoDaddy told AMPAS that "We have decided not call Bladel as a witness . . . ." [Liang Decl., Exh. 1]. Less than three days later, on Monday, June 22, GoDaddy reversed itself and said "We will include James Bladel on our witness list as a 'may' call." [*Id.* (emphasis in original)]. The fact that GoDaddy was willing to drop Mr. Bladel as a witness as recently as last Friday speaks volumes about the importance of Mr. Bladel's testimony.

Moreover, even assuming that Mr. Ruiz recently left GoDaddy, he is presumably still in contact with GoDaddy. If his testimony were important enough, GoDaddy could still secure Mr. Ruiz's live, voluntary testimony at trial through a consulting agreement or something similar (or could designate Mr. Ruiz's testimony

from his deposition). Again, GoDaddy's choice to not take these avenues should not result in prejudice to AMPAS with respect to Mr. Bladel, an undisclosed witness.

## III. CONCLUSION

For the foregoing reasons, the Court should preclude GoDaddy from calling Mr. Bladel at trial when it failed to disclose him to AMPAS during discovery.

Respectfully submitted,

Dated: June 23, 2015

BOIES, SCHILLER & FLEXNER LLP

FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC

LEE, TRAN & LIANG LLP

KUPFERSTEIN MANUEL & QUINTO LLP

By: /s/ Enoch H. Liang
Enoch Liang

**BOIES, SCHILLER & FLEXNER LLP**
Stuart Singer (pro hac vice)
ssinger@bsfllp.com
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Tel: 310-752-2400
Fax: 310-752-2490

**FOOTE, MIELKE, CHAVEZ, & O'NEIL LLC**
Robert M. Foote (pro hac vice)

6

PLAINTIFF'S MIL TO EXCLUDE JAMES BLADEL

rmf@fmcolaw.com
Matthew Herman (pro hac vice)
mjh@fmcolaw.com
10 West State Street, Suite 200
Geneva, Illinois 60134
Tel: 630-232-7450
Fax: 630-232-7452

**LEE TRAN & LIANG LLP**
James M. Lee (SBN 192301)
james.lee@ltlattorneys.com
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
601 South Figueroa Street, Suite 3900
Los Angeles, CA 90017
Tel: 213-612-8900
Fax: 213-612-3773

**KUPFERSTEIN MANUEL & QUINTO LLP**
David W. Quinto, Esq. (SBN 106232)
dq@kmqIitigation.com
11845 W. Olympic Boulevard, Suite 1000
Los Angeles, CA 90064
Tel: 424-248-6650
Fax: 424-248-6652

*Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences*