BOIES, SCHILLER & FLEXNER LLP
Stuart Singer (pro hac vice)
ssinger@bsfllp.com
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL, 33301
Tel: 954-356-0011
Fax: 954-356-0022
[Additional Counsel Listed on Signature Page]
Attorneys for Plaintiff Academy of Motion Picture Arts and Sciences

Robert M. Galvin (CA Bar No. 171508)
  Robert.Galvin@wilmerhale.com
Jimmy Doan (CA Bar No. 271448)
  Jimmy.Doan@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Tel:  (650) 858-6000
Fax:  (650) 858-6100
[Additional Counsel Listed on Signature Page]
*Attorneys for Defendant GoDaddy.com, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>              Plaintiff,<br>v.<br><br>GODADDY.COM, INC., et al.,<br><br>              Defendant. | Case No.:  2:10-cv-03738 AB (CWx)<br>[Consolidated with Case No.2:13- cv-08458-AB (CWx)]<br><br>**JOINT BRIEF REGARDING ADMISSIBILITY OF JTX 1233** |

Plaintiff ACADEMY OF MOTION PICTURE ARTS AND SCIENCES ("AMPAS") and Defendant GODADDY.COM, INC. hereby respectfully submit this joint brief regarding the admissibility of JTX 1233.

## I. AMPAS: JTX 1233 SHOULD BE ADMITTED INTO EVIDENCE

JTX 1233 is an April 26, 2007 email between two GoDaddy employees—Camille Ede and Pam Bunn—regarding a complaint made to GoDaddy from FedEx demanding that "GoDaddy cease its practice of using its registrant's domain names for advertising, including, but not limited to pay-per-click advertising and advertising for GoDaddy's services." This demand was made by FedEx specifically with respect to GoDaddy's "free parked page."

GoDaddy objects for lack of foundation and hearsay.[1] GoDaddy's objections to JTX 1233 were discussed on August 5, 2015 with respect to the designated deposition testimony of Camille Ede. [August 5, 2015 Trial Transcript at 177-183]. The Court sustained GoDaddy's objections to Ms. Ede's designated testimony with regard to JTX 1233, concluding that such testimony was not timely designated and also that JTX 1233 possibly constituted inadmissible hearsay. [*Id.* at 183:8-19]. However, the Court noted its willingness to revisit the issue and confirmed that AMPAS would be able to re-introduce the issue with regard to the introduction of JTX 1233. [*Id.*]

### A. Foundation Has Been Established for JTX 1233.

Despite having produced JTX 1233 from its own records in the course of this litigation, GoDaddy now argues that it should be excluded for lack of foundation.

Documents produced by a party-opponent are deemed authentic. *See, e.g., In re Homestore.com, Inc. Securities Litigation*, 347 F. Supp. 2d 769 (C.D. Cal. 2004) citing *Orr v. Bank of America,* 285 F.3d 764, 777 n. 20 (9th Cir.2002) ("[T]he Court finds this document to be authenticated. PwC produced [the] Exhibit [] during the

---

[1] AMPAS asked GoDaddy if it was making other objections other than hearsay and foundation, but GoDaddy did not respond.

Joint Brief re JTX 1233

- 2 -

discovery process; such documents are deemed authentic when offered by a party-opponent."); *Cervantez v. Celestica Corp.,* 253 F.R.D. 562 (C.D. Cal. 2008) (overruling foundation objection to records produced by Defendant as "an admission from Defendants'' own records.").

Moreover, a party-opponent is precluded from raising an objection based on lack of personal knowledge to documents it produced. *See, e.g., Caldwell v. Porch,* 2014 WL 1921013, at *1 n. 3 (C.D. Cal. May 13, 2014) ("[O]bjections to Plaintiff''s reliance on documents produced by Defendants on the ground that Plaintiff 'lacks personal knowledge' of their contents appear erroneously to imply that a party cannot use statements in an opponent''s documents . . . . unless the party independently has personal knowledge of the information.").

GoDaddy produced JTX 1233 from its own records as GD 11434-11436, in the course of this litigation. Thus, it is precluded from arguing that the document lacks foundation.

**B. JTX 1233 is Not Hearsay.**

GoDaddy attempts to exclude JTX 1233 on hearsay grounds. However, because AMPAS offers JTX 1233 to show GoDaddy's *knowledge*, and not to show the truth of the statements contained within the emails, JTX 1233 is not hearsay.

Under Federal Rule of Evidence 801, out of court statements offered for the truth of the matter asserted constitute inadmissible hearsay. Fed. R. Evid. 801. Statements not offered for their truth, however, do not fall within the hearsay rule. Fed. R. Evid. 801(c). It is well-established that statements offered to show a ***party's knowledge***, and not their truth, are admissible. Fed. R. Evid. 803(3). Specifically, courts consistently hold that statements offered to show that a party was ***on notice*** of certain activities, do not violate the rule against hearsay. *See, e.g. Degla Group for Investments, Inc. v. BoConcept USA, Inc.*, 2014 WL 3893367 at *10 n.158 (C.D. Cal. Aug. 8, 2014) (admitting evidence of third party complaints over hearsay objection and stating "this testimony was not hearsay: it was not

offered to prove the truth of the complaints (internal cites omitted). Instead, this testimony was offered to show that Lockheed management had received complaints regarding Haddad. Such testimony was relevant in demonstrating Lockheed's non-discriminatory intent in its employment practices."); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 454 F. Supp. 2d 966 (C.D. Cal. 2006) (emails received by distributor of peer-to-peer file sharing computer networking software or its agents not offered for their truth in a copyright infringement suit, but instead to show the distributor's knowledge and state of mind as to the users' activities, and thus, the emails were not inadmissible hearsay); *Entous v. Viacom Intern., Inc.,* 151 F. Supp. 2d 1150, 1157-8 n.5 (C.D. Cal. 2001) (admitting out of court statements over hearsay objection where statements were offered not for the truth, but to show notice to plaintiff); *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F. Supp. 2d 1051, 1074-5 (E.D. Cal. May 6, 2009) (Consumer and dealer statements were not being offered on mark owner's Lanham Act claims against competitor for truth of matter asserted by consumers, but rather for truth regarding witnesses' perception of consumers' confused state of mind, and thus were not hearsay).

**The FedEx Demand to GoDaddy on April 25, 2007 (JTX1233.002):** Here, AMPAS is not offering the April 25, 2007 email from FedEx to GoDaddy for the truth of the matter asserted, *i.e.*, that GoDaddy's "free parked page" *actually* does violate the ACPA.

Instead, AMPAS offers JTX 1233 to show that GoDaddy had notice, as early as April of 2007 that (1) other famous trademark owners viewed GoDaddy's Parked Pages as cybersquatting and trademark infringement, and (2) other famous trademark owners were demanding that GoDaddy cease the practice of providing pay-per-click advertising and GoDaddy's own advertising on parked pages.

**The internal discussions between GoDaddy's employees (JTX1233.001):** The internal discussions between GoDaddy employees Pam Bunn and Camille Ede

1  are clearly party admissions and not hearsay under FRE 801(d)(2). In these
2  discussions, Pam Bunn admits to Camille Ede that FedEx "wants us to cease the
3  practice of a parked page being used by our customers."

### C. JTX 1233 Is Relevant.

JTX 1233 is the first third party complaint that AMPAS has found where a famous trademark owner demanded that GoDaddy cease the entire practice of parking domains. This, of course, is highly relevant to rebutting GoDaddy's subjective good faith belief defense.

This is also relevant to rebutting Ms. Hanyen's extensive testimony from today about how GoDaddy thought that brand owners were satisfied with GoDaddy's practice of moving parked pages to a "no ad template" only upon receiving a trademark complaint from the brand owner.[2] As early as 2007, GoDaddy *knew* that certain brand owners were *not* satisfied with GoDaddy's practice—at least FedEx was demanding that GoDaddy cease the entire practice of monetizing parked pages. Hence, AMPAS maintains that JTX 1233 is highly relevant to the main issue in this case—whether GoDaddy had bad faith intent to profit and/or a reasonable good faith belief in the adequacy and legality of its "notice and take-down" procedure.

## II. JTX 1233 SHOULD NOT BE ADMITTED

AMPAS requests that the Court reverse its prior ruling and admit JTX 1233. GoDaddy submits that to do so at this stage of the trial now that all of its live fact witnesses have been excused would be unfairly prejudicial. Moreover, the testimony laying the foundation is not in the record meaning that AMPAS would need to call another witness to lay the foundation for the exhibit despite having already concluded its presentation of witness testimony. These facts, combined with fact that AMPAS' designation of the foundational testimony was untimely,

---

[2] Pam Bunn and Camille Ede worked in the same department as Jessica Hanyen. JTX 850.2 and 850.3 (GoDaddy's July 8, 2011 Supplemental Response to AMPAS's First Set of Interrogatories).

the statements from FedEx's counsel are inadmissible hearsay, and the evidence is needlessly cumulative with the other evidence and testimony already in the record warrants the denial of AMPAS' request.

### A. Admission of JTX 1233 at this Stage of Trial Is Unfairly Prejudicial

"The [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice . . . ." Fed. R. Evid. ("FRE"), Rule 403. Here, the admission of JTX 1233 now that GoDaddy's live witnesses have all been excused would result in unfair prejudice to GoDaddy.

GoDaddy relied upon the Court's prior ruling excluding this exhibit in the presentation of its live witnesses at trial, particularly that of Jessica Hanyen. While Ms. Hanyen testified at length about GoDaddy's trademark handling processes, including handling third party claims like the one referenced in JTX 1233, Ms. Hanyen did not testify with respect to GoDaddy's relationship with FedEx and the processing of its trademark claims for that particular brand owner. Instead, GoDaddy used JP Morgan Chase as an example.

AMPAS was well aware of the subject matter of the live testimony that would occur, especially given that it had previously deposed Ms. Hanyen and had designated some of her deposition testimony for trial before withdrawing it voluntarily. Had AMPAS wanted to revisit the admissibility of JTX 1233, it should have sought to do so either prior to Ms. Hanyen's testimony on direct or, at the very least, prior to completing its cross-examination in order to allow Ms. Hanyen (and GoDaddy) an opportunity to address this exhibit. For example, if GoDaddy had known that JTX 1233 was going to be an admitted into evidence, Ms. Hanyen would have testified about how FedEx was a participant in GoDaddy's VIP program (JTX 402.016), how GoDaddy had a long and cordial relationship with FedEx and its counsel, and how FedEx was satisfied with GoDaddy's notice and

1  take-down procedure for the removal of ads on parked pages. Instead, AMPAS
2  waited until after GoDaddy excused all of its live witnesses before bringing this
3  request. The admission of JTX 1233 after this delay would result in unfair
4  prejudice to GoDaddy.

### B. No Foundation Testimony Is In The Record

GoDaddy does not dispute the authenticity of JTX 1233. GoDaddy does dispute, however, AMPAS' claim that authenticity alone is sufficient to lay the foundation for purposes of admissibility. As Mr. Liang noted on the record, Ede Deposition Testimony page 145 line 13 through 147 line 9 constituted the foundational testimony needed for JTX 1233. *See* Trial Transcript at 178:7-14 ("[T]he testimony is to lay the foundation with respect to . . . Trial Exhibit 1233."). This testimony, however, was not presented during AMPAS' case because the Court sustained GoDaddy's objection. *See id.* at 183:10-13. As such, there is no testimony in the record that would provide the necessary foundation for this exhibit's admission. Given that AMPAS has already finished with providing testimony in this case (*see* Trial Transcript at 231:8-10), AMPAS has not, nor can it, lay the foundation for the admission of JTX 1233.

### C. Designation of Testimony Was Untimely

The deadline for the parties to exchange deposition designations was July 1, 2015. The deadline to exchange counter designations was July 10, 2015. The purpose of these deadlines is to prevent surprise and to allow sufficient time for the parties to prepare for trial. AMPAS did not designate the foundational testimony of Ms. Ede within the deadlines set by the parties or at any time before the commencement of trial. In fact, AMPAS admittedly did not provide notice of this testimony until 7:00 p.m. on the evening of August 4, 2015. *See* Trial Transcript at 178:8-9. As explained by GoDaddy in objecting to this evidence, this untimely disclosure is unfairly prejudicial.

////

### D. Statements By FedEx Counsel Are Inadmissible Hearsay

The Court previously questioned the admissibility of JTX 1233 on hearsay grounds. Because AMPAS seeks to prove the truth of the matter asserted, its request for reconsideration of the Court's prior ruling sustaining GoDaddy's objection should be denied.

Out of court statements offered for the truth of the matter asserted constitute inadmissible hearsay. *See* Fed. R. Evid. 801. An out-of-court statement is in fact hearsay when the inference the speaker wants the trier of fact to draw from the statement depends on its truth. *See Mahone v. Lehman*, 347 F.3d 1170, 1173-74 (9th Cir. 2003).

Here, AMPAS claims that it is not offering JTX 1233 to prove that FedEx complained to GoDaddy that its parked page program violated the ACPA. Rather, AMPAS contends that the purpose of JTX 1233 is to show notice of when GoDaddy first received a trademark claim related to its parked page programs. Aside from the fact that the parties have already agreed that GoDaddy first received a parked page trademark claim in January 2007 (*see* JTX 1252 and 3044), AMPAS made clear on the record that AMPAS is not seeking to introduce this exhibit to show that GoDaddy received notice of this trademark claim (a fact that GoDaddy does not deny). Rather, AMPAS seeks to introduce this exhibit to show GoDaddy's knowledge of this claim, which is based on the truth of the matter being asserted. *See* Trial Transcript at 182:12-19. As such, the Court should deny AMPAS' request to reconsider its prior ruling excluding JTX 1233.

### E. Evidence is Unnecessarily Cumulative

Contrary to AMPAS' contention, JTX 1233 does not identify the earliest trademark claim related to GoDaddy's parked page program. Rather, the parties have already stipulated to the facts contained in JTX 1252-1254, which were prepared by AMPAS, and JTX 3044-3046, which were prepared jointly, which shows various parked page trademark claims, the first of which is dated January 8,

2007. *See, e.g.*, JTX 1252 and 3044 (first entry in each). As such, JTX 1233 is not relevant to demonstrate the first claim GoDaddy received relating to a parked page trademark complaint and its introduction into the case is cumulative to the 20,000 other pages of third party claims in the record. *See* JTX 1243. For this further reason, the Court should deny AMPAS' claim. *See* FRE 403.

Nor should AMPAS be permitted to admit JTX 1233 to rebut the testimony of Ms. Hanyen as claimed. If AMPAS wanted to rebut the testimony of Ms. Hanyen with JTX 1233, it should have sought to use the exhibit in its cross-examination of Ms. Hanyen so that she could have an opportunity to address this document. AMPAS chose not to do that, instead, waiting until after GoDaddy excused all of its live witnesses before raising the issue with GoDaddy and the Court.

### F. Conclusion

In light of the foregoing, GoDaddy respectfully request that the Court deny AMPAS' request to reconsider the Court's prior ruling excluding JTX 1233 and the related foundational testimony of Ms. Ede.

Dated: August 7, 2015

By:_____
Enoch Liang

BOIES, SCHILLER & FLEXNER LLP
Stuart Singer (*pro hac vice*)
ssinger@bsfllp.com
David Nelson (*pro hac vice*)
dnelson@bsfllp.com
401 East Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
David Michaels (SBN 276100)
dmichaels@bsfllp.com
225 Santa Monica Blvd., 11th Fl.
Santa Monica, CA 90401
Tel: 310-393-9119

Fax: 310-395-5877

FOOTE, MEYERS, CHAVEZ, & O'NEIL LLC
Robert M. Foote (*pro hac vice*)
rmf@fmcolaw.com
Matthew Herman (*pro hac vice*)
mjh@fmcolaw.com
10 West State Street, Suite 200
Geneva, IL 60134
Tel: 630-232-7450
Fax: 630-232-7452

LEE, TRAN & LIANG APLC
James M. Lee (SBN 192301)
jml@ltlcounsel.com
Enoch H. Liang (SBN 212324)
ehl@ltlcounsel.com
601 South Figueroa Street, Suite 4025
Los Angeles, CA 90017
Tel: 213-612-3737
Fax: 213-612-3773

*Attorneys for Plaintiff*

Dated: August 7, 2015

*/s/ Robert M. Galvin*
Robert M. Galvin (CA Bar No. 171508)
Robert.Galvin@wilmerhale.com
Jimmy Doan (CA Bar No. 271448)
Jimmy.Doan@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Tel:  (650) 858-6000
Fax:  (650) 858-6100

William F. Lee (admitted *pro hac vice*)
William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000

1  Aaron M. McKown (CA Bar No. 208781)
   AMcKown@ringbenderlaw.com
2  Paula Zecchini (CA Bar No. 238731)
   PZecchini@ringbenderlaw.com
3  RING BENDER LLLP
   2 Park Plaza, Suite 550
4  Irvine, California  92612
   Tel:  (949) 202-5818
5  Fax:  (949) 679-7939

6  *Attorneys for Defendant*
   *GoDaddy.com, LLC*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28