**WILMER CUTLER PICKERING HALE AND DORR LLP**
Robert Galvin, California Bar No. 171508
Jimmy Doan, California Bar No. 271448
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6017
E-mail: robert.galvin@wilmerhale.com
jimmy.doan@wilmerhale.com

**RING BENDER LLLP**
Aaron M. McKown, California Bar No. 208781
Paula L. Zecchini, California Bar No. 238731
2 Park Plaza, Suite 550
Irvine, California 92614
Telephone: (949) 202-5810
E-Mail: amckown@ringbenderlaw.com
pzecchini@ringbenderlaw.com

Attorneys for Defendant
GODADDY.COM, LLC (f/k/a GoDaddy.com, Inc.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, INC., a Delaware corporation; THE GODADDY GROUP INC., a Delaware corporation; DOMAINS BY PROXY, INC., a Delaware Corporation; GREENDOMAINMARKET.COM, an unknown entity; BDS, an unknown entity; and XPDREAMTEAM LLC, a California limited liability corporation,<br><br>Defendants. | Case No. CV10-3738 AB (CWx)<br>[consolidated with Case No. CV13-08458-ABC (CW)<br><br>Assigned to Hon. André Birotte Jr.<br><br>**DEFENDANT GODADDY.COM, LLC'S REPLY IN SUPPORT OF AMENDED APPLICATION TO CLERK TO TAX CERTAIN COSTS**<br><br>Date: October 30, 2015<br>Time: 10:00 am<br><br>Judgment Entered: September 30, 2015<br><br>Complaint Filed: May 18, 2010<br>Trial Date: August 4, 2015 |

## Table of Contents

I. INTRODUCTION ...................................................................................................3

II. RESPONSE TO AMPAS' OBJECTIONS .......................................................3

    A. Clerk's Fees ...............................................................................................4

    B. Fees for Service of Process .......................................................................5

    C. Reporter's Transcripts ...............................................................................6

        1. Pretrial Transcripts ..........................................................................6

        2. Trial Transcripts ..............................................................................7

    D. Depositions ................................................................................................7

        1. E-Transcripts, CD, Real-Time, Exhibits ........................................7

        2. Expedited Transcripts .....................................................................8

        3. Videographer Fees ........................................................................10

        4. Expert Fees and Costs ..................................................................10

    E. Witness Fees ............................................................................................11

    F. Reproduction of Documents ....................................................................11

    G. Other Costs ..............................................................................................13

III. CONCLUSION ..................................................................................................15

## Table of Legal Authorities

**Cases**

*Acad. of Motion Picture Arts & Sciences v. GoDaddy.com, Inc.*, No. CV 10-03738 AB (CWX), 2015 WL 5311085 (C.D. Cal. 2015) ............................................... 6, 12

*All Cities Realty, Inc. v. CF Real Estate Loans, Inc.*, No. SA CV 05-615 AHS, 2008 WL 10594412, at *4 (C.D. Cal. Mar. 14, 2008) ...................................................... 10

*Banga v. First USA, NA*, No. C 10-0975 SBA, 2011 WL 941167, at *3 (N.D. Cal. 2011) .................................................................................................................. 4

*Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1049 (C.D. Cal. 2014) ............... 5

*In re Hurtado*, No. 09-16160-A-13, 2015 WL 6164063, at *5 (Bankr. E.D. Cal. 2015). ............................................................................................................... 12

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 926 (9th Cir. 2015) 2, 11, 13

*Jardin v. DATAllegro, Inc.*, No. 08-CV-1462-IEG WVG, 2011 WL 4835742, at *9 (S.D. Cal. 2011) .................................................................................................. 4

*Kalai v. Hawaii, Dep't of Human Servs. Hawaii Pub. Hous. Auth.*, No. CIV.06-00433JMSLEK, 2009 WL 2224428, at *11 (D. Haw. July 23, 2009) ................. 7, 9

*League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, No. S-08-2828 LKK/GGH, 2009 WL 3048739, at *1 n.2 (E.D. Cal. Sept. 18, 2009) ..................... 6

*Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA LB, 2012 WL 6761576, at *6 (N.D. Cal. 2012) .................................................................................................. 7

*Saba v. Unisys Corp.*, No. 14-CV-01310-WHO, 2015 WL 5357577, at *2 (N.D. Cal. 2015) .................................................................................................................. 4

*Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003) .............. 2, 4

*U.S. ex rel. Woodruff v. Hawaii Pac. Health*, No. CIV.05-00521 JMS-LEK, 2008 WL 5115051, at *7 (D. Haw. Dec. 5, 2008) ......................................................... 3

*United Nat. Maint., Inc. v. San Diego Convention Ctr. Corp.*, No. 07CV2172 AJB-JMA, 2013 WL 30566, at *3 (S.D. Cal. 2013) ....................................................... 5

**Statutes**

28 U.S.C. § 1920 .................................................................................................... 5

28 U.S.C. § 1920 (4) ............................................................................................ 13

**Rules**

Rule 26(b)(4)(E) .................................................................................................... 9

## I. INTRODUCTION

Defendant GoDaddy.com, LLC ("GoDaddy") submits this reply in support of its Amended Application to Tax Costs (the "Application") as the prevailing party pursuant to the ruling issued by this Court on September 10, 2015. After years of litigation involving extensive discovery, highly technical digital processes, and novel legal concepts, GoDaddy demonstrated that it did not act in "bad faith" as defined by the Anticybersquatting Consumer Protection Act in administering its Parked Page programs. Following trial, GoDaddy submitted its Application seeking $137,893.37 in costs. In light of the magnitude and complexity of this litigation, the sums requested by GoDaddy are fair and reasonable. Accordingly, GoDaddy respectfully requests that the Court grant its Application subject to limited cost modifications as described below.

## II. RESPONSE TO AMPAS' OBJECTIONS

As a general rule, costs and fees should be awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 926 (9th Cir. 2015). Because Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to prevailing parties, it is incumbent on the Academy of Motion Picture Arts and Sciences ("AMPAS") to demonstrate why costs should not be awarded. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). AMPAS has not met its burden.

While AMPAS has identified some minor instances where additional supporting documentation is needed, its attempt to strike all but $33,546.06 of GoDaddy's taxable costs is unfounded. Indeed, in most instances AMPAS does not challenge the nature of GoDaddy's cost items. Rather, AMPAS challenges the sufficiency of the supporting documents GoDaddy provided in support of its Application. Where this is the case, the party taxing costs may submit a

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

supplemental declaration. *See U.S. ex rel. Woodruff v. Hawaii Pac. Health*, No. CIV.05-00521 JMS-LEK, 2008 WL 5115051, at *7 (D. Haw. Dec. 5, 2008) [citations omitted] (noting that party taxing costs may submit a supplemental declaration to clarify costs). Here, in response to the objections and information requests by AMPAS, GoDaddy has revised its bill of costs, where appropriate, as described below. *See* Supplemental Declaration of Aaron M. McKown ("Supp. McKown Decl.") at ¶ 3, Exh. AA. Even so, the vast majority of GoDaddy's asserted costs are taxable as submitted to the Court. In total, GoDaddy now seeks to recover $137,893.37.

### A. Clerk's Fees

Local Rule 54.3.1 provides that GoDaddy may tax costs for filing fees paid to the Clerk. In challenging GoDaddy's fee request, AMPAS correctly notes that GoDaddy's costs appear to relate to printing and delivery of courtesy copies. Nevertheless, AMPAS' request to strike the entirety of the $3,528.79 is unavailing. The costs in question relate to Chambers Copies delivered to the Court. *See* Supp. McKown Decl. at ¶ 4, Exh. BB. Such costs are compensable under Local Rule 54-3.10 as reproduction costs and GoDaddy has updated its bill of costs accordingly. *See* L.R. 54-3.10 (providing that reproduction of documents includes the cost of Mandatory Chambers Copies). In response to AMPAS' request, GoDaddy has provided a higher quality exhibit to ensure that all costs can be confirmed.

GoDaddy also requests that the Court tax costs for expediting Mandatory Chambers Copies to the Court. While courier fees generally are not taxable, such costs are appropriate here because under the local rules, "a copy of every electronically filed document must be delivered to chambers of the assigned judge, or other designated location, no later than 12:00 noon on the following business day." *See* L.R. 5-4.5. Thus, expedited delivery is part and parcel to the act of providing Mandatory Chambers Copies. Here, GoDaddy delivered expedited Mandatory Chambers Copies on numerous occasions as set forth in the Supp.

McKown Supp. Decl. at ¶ 4, Exh. BB. Taxable costs in this category total $792.95.

### B. Fees for Service of Process

Under Local Rule 54-4.2 fees for service of process by the United States Marshal and private parties are taxable. Notwithstanding AMPAS' objections, the service of process fees requested by GoDaddy are taxable in full.

AMPAS first objects to GoDaddy's request for $1,484.25 for surveillance conducted, of which $379.43 involved failed attempts. Nevertheless, California federal courts routinely allow such costs recognizing that successfully serving a subpoena may require multiple attempts at multiple locations as a matter of course. *See Jardin v. DATAllegro, Inc.*, No. 08-CV-1462-IEG WVG, 2011 WL 4835742, at *9 (S.D. Cal. 2011) (applying local rules similar to L.R. 54-3.2); *see also Banga v. First USA, NA*, No. C 10-0975 SBA, 2011 WL 941167, at *3 (N.D. Cal. 2011) (applying local rules similar to L.R. 54-3.2). AMPAS' objections are thus without merit.

AMPAS also requests that GoDaddy's service fees be rejected in their entirety because the subpoenas were served using expedited services and the corresponding invoices do not differentiate between standard rates and expedited rates. Objections at 4:1-15. While there is legal authority indicating that expedited services are generally not taxable, *Saba v. Unisys Corp.*, No. 14-CV-01310-WHO, 2015 WL 5357577, at *2 (N.D. Cal. 2015), AMPAS' request is unduly severe. *See Save Our* Valley, 335 F.3d at 944-45 (recognizing presumption in favor of awarding costs to prevailing parties). GoDaddy in good faith presented the invoices in its bill of costs in the manner in which they were received. Supp. McKown Decl. at ¶ 5. Following AMPAS' Objection to GoDaddy's Application, GoDaddy obtained further clarification of charges from the process server for all but two of the invoices. *See id*. In accordance with the itemized costs recently provided, GoDaddy has reduced its total to $1,079.50. *See id* at Exh. CC.

As to the two outstanding invoices, they relate to GoDaddy's attempt to serve

5

Mikel Gordon. *See* Supp. McKown Decl. at ¶ 5, Exh. CC. Ms. Gordon was evading service and although AMPAS ultimately represented her, it refused to accept service on her behalf. *See id.* Accordingly, all costs relating to serving Ms. Gordon were required and necessary. GoDaddy properly taxed $1,484.25 to serve Ms. Gordon. *See id.* at Exh. CC.

### C. Reporter's Transcripts

AMPAS seeks to strike $5,568.94 in costs for reporter's transcripts contending that GoDaddy's request conflicts with local rules. Objections at 4:21-215. Local Rule 54-3.4 provides that transcripts are recoverable if requested by the Court or prepared pursuant to stipulation. But courts may overlook the local rule where the asserted costs may be otherwise taxable under 28 U.S.C. § 1920. *United Nat. Maint., Inc. v. San Diego Convention Ctr. Corp.*, No. 07CV2172 AJB-JMA, 2013 WL 30566, at *3 (S.D. Cal. 2013). For example, reporter's transcripts are taxable where the case is complex and the transcripts proved to be invaluable to both the counsel and the Court. *See id.*; *see also Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1049 (C.D. Cal. 2014).

#### 1. Pretrial Transcripts

In the present case, GoDaddy ordered transcripts in connection with significant pre-trial motions and rulings necessary for understanding the issues and next actions in the case. *See* Supp. McKown Decl. at ¶ 6. For example, GoDaddy requested transcripts related to the hearing on August 2, 2011 involving a motion to compel and use of keywords. *See id.* at Exh. DD. These transcripts were necessary because the issues in the hearing were foundational to electronic discovery issues between the parties; such issues persisted through the litigation. *See id.* As to the remaining pre-trial taxable costs, GoDaddy has created a chart correlating each transcript line item to its significance in assisting GoDaddy and the Court apprehend the issues in this case. *See id.* at Exh. DD. Further, both GoDaddy and AMPAS procured expedited transcripts in the same manner. As such, the parties de facto

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

stipulated by course of conduct to incur costs to obtain hearing transcripts. *See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, No. S-08-2828 LKK/GGH, 2009 WL 3048739, at *1 n.2 (E.D. Cal. Sept. 18, 2009) (recognizing concept of de facto stipulation). Based on GoDaddy's amended calculations, $1,463.82 is proper for pre-trial transcript costs.

### 2. Trial Transcripts

With respect to the transcripts during trial, totaling $4,023.63, these costs are unquestionably taxable. As an initial matter, both AMPAS and GoDaddy purchased daily transcription services. *See* Supp. McKown Decl. at ¶ 6, Exh. DD, p. 12 (see email from CM Jui, July 17, 2015). Thus, both parties de facto stipulated to incur such costs. *See League to Save Lake Tahoe*, 2009 WL 3048739, at *1 n.2. Further, daily trial transcripts were invaluable to GoDaddy and the Court. *See* Supp. McKown Decl. ¶ 6. As AMPAS and this Court are aware, the Court ruled on numerous evidentiary motions during the course of trial involving exhibits and deposition testimony. *See id.* Without trial transcripts, neither the Court, nor AMPAS, nor GoDaddy could have tracked and addressed the multitude of items in dispute. *See generally Acad. of Motion Picture Arts & Sciences v. GoDaddy.com, Inc.*, No. CV 10-03738 AB (CWX), 2015 WL 5311085 (C.D. Cal. 2015). Certainly, neither party could have made their arguments regarding the admissibility of the documents and evidence in dispute without trial transcripts. *See id.*

### D. Depositions

### 1. E-Transcripts, CD, Real-Time, Exhibits

Under Local Rule 54-3.5, AMPAS seeks to reduce GoDaddy invoices by $1,723.10 to eliminate non-taxable fees for e-transcripts, CD's, Real-Time, and exhibits. GoDaddy concurs with AMPAS' reduction as to those invoices. *See* Objections at 5:11-19.

However, AMPAS goes a step further in seeking to strike the entire balance of GoDaddy's remaining costs because those invoices do not itemize between

taxable costs and the non-taxable costs referenced above: "Unless and until GoDaddy can produce itemized invoices showing that the total on each invoice consists only of taxable costs, these costs – in the amount of $40,252.03 – should be stricken." *Id.* at 5:27-6:13. The invoices that GoDaddy presented with its bill of costs were submitted in good faith in their original form. Nevertheless, in light of AMPAS' request that GoDaddy provide more information, GoDaddy promptly obtained the itemized costs for the deposition transcripts from its service providers. *See* Supp. McKown Decl. at ¶ 7. Based on the itemized transcripts, the correct balance of taxable costs, excluding e-Transcripts, CD's, Real-Time, and exhibits, is $60,420.46. *See* Supp. McKown Decl. at ¶ 7, Exh. EE. GoDaddy respectfully requests that the Court award its costs accordingly.

### 2. Expedited Transcripts

AMPAS next objects to two expedited deposition transcripts under Local Rule 54-3.5 arguing that the costs should be stricken because there are no means of identifying the base cost versus the expedited cost. *See* Objections at 6:15-21.

Although as a general rule, expedited transcripts are not taxable, they may be taxable where the transcript is necessary for questioning in other depositions or otherwise necessary to the action. *See Kalai v. Hawaii, Dep't of Human Servs. Hawaii Pub. Hous. Auth.*, No. CIV.06-00433JMSLEK, 2009 WL 2224428, at *11 (D. Haw. July 23, 2009); *see Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA LB, 2012 WL 6761576, at *6 (N.D. Cal. 2012). Here, GoDaddy expedited the deposition transcripts of James Pampinella and Scott Miller.

Mr. Pampinella served as an expert (and trial) witness for GoDaddy on numerous issues relating to AMPAS' purported damages, including lost profits, GoDaddy's alleged profits, and royalties. *See* Supp. McKown Decl. at ¶ 8. It was urgent for GoDaddy and its counsel to immediately receive Mr. Pampinella's transcript because his deposition immediately preceded the depositions of AMPAS' experts who were testifying on the same subject matter. *See id*. Mr. Pampinella was

deposed on February 19, 2013. AMPAS' counter expert on damages, Charles R. Mahla, Ph.D., was deposed days later on February 26, 2013. *See id*. Another AMPAS expert, Greg Lastowka, whose testimony also related to the subject matter of Mr. Pampinella's deposition, was deposed on March 1, 2013. *See id*. It was critical for GoDaddy to have access to Mr. Pampinella's deposition transcript prior to the AMPAS depositions, particularly Mr. Mahla, to properly prepare and focus its questions.

In addition, Mr. Pampinella's deposition preceded a Motion for Summary Judgment filed by GoDaddy on March 14, 2013, less than a month after he testified. *See id.*; *see also* GoDaddy's Mem. Supp. Mot. Summ. J., March 14, 2013. Among GoDaddy's arguments was that AMPAS suffered no economic harm as a result of GoDaddy's Parked Page programs, a topic relevant to Mr. Pampinella's expertise. *See* GoDaddy's Mem. Supp. Mot. Summ. J., March 14, 2013 at 8, 27. Applying the above, GoDaddy was amply justified in expediting Mr. Pampinella's deposition transcripts. The amount shown on the invoice, $1,676.26, is proper. *See* McKown Decl. at ¶ 9, Exh. EE, at 37.

GoDaddy was also justified in obtaining expedited transcripts for the deposition of Mr. Miller, who, as a designated Rule 30(b)(6) witness of AMPAS, was deposed on November 27, 2011. *See* Supp. McKown Decl. at ¶ 9. One of the topics covered in his deposition was AMPAS' marketing and media strategy involving the use of Google's "AdWords" platform. *See* id. at ¶ 9, Exh. FF, Miller Dep. at 267-72. Just two weeks later, GoDaddy deposed Greg Gangi, general counsel for Omnicom Media Group, who served as AMPAS' media planning consultant. *See id*., Gangi Dep. at 11-20. The scope of Mr. Gangi's deposition included a discussion of AMPAS' use of Google's AdWords. *Id*. On January 10, 2012, GoDaddy deposed Susie Vye, a former employee of Omnicron who worked intimately with the AMPAS account. *See id*., Vye Dep. at 57-61. The scope of Ms. Vye's testimony likewise included AMPAS' media strategy and its use of Google's

AdWords. *Id*. Among other things, the deponents' admission of AMPAS' use of Google AdWords was relevant to GoDaddy's lack of bad faith intent defense, a critical issue in the case. GoDaddy was thus justified in expediting Mr. Miller's deposition in preparation of Mr. Gangi's and Ms. Vye's depositions. *See Kalai.*, 2009 WL 2224428, at *11, *see Plantronics,* 2012 WL 6761576 at *6. Accordingly, GoDaddy properly taxed $2,646.10 for Mr. Miller's deposition transcripts.[1]

### 3. Videographer Fees

AMPAS challenges $1,065.65 purportedly for the cost of a videographer at the deposition of C. Gangi on December 14, 2012. Objections at 6:23-25. AMPAS' objection appears to be based on a misreading of the invoice. Pursuant to the invoice, the total cost of the deposition was $1,533.78 including $468.13 for video recording. Nonetheless, the amount taxed by GoDaddy, $1,065.65, excludes the cost of video recording. As such, the amount requested is recoverable in full. *See* Supp. McKown Decl. at ¶ 10, Exh. EE at 4, 34.

### 4. Expert Fees and Costs

AMPAS objects to certain costs for expert fees and related costs in relation to experts Brian Dragun and Carol Scott. While AMPAS concedes that Rule 26(b)(4)(E) requires the party seeking discovery to pay the expert a reasonable fee for time spent responding to discovery, it argues that travel costs in the amount of $1,013 for Mr. Dragun and/or Ms. Scott are improper because they are not associated with time spent in discovery. Objections at 7:10-15. AMPAS challenges

---

[1] Even if the Court determines that expedited service for these two deposition transcripts were not justified, AMPAS concedes that the deposition transcripts – at minimum – are taxable at the non-expedited rate. While the invoices that GoDaddy received from its service provider did not originally differentiate between expedited and non-expedited charges, GoDaddy has obtained the non-expedited, itemized transcription cost in response to AMPAS' objections. The non-expedited costs for Mr. Pampinella's and Mr. Millers deposition transcripts are $504.75 and $1,195.60, respectively. *See* Supp. McKown Decl.. at ¶ 8, Exh. EE at 4, 5, 33, 37.

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

no other specific cost.

As has been recognized in the Central District, travel expenses for experts are taxable, particularly where there is a lack of local experts on a given topic. *All Cities Realty, Inc. v. CF Real Estate Loans, Inc.*, No. SA CV 05-615 AHS, 2008 WL 10594412, at *4 (C.D. Cal. Mar. 14, 2008). Here, as the Court is aware, the trial between AMPAS and GoDaddy raised significant technical issues involving trademark infringement and cybersquatting. Ms. Scott and Mr. Dragun are from the consulting firm Crossfield Associates and provided expert services in the area of "likelihood of customer confusion" – an element of trademark and cybersquatting matters. *See* Supp. McKown Decl. at ¶ 11. This is a specialized, developing area of law in the trademark and cybersquatting context and was a key issue this case at the summary judgment phase. Ms. Scott was a uniquely qualified witness with thirty years of experience teaching, publishing, and consulting in the field of marketing and consumer behavior. *Id.* Mr. Dragun likewise has twenty years of experience as a consultant in intellectual property matters, including infringement claims. *See id.* Because Crossfield Associates is located in Burlingame, California, they incurred $1,113 in travel costs to attend a deposition in Los Angeles in February 2013, which was agreed to by the parties in order to reduce the cost of counsel having to travel to Northern California. *See* id. This amount is taxable given their specialized expertise, the importance of the "customer confusion" issue to the case, and the agreement of counsel.

### E.   Witness Fees

AMPAS objects to certain witness fees GoDaddy taxed. Upon review of the invoices cited by AMPAS, GoDaddy concurs with AMPAS's suggested reduction of $2,838.40 based on statutory limits on witness fees. Accordingly, GoDaddy's taxable costs for these items has been adjusted to $6,776.35. *See* McKown Decl. at ¶ 12, Exh. GG.

### F.   Reproduction of Documents

AMPAS challenges GoDaddy's submitted costs for reproduction of documents arguing that GoDaddy failed to indicate the basis for certain charges. *See* Objections at 9:16-10:5. AMPAS claims that none of the $21,647.73 taxed by GoDaddy complies with local rules. Nevertheless, GoDaddy's charges are taxable as described below.

As an initial matter, the costs associated with the reproduction for Chambers Copies delivered to the Court are compensable under Local Rule 54-3.10 in the amount of $3,528.79. *See* L.R. 54-3.10 (providing that reproduction of documents includes the cost of Mandatory Chambers Copies). GoDaddy has updated its bill of costs to properly reflect this amount.

Second, although AMPAS broadly claims that none of GoDaddy's reproduction costs are taxable primarily due to lack of specificity, at least $2,833.25 in copying costs described in detail in GoDaddy's summary sheet. *See* Supp. McKown Decl. at ¶ 13, Exh. HH (see entries from 3/7/2013 to 7/31/2015). To the extent that AMPAS had difficulty reviewing those charges, an improved invoice copy has been provided. *See* Supp. McKown Decl. at ¶ 13, Exh. HH.

Third, to succeed in taxing costs for copies, GoDaddy only needs to illustrate the purpose of the charge and the dates copies were made. *In re Online DVD*, 779 F.3d 914. AMPAS asserts that GoDaddy provided "no helpful information" from which AMPAS could discern what documents were reproduced and why. Objection at 10:1-5. Nevertheless, the invoices were not the only information supporting GoDaddy's bill of costs. GoDaddy also submitted a declaration attesting to the fact that invoices were redacted to eliminate charges for which costs are not recoverable. *See* Declaration of Aaron M. Mckown in Support of Defendant GoDaddy.com, LLC's Amended Bill of Costs at 5-6. Here, the taxed costs relate to pleadings, discovery motions, document production, depositions, and trial motions in conformance with local rules. *See* L.R. 53-3.10. For clarity, GoDaddy has supplemented its reproduction chart to identify the specific legal tasks correlating to

its taxed reproduction costs. *See* Supp. McKown Decl. at ¶ 13, Exh. HH. GoDaddy's revised total in this category is $25,176.52

### G. Other Costs

AMPAS seeks to strike GoDaddy's "other costs" in the amount of $36,675.89 in its entirety. The costs under this category are taxable either as trial exhibits or as costs necessarily incurred through electronic discovery.

Under Local Rule 54-3.12, GoDaddy may tax costs for summaries, charts, models, and other visual aids necessary to assist the Court in understanding the issues at trial. GoDaddy may recover these costs so long as the charges relate to the physical preparation of the exhibits. *See In re Online DVD*, 779 F. 3d at 932. Indeed, courts construe taxation of exemplification costs broadly in favor of the applicant. *In re Hurtado*, No. 09-16160-A-13, 2015 WL 6164063, at *5 (Bankr. E.D. Cal. 2015).

AMPAS contends that unless GoDaddy can produce legible documents in support of certain costs, those costs cannot be taxed. Objections at 10:10-15. In response, to the extent that some of GoDaddy's invoices were not produced in legible form, GoDaddy has supplemented its invoices for review. *See* Supp. McKown Decl. at ¶ 14, Exh. II.

While AMPAS contends that GoDaddy set forth no evidence that exemplifications assisted the Court at trial, this is not so. This was a complex case involving novel legal questions, electronic business ("e-business") practices, and highly technical information-transmission processes used by GoDaddy. GoDaddy's use of graphics was critical in assisting the Court in digesting the issues. *See* Supp. McKown Decl. at ¶ 14. For example, during the testimony of Paul Nicks, GoDaddy extensively relied on demonstratives to show the complexities of the evolution of the various filtering programs GoDaddy implemented in attempt to screen out potentially infringing domain names. *See id*. Mr. Nicks' testimony in turn was relevant to the Court's analysis of GoDaddy's alleged bad faith intent, a dispositive

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

issue in the case. *See eg. Acad. of Motion Picture Arts & Sciences*, 2015 WL 5311085, at *2, 92-94. GoDaddy used similar demonstratives to assist the Court throughout trial, including in its opening statement, for all live witnesses, and in closing. GoDaddy's request for $10,677.66 for exhibits involving its extensive uses of exemplifications throughout trial is proper.

AMPAS also attacks GoDaddy's taxation of various costs associated with electronic discovery in the amount of $9,737.23. GoDaddy's costs are recoverable because it seeks only the amounts associated with electronic duplication, not the intellectual effort involved in the production such as searching or analyzing documents. *See In re Online DVD*, 779 F. 3d at 927. As AMPAS notes, much of these costs relate to conversion of native/Tiff and Tiff/OCR processing and therefore are recoverable. *See id.* at 927-33. Such costs are taxable so long as they relate to documents produced during discovery. *Id*. Here, based on GoDaddy's records correlating taxed costs to discovery submissions during the course of litigation, the Tiff/OCR costs incurred by GoDaddy related to document productions. *See* Supp. McKown Decl. at ¶ 14. These costs are thus taxable as "other costs" under Local Rule 54.3.12 or as "reproduction costs" under Local Rule 54.3.10.

AMPAS also challenges GoDaddy's costs for forensic investigation totaling $3,804.00. But AMPAS ignores the fact that these costs were only incurred because AMPAS produced documents in a form that GoDaddy could not access. *See* Supp. McKown Decl. at ¶ 14. Under the prevailing rule, a party may be taxed costs when it specifies the particular format within which the opposing party must produce documents. *See In re Online DVD*, 779 F.3d 914 at 925, 927-33. In the present case, AMPAS' failure to produce documents in a readable format forced GoDaddy to "produce" AMPAS' documents back unto itself. *See* Supp. McKown Decl. at ¶ 14. Accordingly, GoDaddy, is entitled to its costs production costs under 28 U.S.C. § 1920 (4).

RING BENDER LLLP
2 Park Plaza, Suite 550
Irvine, California 92614

### III. CONCLUSION

For the foregoing reasons, the Court should grant GoDaddy's Application to Tax Costs as modified in the attached Bill of Costs.

Dated: October 27, 2015

**RING BENDER LLLP**
Aaron M. McKown
Paula L. Zecchini

By: /s/ Aaron M. McKown
     Aaron M. McKown
Attorneys for Defendant
GODADDY.COM, LLC